# In the United States Court of Federal Claims

Case No. 03-1274C
(Filed: October 1, 2003)

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC., *Plaintiff,* | * |
| v. | * |
| THE UNITED STATES OF AMERICA, *Defendant.* | * |

## ORDER

The Court held a Preliminary Status Conference in this matter on September 30, 2003, to address a number of issues raised by the parties.

First, the Court inquired into the parties' compliance with ADR procedures. The parties indicate that they have discussed settlement of Count III of Plaintiff's Complaint. However, they have not coordinated these efforts with Judge Hodges, to whom this matter has been contemporaneously assigned under the ADR pilot program. The Court recommends the parties continue settlement discussions concerning one or more of the claims in this case. In the interim, however, the parties are directed to file forthwith a Joint Motion to Proceed. *See* Special Procedures Order (August 22, 2003) at ¶ 5.

Second, the Court addressed Defendant's pending procedural motions of September 8, 2003: Motion for Leave to Exceed Page Limitations for the Appendix to the Joint Preliminary Status Report (JPSR); Motion to file the Appendix to the JPSR Under Seal; and Motion for Protective Order. **The Motion to Exceed Page Limitations is hereby GRANTED. The Motion to File Under Seal is also GRANTED.** Future

filings will comply with the Protective Order. Accordingly, Defendant's **Motion for Protective Order is also GRANTED, although the Court declines to use the draft forwarded by Defendant.** The Court has filed contemporaneously with this Order a Provisional Protective Order that will apply to further proceedings, unless or until the parties propose amendments thereto. **The parties may submit proposed changes to the Provisional Protective Order no later than October 22, 2003.**

On a final note concerning protected information, the parties must justify the need for certain information to remain confidential. While information on trade secrets is presumptively protected material, the parties shall make a showing as to other information it believes requires protection.

The JPSR itself has not been filed with the Clerk's Office, despite the courtesy copy that was transmitted via facsimile to chambers. The parties are directed to file the document electronically forthwith. All further pleadings will be filed electronically unless they contain protected information. A courtesy copy of all electronic filings shall be sent to the Chambers. The parties may also specifically request relief from the requirement to file electronically for unusually large filings. The parties shall file one hard copy only of voluminous appendices.

Because this case purportedly contests the procurement of services from a third party, the Court inquired whether that contractor had knowledge of this case and whether it had expressed a desire to intervene. The Defendant indicated that the contractor, TRW, was aware of the proceedings and had not as of yet indicated that it would move to intervene in this matter.

The Court next addressed discovery. Because of the unique posture of this case – and the questions surrounding its bid protest status – it is difficult at this preliminary juncture to predict whether discovery, or the filing of an administrative record, will be required. Therefore, the parties are encouraged to conduct informal discovery – counsel will review and exchange documents, including those documents discussed at the status conference, for the time being. By October 22, 2003, the parties will have arrived at a consensus on documents that should supplement the

JPSR appendix. **Defendant shall also file an Answer in this matter no later than October 22, 2003.**

Defendant filed a Motion to Dismiss on July 23, 2003. We stayed the case prior to the response by the Plaintiff. Defendant requested the opportunity to file a renewed motion to dismiss and, in the alternative, a motion for summary judgment. **Accordingly, Defendant's July 23, 2003, motion to dismiss is DENIED without prejudice. We hereby lift the stay and grant leave to file the renewed motion. The Defendant shall file its motion no later than November 14, 2003. By December 12, 2003, Plaintiff shall file its opposition** to the motion or, to the extent it cannot respond due to lack of a factual record, Plaintiff may file a motion justifying its need for further discovery. **The Government shall reply as appropriate by December 31, 2003.**

IT IS SO ORDERED.

s/ Judge Lawrence M. Baskir
Judge Lawrence M. Baskir