IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CW GOVERNMENT TRAVEL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-1274 |
| | ) | (Judge Baskir) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

UNNUMBERED PARAGRAPHS

I. Admits the allegations contained in the first and second sentences of the first unnumbered paragraph. The allegations contained in the third sentence of the first unnumbered paragraph constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required. Admits the allegations contained in the fourth sentence of the first unnumbered paragraph. Admits the allegations contained in the fifth sentence of the first unnumbered paragraph except that the characterization of the quantity of to-be-transferred travel requirements as "substantial" is denied. The allegations contained in the sixth sentence of the first unnumbered paragraph constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required.

II. Admits the allegations contained in the first sentence of the second unnumbered paragraph. Denies the allegations contained in the second sentence of the second unnumbered paragraph. Admits the allegations contained in the third sentence of the second unnumbered paragraph concerning the applicability of the CUI to TDY travel; denies the remainder of the

allegations contained in the third sentence of the second unnumbered paragraph. Admits the allegations contained in the fourth sentence of the second unnumbered paragraph.

III. Admits the allegations contained in the first sentence of the third unnumbered paragraph to the extent it identifies the obligation of TRW to provide CTO services within the DTR6 region; denies the remainder of the allegations contained in the first sentence of the third unnumbered paragraph. Admits the allegations contained in the second sentence of the third unnumbered paragraph. Admits the allegations contained in the third sentence of the third unnumbered paragraph to the extent they contend the CUI software would eliminate many CTO functions and enable other functions to be performed centrally; denies the remainder of the allegations contained in the third sentence of the third unnumbered paragraph. Admits the allegations contained in the fourth sentence of the third unnumbered paragraph. Admits the allegations contained in the fifth sentence of the third unnumbered paragraph to the extent they contend that DTS was scheduled to be implemented initially in the DTR6 region; denies the remainder of the allegations contained in the fifth sentence of the third unnumbered paragraph. Admits the allegations contained in the sixth sentence of the third unnumbered paragraph. Admits the allegations contained in the seventh sentence of the third unnumbered paragraph to the extent they identify DoD's objective to replace travel service contracts with DTS contracts in conjunction with the development of the CUI; denies the remainder of the allegations contained in the seventh sentence of the third unnumbered paragraph. Denies the allegations contained in the eighth sentence of the third unnumbered paragraph.

IV. Admits the allegations contained in the first sentence of the fourth unnumbered paragraph. Admits the allegations contained in the second sentence of the fourth unnumbered

paragraph to the extent they identify extensive delay and technical difficulties with respect to the development of the CUI; denies the remainder of the allegations contained in the second sentence of the fourth unnumbered paragraph. Denies the allegations contained in the third sentence of the fourth unnumbered paragraph. Admits the allegations contained in the fourth sentence of the fourth unnumbered paragraph to the extent they document problems with the CUI; denies the remainder of the allegations contained in the fourth sentence of the fourth unnumbered paragraph. Denies the allegations contained in the fifth and sixth sentences of the fourth unnumbered paragraph.

V. Denies the allegations contained in the first, second, third, fourth, fifth and sixth sentences of the fifth unnumbered paragraph. Admits the allegations contained in the seventh sentence of the fifth unnumbered paragraph to the extent they identify the need to have access to a computer to utilize the CUI; denies the remainder of the allegations contained in the seventh sentence of the fifth unnumbered paragraph.

VI. Admits the allegations contained in the first sentence of the sixth unnumbered paragraph to the extent that they apply to "authorized" Government travelers; denies the remainder of the allegations contained in the first sentence of the sixth unnumbered paragraph. Admits the allegations contained in the second sentence of the sixth unnumbered paragraph to the extent they acknowledge the lack of a need to install software on individual PCs; denies the remainder of the allegations contained in the second sentence of the sixth unnumbered paragraph. Denies the allegations contained in the third, fourth, and fifth sentences of the sixth unnumbered paragraph.

VII. Admits the allegations contained in the first sentence of the seventh unnumbered

paragraph to the extent they identify the receipt of two proposals in response to the DTS DTR6 solicitation; denies the remainder of the allegations contained in the first sentence of the seventh unnumbered paragraph. Denies the allegations contained in the second sentence of the seventh unnumbered paragraph for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of the seventh unnumbered paragraph to the extent they note that the restructured DTS DTR6 contract requires TRW to perform traditional travel services; denies the remainder of the allegations contained in the third sentence of the seventh unnumbered paragraph. Denies the allegations contained in the fourth and fifth sentences of the seventh unnumbered paragraph.

VIII. Admits the allegations contained in the first sentence of the eighth unnumbered paragraph to the extent they note that TRW entered into a subcontract with Sato Travel to perform traditional travel service functions; denies the remainder of the allegations contained in the first sentence of the eighth unnumbered paragraph. Admits the allegations contained in the second sentence of the eighth unnumbered paragraph. Admits the allegations contained in the third sentence of the eighth unnumbered paragraph to the extent they note that the Government agreed to pay higher fees to TRW than the fees paid to Sato Travel or Carlson under traditional travel service contracts; denies the remainder of the allegations contained in the third sentence of the eighth unnumbered paragraph.

IV. Denies.

X. Denies the allegations contained in the first sentence of the tenth unnumbered paragraph. Admits the allegations contained in the second sentence of the tenth unnumbered paragraph. Admits the allegations contained in the third and fourth sentences of the tenth

unnumbered paragraph to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third and fourth sentences of the tenth unnumbered paragraph. Admits the allegations contained in the fifth sentence of the tenth unnumbered paragraph. Denies the allegations contained in the sixth, seventh and eighth sentences of the tenth unnumbered paragraph.

NUMBERED PARAGRAPHS

1. Admits.

2. Admits the allegations contained in part a of paragraph 2; denies the remainder of the allegations contained in paragraph 2.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in the first, second, third and fourth sentences of paragraph 4 to the extent they identify some of the communities within DoD engaged in official travel and various modes of official travel; denies the remainder of the allegations contained in the first, second, third and fourth sentences of paragraph 4. Denies the allegations contained in the footnote to paragraph 4.

5. Admits.

6. Admits.

7. Admits.

8. Admits the allegations contained in the first sentence of paragraph 8. Denies the allegations contained in the second sentence of paragraph 8. Admits the allegations contained in the third, fourth and fifth sentences of paragraph 8. Admits the allegations contained in the sixth

sentence of paragraph 8 to the extent they relate to travelers who receive advances; denies the remainder of the allegations contained in the sixth sentence of paragraph 8. Admits the allegations contained in the seventh sentence of paragraph 8 to the extent they relate to ticketed modes of travel; denies the remainder of the allegations contained in the seventh sentence of paragraph 8.

9. Admits the allegations contained in the first sentence of paragraph 9. Admits the allegations contained in the second, third and fourth sentences of paragraph 9 as applied to some sites; denies the remainder of the allegations contained in the second, third and fourth sentences of paragraph 9. Denies the allegations contained in the fifth sentence of paragraph 9. Admits the allegations contained in the sixth sentence of paragraph 9. Admits the allegations contained in the seventh sentence of paragraph 9 as applied to travel involving an advance; denies the remainder of the allegations contained in the seventh sentence of paragraph 9.

10. Admits the allegations contained in the first, second, third, fourth, fifth and sixth sentences of paragraph 10. Admits the allegations contained in the seventh, eighth and ninth sentences of paragraph 10 to the extent they apply to a travel transaction involving centrally billed accounts; denies the remainder of the allegations contained in the seventh, eighth and ninth sentences of paragraph 10. Admits the allegations contained in the tenth sentence of paragraph 10.

11. Admits.

12. Admits.

13. Admits the allegations contained in the first, second, third, fourth, fifth, sixth, and seventh sentences in paragraph 13. Admits the allegations contained in the eighth sentence of

paragraph 13 to the extent they acknowledge that even with a fully functional CUI, communications with travel counselors will be required; denies the remainder of the allegations contained in the eighth sentence of paragraph 13. Denies the allegations contained in the ninth sentence of paragraph 13. Admits the allegations contained in the tenth sentence of paragraph 13.

14. Admits.

15. Denies the allegations contained in the first and second sentences of paragraph 15. Admits the allegations contained in the third sentence of paragraph 15 to the extent they note that regional travel service contracts for regions other than DTS DTR6 would transition to DTS over a period of time; denies the remainder of the allegations contained in the third sentence of paragraph 15. Admits the allegations contained in the fourth sentence of paragraph 15.

16. Admits the allegations contained in the first, second and third sentences of paragraph 16. Denies the allegations contained in the fourth sentence of paragraph 16.

17. Admits the allegations contained in the first sentence of paragraph 17 to the extent they identify some of the recipients of traditional travel services in the DTS DTR6 region; denies the remainder of the allegations contained in the first sentence of paragraph 17. Denies the remainder of paragraph 17.

18. Denies.

19. Denies the allegations contained in the first sentence of paragraph 19. Admits the allegations contained in the second sentence of paragraph 19 to the extent they identify the functions the contractor was required to perform with respect to the CUI; denies the remainder of the allegations contained in the second sentence of paragraph 19. Denies the allegations

contained in the third sentence of paragraph 19.

20. Admits the allegations contained in subparts (1) and (2) of paragraph 20. Denies the allegations contained in subpbart (3) of paragraph 20.

21. Denies the allegations contained in the first and second sentences of paragraph 21. Admits the allegations contained in the third sentence of paragraph 21.

22. Admits.

23. Admits the allegations contained in the first sentence of paragraph 23. Denies the allegations contained in the second sentence of paragraph 23.

24. Denies.

25. Denies.

26. Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Admits.

28. Admits the allegations contained in the first sentence of paragraph 28. Admits the allegations contained in the second sentence of paragraph 28 to the extent they indicate that traditional travel service contracts would be phased out as the CUI was implemented across the country; denies the remainder of the allegations contained in the second sentence of paragraph 28.

29. Admits the allegations contained in the first, second, third and fourth sentences of paragraph 29. Denies the allegations contained in the fifth sentence of paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. Admits the allegations contained in the first sentence of paragraph 30. Admits the

allegations contained in the second sentence of paragraph 30 to the extent they acknowledge that Carlson contracts were extended for various periods rather than just in six month increments; denies the remainder of the allegations contained in the second sentence of paragraph 30. Admits the allegations contained in the third and fourth sentences of paragraph 30.

31. Admits.

32. Admits the allegations contained in the first sentence of paragraph 32 that the DTS DTR-6 contract experienced delays; denies the remainder of the allegations contained in the first sentence of paragraph 32. Admits the allegations contained in the second and third sentences of paragraph 32 to the extent supported by the IG report cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by the IG report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the IG report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 34.

35. Denies the allegations contained in the first sentence of paragraph 35. Admits the allegations contained in the second and third sentences of paragraph 35 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 35.

36. Denies.

37. Denies.

38. Denies.

39. Denies.

40. Admits the allegations contained in the first sentence of paragraph 40 to the extent that MTMC received only two offers in response to the RFP for the DTS DTR6 solicitation; denies the remainder of the allegations contained in the first sentence of paragraph 40. Denies the allegations contained in the second sentence of paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 40 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 40.

41. Denies the allegations contained in the first sentence of paragraph 41. Admits the allegations contained in the second sentence of paragraph 41. Admits the allegations contained in the third sentence of paragraph 41 to the extent the Army extended the Sato Travel DTR-3 contract on a sole source basis; denies the remainder of the allegations contained in the third sentence of paragraph 41. Denies the allegations contained in the fourth sentence of paragraph 41.

42. Admits the allegations contained in the first and second sentences of paragraph 42. Denies the remainder of the allegations contained in paragraph 42.

43. Denies the allegations contained in the first sentence of paragraph 43. Admits the allegations contained in the second and third sentences of paragraph 43. Admits the allegations contained in the fourth sentence of paragraph 43 to the extent they note that Sato Travel's Army

DTR-3 contract expired; denies the remainder of the allegations contained in the fourth sentence of paragraph 43. Denies the allegations contained in the fifth sentence of paragraph 43.

44. Admits.

45. Admits the allegations contained in paragraph 45 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 45.

46. Admits the allegations contained in paragraph 46 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 46.

47. Admits the allegations contained in the first sentence of paragraph 47 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 47. Denies the allegations contained in the second sentence of paragraph 47.

48. Admits the allegations contained in the first and second sentences of paragraph 48 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 48. Denies the allegations contained in the third sentence of paragraph 48.

49. Admits the allegations contained in paragraph 49 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 49.

50. Admits the allegations contained in paragraph 50 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained

in paragraph 50.

51. Admits the allegations contained in paragraph 51 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 51.

52. Denies the allegations contained in the first sentence of paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 52. Denies the allegations contained in the third sentence of paragraph 52.

53. Denies.

54. Defendant's responses to paragraphs 1 through 53 are incorporated by reference.

55. The allegations contained in paragraph 55 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

58. Denies the allegations contained in the first sentence of paragraph 58. Admits the allegations contained in the second sentence of paragraph 58 to the extent they suggest that offerors which demonstrated experience in software integration were more likely to win awards than those which did not; denies the remainder of the allegations contained in the second sentence of paragraph 58. Denies the remainder of the allegations contained in paragraph 58.

59. Denies the allegations contained in paragraph 59 for lack of knowledge or

information sufficient to form a belief as to their truth.

60. Denies.

61. Denies.

62. Denies

63. Admits the allegations contained in the first sentence of paragraph 63, except that the date through which Sato Travel had provided traditional travel services under the Army contract should read February 11, 2003, rather than October 2002. Denies the allegations contained in the second sentence of paragraph 63.

64. Denies the allegations contained in the first sentence of paragraph 64. Denies the allegations contained in the second, third, fourth and fifth sentences of paragraph 64 for lack of knowledge or information sufficient to form a belief as to their truth.

65. Denies.

66. Defendant's responses to paragraphs 1 through 65 are incorporated by reference.

67. The allegations contained in paragraph 67 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

68. The allegations contained in paragraph 68 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

69. The allegations contained in the first sentence of paragraph 69 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second and third sentences of paragraph 69.

70. The allegations contained in paragraph 70 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

71. The allegations contained in the first sentence of paragraph 71 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second, third and fourth sentences of paragraph 71.

72. Defendant's responses to paragraphs 1 through 71 are incorporated by reference.

73. The allegations contained in paragraph 73 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

74. Admits the allegations contained in paragraph 74 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 74.

75. Admits the allegations contained in the first sentence of paragraph 75 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 75. Denies the remainder of the allegations contained in paragraph 75.

76. Admits the allegations contained in the first and second sentences of paragraph 76. Denies the allegations contained in the third sentence of paragraph 76.

77. Admits the allegations contained in the first sentence of paragraph 77 concerning the contracting officer's rescission of the order; denies the remainder of the allegations contained in the first sentence of paragraph 77. Denies the allegations contained in the second sentence of paragraph 77.

78. Admits the allegations contained in the first sentence of paragraph 78 to the extent

supported by the notification cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 78. Denies the allegations in the second sentence of paragraph 78.

79. The allegations contained in paragraph 79 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

80. The allegations contained in paragraph 80 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

81. The allegations contained in paragraph 81 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied

82. The allegations contained in paragraph 82 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

83. Admits the allegations contained in the first sentence of paragraph 83. Denies the allegations contained in the second sentence of paragraph 83. Denies the allegations contained in the third sentence of paragraph 83.

84. Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 83, or to any relief whatsoever.

85. Denies each and every allegation not previously admitted or otherwise qualified.

DEFENSES AND AFFIRMATIVE DEFENSES

96. Defendant asserts the defense of lack of jurisdiction.

97. Defendant asserts the defense of failure to state a claim.

98. Defendant asserts the defense of waiver.

99. Defendant asserts the defense of lack of standing.

100. Defendant asserts the defense of failure to exhaust administrative remedies.

101. Defendant asserts the defense of lack of ripeness.

102. Defendant asserts the defense of a lack of case or controversy.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

FRANKLIN E. WHITE, JR.
Assistant Director

s/ David A. Levitt

DAVID A. LEVITT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0309
Fax: (202) 514-7965

Attorneys for Defendant

Date: October 20, 2003

.