# In The United States Court of Federal Claims

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC.<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 03-1274<br>Judge Lawrence M. Baskir |

## MOTION TO INTERVENE

Pursuant to Rule 24and 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), Northrop Grumman Space and Mission Systems Corporation ("Northrop Grumman")[1] respectfully moves to Intervene in the above-captioned action. Northrop Grumman is entitled to intervene as a matter of right under RCFC 24(a)(2). Even if not entitled to intervene as a matter of right, Northrop Grumman should be permitted to intervene under RCFC 24(b). The accompanying Memorandum of Points and Authorities in Support of its Motion to Intervene sets forth the legal and factual basis for this Motion.

Northrop Grumman respectfully requests that this Court grant Northrop Grumman's Motion to Intervene.

DATED: October 22, 2003

Respectfully submitted,

/S/ *John W. Chierichella*

John W. Chierichella
Anne B. Perry
Sheppard, Mullin, Richter & Hampton
1300 I Street, NW, 11th Floor East
Washington, DC 20005
202-218-6878

1 The contract was originally awarded top BDM International, Inc., a company purchased by TRW Inc., which was then purchased by Northrop Grumman Corporation and renamed Northrop Grumman Space & Mission Systems Corporation.

# In The United States Court of Federal Claims

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC.<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 03-1274<br>Judge Lawrence M. Baskir |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE

Pursuant to Rule 24(a) and 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), Northrop Grumman Space and Mission Systems Corporation ("Northrop Grumman")[1] respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Intervene in the above-captioned action. As set forth below, Northrop Grumman is entitled to intervene as a matter of right under RCFC 24(a)(2). Even if not entitled to intervene as a matter of right, Northrop Grumman should be permitted to intervene under RCFC 24(b).

## STATEMENT OF FACTS

In this post-award bid protest action, Plaintiff CW Government Travel, Inc. ("CW") challenges the modification of Northrop Grumman's contract No. DAMTO1-98-D-1005, a contract between Northrop Grumman and the Department of Defense.

---

1 The contract was originally awarded top BDM International, Inc., a company purchased by TRW Inc., which was then purchased by Northrop Grumman Corporation and renamed Northrop Grumman Space and Mission Systems Corporation.

On May 23, 2003, CW filed its Complaint and Motions for Preliminary/Permanent Injunction in this action. In its Complaint, CW alleges that a modification to Northrop Grumman's contract that occurred in April 2002 was beyond the scope of Northrop Grumman's contract. Northrop Grumman disputes that the modification was beyond the scope of its contract. CW further alleges that it believes that the Government intends to decline to exercise options under CW's Contract Nos. DAMT001-02-C-0027 and DAMT01-02-0028 and to include the effort declined via those unexercised options on Northrop Grumman contract.

## ARGUMENT

Northrop Grumman is entitled to intervene in this action, first, as a matter of right under RCFC 24(a), which provides as follows:

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

This motion to intervene is timely. Northrop Grumman satisfies the other requirements of RCFC 24(a) as well. As the awardee under the contract alleged to have been improperly modified more than thirteen months before CW filed this lawsuit, Northrop Grumman has a direct and substantial economic interest in the procurement and the Government's modification to its contract. See Karuk Tribe of California v. U.S., 28 Fed. Cl. 694,696 (1993) ("to intervene as a matter of right, an applicant-intervenor must demonstrate a direct, immediate, legally protectable interest in the proceedings, such that the intervenor would either gain or lose by the direct legal operation and effect of the judgment") (citing American Maritime Transport, Inc. v. U.S., 870 F.2d 1559, 1561 (Fed. Cir. 1989)). Further, "the disposition of the action may as a practical matter impair or impede" Northrop Grumman's interest in the contract. RCFC 24(a)(2).

Northrop Grumman's interests, moreover, are not adequately protected by the United States, on whose behalf it seeks to intervene. As the procuring agency, the Military Traffic Management Command owes an equal duty to all offerors. Its interests, therefore, are broader than, and potentially divergent from, Northrop Grumman's more narrowly focused interest in protecting the fruits of its investment in this procurement. See Karuk Tribe, 28 Fed. Cl. at 697-98 (concluding that United States, as trustee, "must represent the interests of all Indians" and therefore "[t]o the extent that the interests of the Tribe and those of the plaintiffs conflict, the United States' ability to represent all Indians is compromised").

Alternatively, Northrop Grumman also qualifies for permissive intervention under RCFC 24(b), which provides the Court discretion to allow a party to intervene when, inter alia, the party's "claim or defense and the main action have a question of law or fact in common." RCFC 24(b)(2). Here, of course, common issues of law and fact abound between CW's action challenging the conduct of this procurement and Northrop Grumman's defense of the Agency's modification of Northrop Grumman's contract. Finally, allowing Northrop Grumman to intervene will neither delay nor prejudice the Court's adjudication of the rights of CW and the Government. Northrop Grumman will comply with all filing deadlines established by this Court. As a result, the Court should allow Northrop Grumman to participate in this action by way of permissive intervention under RCFC 24(b).

This Court has routinely granted intervention by interested third parties in the exercise of its bid protest jurisdiction. See, e.g., Ryder Move Management, Inc. v. United States et al., 48 Fed. Cl 380 (2001); Pikes Peak Family Housing, LLC v. United States, 40 Fed. Cl 673 (1998); Hydro Engineering Inc. v. United States, 37 Fed. Cl. 448 (1997); see also IMS Services, Inc. v. United States, 33 Fed. Cl. 167 (1995). While the Court has not always articulated the legal basis

for the intervention as between RCFC 24(a) or RCFC 24(b), the Court has recognized an awardee's right to be heard in connection with a challenge to a contract award. Under this precedent, and for the reasons discussed above, Northrop Grumman should be allowed to intervene in this action.

## CONCLUSION

For the foregoing reasons, the Court should grant Northrop Grumman's Motion to Intervene.

DATED: October 22, 2003

Respectfully submitted,

/S/ *John W. Chierichella*

John W. Chierichella
Anne B. Perry
Sheppard, Mullin, Richter & Hampton
1300 I Street, NW, 11th Floor East
Washington, DC 20005
202-218-6878

**CERTIFICATE OF FILING**

I hereby certify that on October 22, 2003, a copy of the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/S/ *John W. Chierichella*
John W. Chierichella

**CERTIFICATE OF FILING**

I hereby certify that on October 22, 2003, a copy of the foregoing [PROPOSED] ORDER was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/S/ *John W. Chierichella*
John W. Chierichella

**CERTIFICATE OF FILING**

I hereby certify that on October 22, 2003 a copy of the foregoing MOTION TO INTERVENE was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/S/ *John W. Chierichella*
John W. Chierichella