# In the United States Court of Federal Claims

| | | |
|---|---|---|
| **CW GOVERNMENT TRAVEL, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 03-1274C** |
| **v.** | ) | **Judge Baskir** |
| | ) | |
| **THE UNITED STATES of AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S OPPOSITION TO NORTHROP GRUMMAN'S MOTION TO INTERVENE**

Lars E. Anderson
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone no.: (703) 760-1600
Telecopier no.: (703) 760-1623

Of Counsel:
Michael W. Robinson
Benjamin A. Winter
Sharon A. Jenks
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone no.: (703) 760-1600
Telecopier no.: (703) 760-1623

Dated: November 10, 2003

# TABLE OF CONTENTS

**TABLE OF CONTENTS** .......... I

**TABLE OF AUTHORITIES** .......... II

**QUESTIONS PRESENTED** .......... 1

**STATEMENT OF THE CASE** .......... 1

**DISCUSSION** .......... 2

*I. Northrop's Motion To Intervene Is Untimely* .......... *3*

*II. Northrop Is Not Entitled To Intervene As Of Right Pursuant To RCFC 24(A)* .......... *4*

A. Northrop Has Failed To Demonstrate That It Has A Direct, Substantial, Legally Protectable Interest In The Subject Of The Lawsuit .......... 4

B. Northrop Has Failed To Demonstrate That, Absent Intervention, Its Ability To Protect Its Alleged Interest Will Be Impaired Or Impeded .......... 5

C. Northrop Has Failed To Demonstrate That The Department Of Justice Is Unable To Adequately Represent Its Interests .......... 6

*III. Allowing Northrop To Permissively Intervene Is Improper* .......... *9*

*IV. In Any Event, Northrop Should Not Be Allowed To Intervene With Regard To Count III Of Carlson's Complaint, Which Is A Claim Under The Contract Disputes Act And Has Nothing To Do With Northrop* .......... *10*

**CONCLUSION** .......... 11

**CERTIFICATE OF FILING** .......... 11

# TABLE OF AUTHORITIES

## CASES

Amer. Maritime Transp., Inc. v. United States, 870 F.2d 1559 (Fed. Cir. 1989)...................... 4, 5, 11

Belton Indus. Inc. v. United States, 6 F.3d 756 (Fed. Cir. 1993) ...................................................... 3

Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171 (2d Cir. 2001)......................................... 6

EDC v. Nat'l Children's Ctr., Inc., 146 F.3d 1042 (D.C. Cir. 1998)................................................ 9

Freeman v. United States, 50 Fed. Cl. 305 (2001) ................................................................... 7, 8, 9

Hage v. United States, 35 Fed. Cl. 737 (1996)........................................................................... 5

Hines v. Rapides Parish Sc. Bd., 479 F.2d 762 (5th Cir. 1973) ....................................................... 6

Karuk Tribe of California v. United States, 28 Fed. Cl. 694 (1993) ................................................. 7

NAACP v. New York, 413 U.S. 345 (1973) ..................................................................... 3

## RULES

RCFC 24(a)........................................................................................................ 1, 2, 3, 4

RCFC 24(b)........................................................................................................ 1, 2, 3, 9

## QUESTIONS PRESENTED

Plaintiff, CW Government Travel, Inc. ("Carlson") submits its opposition to the Motion to Intervene submitted by Northrop Grumman Space and Missions Systems Corporation ("Northrop"). Northrop has failed to demonstrate that it is entitled to intervene as a matter of right pursuant to Rule 24(a) of the Rules of the United States Court of Federal Claims ("RCFC"), nor has it presented a compelling basis to intervene under RCFC 24(b). Aside from being untimely, Northrop's motion fails to assert a direct, substantial, legally protectable interest to support intervention. Moreover, Northrop has not established that other means of protecting its alleged interest are unavailable or that the Government does not adequately represent its interests. Furthermore, the Court should not allow Northrop to intervene permissively given the delay that such intervention will cause and the resultant prejudice to Carlson. Finally, even if the Court finds that Northrop should be allowed to intervene in the first two counts of Carlson's complaint, alleging improper conduct of the Government in making cardinal changes to the DTS contract, it should deny Northrop's motion with respect to Carlson's Contract Disputes Act Claim under Carlson's Army contracts. Thus, Carlson respectfully requests that the Court deny Northrop's Motion to Intervene.

## STATEMENT OF THE CASE

This case involves three interrelated Department of Defense ("DoD") travel management service contracts. One contract was awarded to TRW, Inc. (now Northrop) in 1998. That contract is known as the DTS DTR-6 contract. In Counts I and II, Carlson challenges the extensive modifications made by the Government to the DTS DTR-6 contract in 2002 because the modifications amount to cardinal changes that required competitive procurement. The other two contracts at issue were awarded to

Carlson after competitive procurements. Carlson won five long-term, travel management service contracts in 2002 under a competitive procurement conducted by the Army. The Government has advised Carlson that certain travel management services, which Carlson was awarded the exclusive rights to provide, will be transferred to the DTS DTR-6 contract. The Government modified the DTS DTR-6 contract in 2002, without competition, to include these requirements. Any such transfer of requirements would constitute a breach of Carlson's two competitively won contracts and Carlson is appealing an adverse Contracting Officer's decision on that issue through its Complaint.

## DISCUSSION

Northrop's motion fails to demonstrate that it is entitled to intervene in the above captioned action as a matter of right, pursuant to RCFC 24(a) or permissively pursuant to RCFC 24(b). At no point in the motion does Northrop establish facts or provide analysis explaining why intervention is necessary or appropriate. Indeed, Northrop has failed to submit a "pleading setting forth the claim or defense for which intervention is sought" as required by RCFC 24(c). The Court should order Northrop to submit this required pleading prior to ruling on Northrop's Motion to Intervene and allow Carlson to respond to Northrop's allegations to fully address Northrop's Motion. Moreover, Northrop has simply submitted a boilerplate motion for intervening as the awardee in a typical post-award bid protest with little or no case specific discussion. Consequently, Northrop's motion does not address the requirements of the Court's rules or the specific facts of the case and must be denied.

## I. NORTHROP'S MOTION TO INTERVENE IS UNTIMELY

Any motion to intervene, whether as of right, pursuant to RCFC 24(a), or permissively pursuant to RCFC 24(b), must be timely. NAACP v. New York, 413 U.S. 345, 365 (1973). In determining whether a motion to intervene is timely, the Court must consider three factors:

> "(1) the length of time during which the would-be intervenors actually knew of [their] rights . . .;
>
> (2) whether the prejudice to the rights of the existing parties by allowing intervention outweighs the prejudice to the would-be intervenors by denying intervention.
>
> (3) existence of unusual circumstances militating either for or against a determination that the application is timely."

Belton Indus. Inc. v. United States, 6 F.3d 756, 762 (Fed. Cir. 1993) (quoting Sumitomo Metal Indus., Ltd. v. Babcock & Wilcox Co., 669 F.2d 703, 707 (CCPA 1982)). "Timeliness is to be determined from all the circumstances. And it is to be determined by the court in the exercise of its sound discretion; unless that discretion is abused, the court's ruling will not be disturbed on review." NAACP v. New York, 413 U.S. at 366.

Carlson filed its complaint on May 23, 2003. It is believed that defendant promptly provided a copy to Northrop. However, Northrop made no effort to intervene for five months, until October 22, 2003. Allowing Northrop to intervene at this time will prejudice Carlson by mooting the previous five months of litigation. Prior to the time Northrop filed its motion, the parties engaged in active negotiations to resolve some or all of the claims, and resolved the need for preliminary injunctive relief. In addition, the defendant has submitted, and withdrawn, a motion to dismiss and the parties have engaged in informal discovery. These actions have led to a focusing of the issues. To allow Northrop to intervene after sitting on its hands for five months would scrap significant effort in this case, essentially

put the case back at the starting point, and reward Northrop for sitting on its hands. Consequently, the Court should deny Northrop's motion as untimely.

## II. NORTHROP IS NOT ENTITLED TO INTERVENE AS OF RIGHT PURSUANT TO RCFC 24(A)

RCFC 24(a) provides that:

> Upon timely application, anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The United States Court of Appeals for the Federal Circuit, as well as the Court of Federal Claims, following other Federal Courts construing the relevant Federal Rule, have found that the applicant for intervention as of right must meet three criteria: (1) it must have a direct, substantial and legally protectable interest; (2) it must demonstrate that, absent intervention, its ability to protect its alleged interest will be impaired or impeded; and (3) its interest is not adequately represented by the original parties. As the following discussion will demonstrate, Northrop's motion fails to demonstrate any of the three criteria necessary for invoking an intervention as of right.

### A. Northrop Has Failed To Demonstrate That It Has A Direct, Substantial, Legally Protectable Interest In The Subject Of The Lawsuit

"Intervention is proper only to protect those interests which are '"of such a <u>direct</u> and <u>immediate</u> character that the intervenor will either gain or lose by the <u>direct</u> legal operation and effect of the judgment."'" <u>Amer. Maritime Transp., Inc. v. United States</u>, 870 F.2d 1559, 1561 (Fed. Cir. 1989) (citations omitted, emphasis in original). Consequently, the interest claimed may not be indirect or contingent. <u>Id.</u> Finally, the interest must be legally protectable. <u>Id.</u>

The only interest Northrop has claimed is not sufficient to meet the "legally protectable" requirement of the rule. Northrop claims "a direct and substantial economic interest in the procurement and the Government's modification of its contract." Mot. to Intervene at 2. The courts, including the Federal Circuit, however, have found that the rule "require[s] something more than merely an economic interest." Id. at 1562 (citing New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 464 (5th Cir. 1984)). Thus, Northrop, by its own words, has admitted that its interest does not rise to a level necessitating the right to intervene.

Carlson's complaint does not challenge the validity of the DTS DTR-6 contract awarded to TRW/Northrop in 1998, nor its right to continue performance of the original contract. If Carlson prevails in Counts I and II, Northrop's remedies against the Government for monetary compensation for work performed are not extinguished. Count III involves the interpretation of Carlson's contracts and Northrop has no legitimate interest in such issues. Therefore, Northrop has failed to demonstrate a direct, substantial, legally protectable interest, and its motion should be denied.

**B. Northrop Has Failed To Demonstrate That, Absent Intervention, Its Ability To Protect Its Alleged Interest Will Be Impaired Or Impeded**

Assuming, arguendo, that Northrop has an adequate interest, Northrop will be able to protect its alleged interest without impairment or impediment, even if it is not a party to this lawsuit. In considering this factor, the Court of Federal Claims has looked to the impact of stare decisis and the ability of the applicant to protect its interest through the political and administrative process. Hage v. United States, 35 Fed. Cl. 737, 741 (1996). Here, Northrop will be able to protect its interest despite a ruling in favor of Carlson. Consequently, the Court should deny Northrop's Motion to Intervene.

Whatever rights and obligations Northrop may possess are between it and the Government. Northrop may pursue any relief to which it may be entitled directly against the Government under the contract and applicable law. If the Court were to determine, contrary to Northrop's alleged interest, that the modifications to the DTS contract were cardinal changes, Northrop would be able to protect its interest through the contract claims process as well as in the subsequent procurement.

First, a determination that the modifications resulted in a cardinal change would create an opportunity for Northrop to file a claim under the Contract Disputes Act. It could be entitled to costs and a portion of profit for completed work under the termination for convenience clause, and could claim monies for additional work performed pursuant to the cardinal changes. Further, the competitive procurement process also provides an avenue for Northrop to protect its alleged interest. If the Court were to enter judgment for Carlson, the Government would need to compete the requirements added in 2002. Northrop would have the same right to compete as other offerors, as well as the ability to file protests at the GAO and Court of Federal Claims. Northrop's ability to protect its interest through contract claims or the competitive procurement process, including protests, adequately protects Northrop's alleged interest such that intervention is unnecessary. Therefore, the Court should deny Northrop's motion.

### C. Northrop Has Failed To Demonstrate That The Department Of Justice Is Unable To Adequately Represent Its Interests

An applicant for intervention must demonstrate that it brings something unique to the litigation that would otherwise be ignored. See Hines v. Rapides Parish Sc. Bd., 479 F.2d 762, 765 (5th Cir. 1973). Courts will assume that there is adequate representation if the applicants' interests are the same. Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 179-181 (2d Cir. 2001). Northrop has

failed to demonstrate that it will provide an additional quality to the litigation. Indeed, it cannot because its interests are the same as the Government. Both parties have an identical goal: a decision from the Court that the 2002 modifications to the DTS contract were within the scope of the original solicitation. This case involves the Government's conduct and statutory obligations to obtain its requirements competitively. Unlike a typical bid protest, this case does not involve conduct by an offeror that may disqualify it from a contract award.[1] In such instances, the contractor may defend its own conduct, which the Government may not do out of a duty to the other offerors. In the instant case, however, the focus of Carlson's claim is not on the conduct of a third party, but on the Government's conduct. Thus, because the focus remains on the Government in all instances, there is no divergence in interest between Northrop and the Government.

Moreover, when the Government is a party to a suit, courts will presume that it represents the would-be intervenor's interest. Freeman v. United States, 50 Fed. Cl. 305, 310 (2001) (citations omitted). The applicant may rebut the presumption by demonstrating either collusion, adversity of interest, or nonfeasance. Id. Northrop, however, has failed to offer any proof to demonstrate collusion, adversity of interest, or nonfeasance against or between the Government and Carlson.

The applicant cites Karuk Tribe of California v. United States, 28 Fed. Cl. 694, 697-98 (1993) for the conclusion that the Government's interests are often broader than a private party's. In Karuk, the plaintiff requested compensation for the alleged taking of their rights in a

[1] Also, unlike a typical bid protest, a decision in Carlson's favor does not deprive Northrop of a contract since this action does not contest the contract award, terms or requirements of the original DTS DTR-6 Contract.

reservation, the ownership of which had been disputed between various tribes. The court focused on the Government's position as a trustee to the various tribes and found that this interest could conflict with the interest of a single tribe. For instance, the court noted that the Government might argue that no tribe was entitled to compensation for the use of the reservation, which, while avoiding liability, would run contrary to the interest of the applicant tribe.

Northrop, however, takes this a step further in arguing that because the Government owes a duty to protect the procurement system, its interests diverge from Northrop's purely selfish motives.[2] That the Government must "also support the public's interest does not mean it will inadequately represent the applicants' interests, however." Freeman v. United States, 50 Fed. Cl. at 310. In this case, as in Freeman, the applicant and the Government seek the same, final objective: the determination that the 2002 contract modifications were within the scope of the initial solicitation. Therefore, their interests are in alignment and Northrop's concerns are adequately represented.

As the above discussion has demonstrated, Northrop is not entitled to intervene as of right. Its allegation of an economic interest in the changes to the contract with the Government is insufficient to demonstrate a direct, substantial, legally protectable interest. Moreover, there are various avenues open to Northrop, other than intervention, to protect its alleged interest, such as the claims process and the competitive procurement process. Finally, Northrop has failed to rebut the presumption that the Government adequately represents its interests in this suit; their interests are the same, and at no point do they diverge. Therefore, the Court should deny Northrop's Motion to Intervene as of right.

---

[2] Northrop argues that the Government owes an interest to "the other offerors." This statement is simply a carry over from Northrop's boilerplate motion to intervene in a post-award bid protest. The center of Carlson's first two counts is that their was no procurement and, thus, no other offers.

## III. ALLOWING NORTHROP TO PERMISSIVELY INTERVENE IS IMPROPER

Rule 24(b) of the RCFC provides:

> Upon timely application, anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The decision to allow a permissive intervention is inherently discretionary. EDC v. Nat'l Children's Ctr., Inc., 146 F.3d 1042 (D.C. Cir. 1998). Moreover, the Court must consider whether the intervenor would delay or burden the litigation by filing motions on extraneous issues. Freeman v. United States, 50 Fed. Cl. at 310-311 (citing Solid Waste Agency of N. Cook County v. United States Army Corps of Engr's, 101 F.3d 503, 507 (7th Cir. 1996)). Similarly, the courts have refused to grant permissive intervention when the similar goals of the applicant and an original party are such that the "duplicative nature of the evidence will not shed any additional light" on the issues before the court. Id.

The facts of the case augur against granting Northrop's Motion to Intervene pursuant to RCFC 24(b). Allowing Northrop to intervene will simply add another layer of briefing to the litigation without any additional benefit. Northrop and the Government simply argue the same point: the 2002 modifications to the DTS contract were not outside of the scope of the original solicitation and were not required to be competitively procured. Therefore, the evidence and arguments offered by Northrop will merely duplicate the defendant's arguments. Supplementing the delay caused by the additional layer of duplicative evidence and additional, unnecessary briefing will be the delay necessary for Northrop's counsel to become acquainted with the proceedings. Their motion to intervene already provides a glimpse into their lack of experience with the subject matter. For example, the Motion states that the contracting agency for the DTS contract is the Military Traffic Management Command ("MTMC").

This is incorrect, the procuring agency is currently the Army Contracting Agency's Information Technology, E-Commerce and Commercial Contracting Center ("ITEC-4"). MTMC is the procuring agency for Carlson's Army contracts.

Northrop's intervention into this suit will result in delay and prejudice to Carlson. The delay takes on an added importance given Carlson's request for injunctive relief. The longer Northrop is allowed to continue to perform a contract at sole source rates, the greater the injury to Carlson and the American public caused by the Government's failure to properly compete the 2002 modifications to the DTS contract. Therefore, the Court should deny Northrop's request to permissively intervene.

## IV. IN ANY EVENT, NORTHROP SHOULD NOT BE ALLOWED TO INTERVENE WITH REGARD TO COUNT III OF CARLSON'S COMPLAINT, WHICH IS A CLAIM UNDER THE CONTRACT DISPUTES ACT AND HAS NOTHING TO DO WITH NORTHROP

Northrop's Motion fails to appreciate the trio of counts presented in Carlson's complaint and that the third count is made under the Contract Disputes Act ("CDA") following a contracting officer's final decision regarding the interpretation of Carlson's Army contracts. Northrop has no protectable interest in the resolution of this count. Indeed, the Federal Circuit has found that:

> The interest of an applicant non-party having no privity claim in a contract, the terms of which are disputed by the parties to it, also has not been recognized as legally protectable, even when the outcome of the contract action is almost certain to have a significant and immediate economic impact on the applicant.

Amer. Maritime Transp., Inc. v. United States, 870 F.2d at 1562 (citing Rosebud Coal Sales Co. v. Andrus, 644 F.2d 849, 851 (10th Cir. 1981)). Northrop does not have privity with the Government or Carlson with respect to the contracts at issue in Carlson's third count. Therefore, it has no legally protectable interest in the count and should not be allowed to intervene.

## CONCLUSION

Five months after it knew, or should have known of the filing of the complaint, Northrop has belatedly moved to intervene. Moreover, Northrop has failed to provide a pleading, pursuant to RCFC 24, upon which it may base allegations regarding an interest in the subject of the lawsuit. Further, Northrop has not demonstrated any of the factors necessary for an intervention as of right. Finally, Northrop has not demonstrated that its need to intervene will outweigh the delay and prejudice caused by its intervention. Thus, for the foregoing reasons, the Court should deny Northrop's Motion to Intervene.

Respectfully submitted,

"s/Lars E. Anderson"
Lars E. Anderson
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone no.: (703) 760-1600
Telecopier no.: (703) 760-1623

Of Counsel:
Michael W. Robinson
Benjamin A. Winter
Sharon A. Jenks
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone no.: (703) 760-1600
Telecopier no.: (703) 760-1623

Dated: November 10, 2003

## CERTIFICATE OF FILING

I hereby certify that on November 10, 2003, a copy of the foregoing PLAINTIFF'S OPPOSITION TO NORTHROP GRUMMAN'S MOTION TO INTERVENE was filed

electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

"s/Lars E. Anderson"
Lars E. Anderson

mcdocs#152827