# In the United States Court of Federal Claims

| | | |
|---|---|---|
| **CW GOVERNMENT TRAVEL, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES of AMERICA,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 03-1274C**<br>**Judge Lawrence M. Baskir** |

**PLAINTIFF'S MOTION TO STRIKE NORTHROP GRUMMAN CORPORATION'S MOTION TO INTERVENE**

On October 22, 2003, Northrop Grumman Corporation ("Northrop") filed a Motion to Intervene in the above-captioned case. The Motion failed to comply with Rule 24(c) of the Rules of the United States Court of Federal Claims ("RCFC"), which requires a movant for intervention to file its Motion accompanied by a "pleading setting forth the claim or defense for which intervention is sought." Moreover, Northrop's initial Motion provided little, if any, discussion of the actual facts of the case. In its Opposition to Northrop Grumman's Motion to Intervene, the Plaintiff, CW Government Travel, Inc. ("Carlson"), requested that the Court direct Northrop to file a responsive pleading setting out its response to Carlson's Complaint. Because Northrop had failed to provide a responsive pleading, and had failed to provide an adequate discussion of the facts of the case, Carlson was unable to fully address Northrop's Motion and requested that the Court allow it to respond to Northrop's responsive pleading, when filed.

On Monday, November 24, 2003, Northrop filed a reply to Carlson's opposition. Northrop has failed, again, to file the responsive pleading required by Rule 24(c). Neither

Northrop's original Motion, nor its recent reply, provide a sufficient explanation of its position upon which Carlson may respond. Nor can the Court resolve this issue on Northrop's submittals. Therefore, Carlson respectfully requests that the Court strike Northrop Grumman's Motion to Intervene for failure to follow Rule 24(c) of the RCFC.

In the event the Court allows Northrop another opportunity to file a responsive pleading, Carlson requests leave to file a reply to the pleading before the Court acts on the Motion to Intervene. Moreover, if the Court finds that Northrop may proceed without filing a responsive pleading, Carlson requests leave to file a reply to Northrop's latest filing. As noted above, Northrop's initial Motion did not discuss the facts of this case. To the extent that Northrop's latest response does discuss the actual facts of the case, and states a specific, alleged interest in the litigation, it does so for the first time. Further, Northrop's response contains factual misstatements and incorrect legal reasoning. Thus, the Court should allow Carlson the opportunity to reply to Northrop's latest filing.

Respectfully submitted,

"s/Lars E. Anderson"

Lars E. Anderson
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1600
Telecopier No.: (703) 760-1623 (Protected)

*Of Counsel:*

Michael W. Robinson
Benjamin A. Winter
Sharon A. Jenks
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1600
Telecopier No.: (703) 760-1623 (Protected)

Dated: November 26, 2003

**CERTIFICATE OF FILING**

I hereby certify that on November 26, 2003, a copy of the foregoing PLAINTIFF'S MOTION TO STRIKE NORTHROP GRUMMAN CORPORATION'S MOTION TO INTERVENE was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

"s/Lars E. Anderson"
Lars E. Anderson