IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CW GOVERNMENT TRAVEL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-1274 |
| | ) | (Judge Baskir) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STRIKE PORTIONS OF AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to Rule 12(f) of the Rules of the Court of Federal Claims ("RCFC"), defendant United States, respectfully requests the Court to strike portions of the amended complaint and memorandum in support of motion for leave to file amended complaint dated November 14, 2003. The basis for this motion is that the amended complaint contains argument rather than background material for the allegations contained in the substantive counts and the first two paragraphs on page 2 and pages 4-6 of the memorandum in support of motion for leave contain redundant and immaterial matter. In support of this motion, we rely upon the complaint, the joint preliminary status report, the motion for a preliminary injunction and supporting memorandum (subsequently withdrawn by agreement of the parties), the motion for leave to file amended complaint, the amended complaint, and the following brief.

DEFENDANT'S BRIEF

On November 14, 2003, plaintiff CW Government Travel, Inc. ("Carlson") filed a motion for leave to file an amended complaint and a proposed amended complaint. The Government does not object to the filing of the amended complaint which purports to add a claim concerning

a financial risk-shifting provision of the restructured contract which Carlson claims is out of scope with the original contract. However, as we demonstrate below, the amended complaint contains brief-like headings and text which argue plaintiff's case rather than presenting a short and plain statement of the claim. Accordingly, they are in violation of RCFC 8(a) and must be stricken.

Moreover, the new matter in the amended complaint pertaining to the alleged risk-shifting provisions of the restructured contract is not limited to presenting background facts to support a short and plain statement of the claim. Rather, they argue that the risk-shifting provisions constitute out of scope changes to the original contract and, thus, are argumentative, brief-type assertions. They, too, must be stricken from the amended complaint.

Finally, the memorandum to support the motion for leave is replete with irrelevant and immaterial boilerplate provisions which argue the merits of the amended complaint rather than in support of the motion for leave. Carlson presented this material at a time it was fully aware the Government would not oppose the motion for leave. In these circumstances, the offending portions of the memorandum to support the motion for leave should be stricken.[1]

FACTUAL BACKGROUND

On May 23, 2003, Carlson filed a complaint alleging that the Government violated the Competition In Contracting Act, 10 U.S.C. § 2304, 41 U.S.C. § 253 ("CICA") and the Contract Disputes Act, 41 U.S.C. §§ 601-613 ("CDA"), by restructuring a contract between the Department of Defense ("DoD") and TRW, Inc., providing for the development of a computerized travel

[1]As discussed below, these are the first two paragraphs on page 2 and pages 4-6 of the memorandum in support of the motion for leave.

management system and the provision of travel services in eleven mid-western states ("DTS-DTR 6 contract").

Count I alleged that the restructuring exceeded the scope of the original contract because it required that the automated system be accessible through web browsers rather than client-servers and required the contractor to provide traditional travel services prior to the implementation of the consumer-user interface ("CUI"). Carlson alleged in Count II that it was entitled to declaratory and injunctive relief to require DoD to reprocure work in the restructured contract. In Count III, Carlson alleged that the Department of Army ("Army") violated two separate contracts between itself and Carlson which required Carlson to provide traditional travel services in Army Travel Regions 3 and 4. The alleged violation occurred because, according to Carlson, the Army threatened to transfer facilities from the Army-Carlson contracts to the DTS DTR 6 contract. The complaint requested declaratory and injunctive relief to prevent the transfer of the facilities.

On November 14, 2003, Carlson filed a motion for leave to file an amended complaint, a supporting memorandum and an amended complaint.[2] The motion and memorandum contend that new facts were discovered in informal discovery which demonstrate that the restructuring of the contract shifted the risk of financial loss from Carlson to DoD and, thus, constituted a cardinal change which required a competitive procurement.

Carlson was aware when it filed the motion for leave that the Government would not oppose the amended complaint. Rather than simply adding a short and plain statement of the claim and submitting a brief motion for leave, however, Carlson used the amended complaint and

[2]Joined with the motion for leave was a motion to reschedule the filing of dispositive motions, which we did not oppose.

motion for leave as platforms to argue its substantive claims. The amended complaint and memorandum to support motion for leave contain redundant, immaterial, and irrelevant matter. Accordingly, our motion to strike should be granted.

## ARGUMENT

### I. THE PROPOSED AMENDED COMPLAINT PRESENTS REDUNDANT AND IMMATERIAL MATTER WHICH IS OUTSIDE THE SCOPE OF RULE 8(a).

A complaint should "state the ultimate facts constituting the claim or defense relied upon in short and plain terms without pleading the evidence in support of such facts . . ." Commissioner of Internal Revenue v. Licavoli, 252 F.2d 268, 272 (6th Cir. 1958). A complaint is not and should not be a legal brief. As the courts have made clear, "evidentiary matters [may] be deleted [from a complaint]." Control Data Corp. v. International Business Mach. Corp., 421 F.2d 323, 326 (8th Cir. 1970). Further, "when the narrative of evidence is tediously long or prejudicial, or the evidentiary details are inadmissible . . . the moving party [will] be granted relief." Mitchell v. Hart, 41 F.R.D. 138, 142 (S.D.N.Y. 1966) (citing 1A Barron & Holtzoff, Fed.Prac. & Proc. § 367 at 475-477). Statements in the amended complaint which exhibit this character should be deleted.

The amended complaint is replete with "tediously long and prejudicial [matter]." For example, the introductory paragraphs contain headings that ordinarily would be found in the argument section of a brief. The original complaint contained none of these argumentative headings.

Like the headings, the text of the amended complaint argues that out-of-scope changes affected the original contract and the Army-Carlson contracts were breached by alleged threats to

transfer certain facilities. For example, the amended complaint asserts on page 2 that: "The Solicitation required offerors to provide a COTS software product that would function in a client-server mode necessitating integration-interface with thousands of local area networks . . ." However, rather than presenting facts supporting its claim, this argues that the solicitation did not permit a web-based solution.

Likewise, the amended complaint states on page 4 that: "TRW had incurred approximately $43 million in costs . . . [which led to] . . . a complete shift of the financial risk from development, testing and successful usage from the contractor to the Government [and] a complete restructuring of the technical requirements that permitted the contractor to avoid the expense and different requirements to provide a client-server based NIPRNET system and instead provide only a web-based internet system . . ." This argues Carlson's position rather than presenting a factual predicate for the claim.

The above examples are duplicated in the remainder of the amended complaint. The introduction is presented and formulated as a legal brief rather than as a statement of background facts. It discusses alleged evidence rather than facts and arguments rather than claims. Further, it is prolix and divided into legal headings as would be a brief. Accordingly, it fails to present or contribute to a short and plain statement of the claim and must be striken. McHenry v. Renne, 84 F.3d 1172, 1176 (9th Cir. 1996) (complaints should be "dramatically short and plain").

Further, the numbered paragraphs contain immaterial and irrelevant matter which adds to the prolixity and redundancy of the amended complaint. For example, the third, fourth and fifth sentences of paragraph 22 allege that there were no web-based commercial off the shelf end to end software products in 1998 and, therefore, the solicitation would not have included web-based

products. This is stating a legal conclusion rather than relevant facts. Paragraphs 40 through 48 describe the evidence generated by the restructure negotiations and argue that the alleged evidence demonstrates that the restructure exceeded the scope of the original contract. Thus, these paragraphs, as well, contain legal conclusions rather than facts.

Further, Paragraph 41 states that: "Essentially, under the Restructured Contract, the Government, not TRW, assumed the primary risk and cost of developing, testing, deploying, and maintaining the CUI." This is a legal conclusion rather than the presentation of fact. Paragraph 45 asserts that: "The Restructured Contract deleted the COTS requirement and provided that the Government would now fund tens of millions of dollars in development costs over many years to create a new web-based system to satisfy the DTS CUI requirements." This, too, is a legal conclusion. Paragraph 47 asserts that "the Restructured Contract altered the fundamental contract requirements . . . requiring client-side installation . . . to that of a true web-based application . . . " This simply asserts a legal conclusion.

Likewise, paragraphs 49-52 set forth legal conclusions regarding Carlson's alleged interest in bidding on a web-based product based on developments in its software capability. These contentions are conclusory and irrelevant to the claim that, by allowing exclusive reliance on a web-based product, the restructure exceeded the scope of the original contract. Likewise, the last sentence of paragraph 53 argues that the alleged evidentiary facts establish that sole source extensions of the Sato contracts demonstrate that traditional services were not included in the original contract. However, the contention that traditional travel services were not included in the original competition is not demonstrated by the extension of Sato's contracts. Paragraphs 58, 59, 62, 82 and 84 also argue the same point rather than presenting facts relevant to the claims in

the amended complaint.

In short, "prolix, confusing complaints such as the one plaintiff filed in this case impose unfair burdens on litigants and judges [and place a risk on the defendant that] plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected." McHenry v. Renne, 84 F.3d at 1179. "[T]he rights of the defendants to be free from costly and harassing litigation must be considered." Von Poppenheim v. Portland Boxing & Wrestling Comm'n, 442 F.2d 1047, 1054 (9th Cir. 1971). Accordingly, the motion to strike the portions of the amended complaint discussed above should be granted.[3]

## II. IRRELEVANT AND IMMATERIAL MATTER SHOULD BE STRIKEN FROM THE MOTION FOR LEAVE

RCFC 1 provides that the Court's rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." As one court has noted: "unnecessary repetitive filing[s] [can] improperly consume . . . this Court's time and prompt . . . repetitive and unnecessary responsive filing[s] by the Defendant." Williams v. Baldwin County Commission, 203 F.R.D. 512, 514 (S.D.Ala. 2001). The hardship a duplicitous filing places on the Court and opposing party is exacerbated when it purports to support an unopposed motion.

---

[3]Specifically, the motion is directed to the following portions of the amended complaint: Overview of the Case (pp. 1-2); The Government Solicits And Awards A Contract For A Client-Server-Based Travel Management Software Integration Project (pp. 2-3); The Government Completely Restructures The Contract Financially and Technically In Response To TRW's Inability To Perform (pp. 3-4); The Restructuring Resulted In A Different Contract Financially (pp. 4-5); The Revisions Resulted In A Different Technical Contract (pp. 5-6); The Revisions Added Traditional Travel Services That Should Have Been Competitively Procured (pp. 6-7); The Restructuring Violated The Competition In Contracting Act (pp. 7-8); The Government Breached Its Contracts With Carlson (pp. 8-9); paragraph 22 (sentences 3-5); paragraphs 40-52; paragraph 58; paragraph 59; paragraph 62; paragraph 82; and paragraph 84.

Carlson's memorandum to support the motion for leave contravenes Rule 1's purpose of securing the "just, speedy and inexpensive determination" of this case. For example, the first two paragraphs on page 2 describe the DTS DTR 6 contract and contend that: "TRW's contract performance proceeded fitfully . . . [and] the project was marred by extreme delays and technical difficulties." This is irrelevant to whether the amended complaint should be allowed (i.e., it does not support the motion for leave). Moreover, it duplicates almost verbatim material in the complaint, amended complaint, joint preliminary status report ("JPSR"), and motion for preliminary injunction.

For example, the complaint states (page 2) : "[C]ontract performance proceeded fitfully, as a result of extensive delays, significant technical difficulties and operational use." Likewise, the amended complaint (page 3)states: "[C]ontract performance proceeded fitfully. TRW's performance was marked by a series of extreme delays, significant technical difficulties, multiple test failures, and massive cost overruns." The memorandum in support of the motion for preliminary injunction (page 13) stated: "[C]ontract performance proceeded fitfully, as a result of extensive delays, significant technical difficulties, and cost overruns." The JPSR (pages 6-7) states: "Carlson contends that TRW's contract performance proceeded fitfully at best. Carlson contends that the project was marred by extensive delays, significant technical difficulties, and extensive cost overruns . . . "

Likewise, the last paragraph on page 4 to the last paragraph on page 6 simply repeat arguments supporting the amended complaint which are contained in the amended complaint. For example, the memorandum (page 5) states that: "The restructured contract required the Government to pay more than $43 million to reimburse TRW for the costs it incurred from 1998

through 2001 attempting to develop and test the CUI . . . The effect of the restructured contract was that the Government, not TRW, assumed the risk and cost of developing the CUI." The amended complaint (page 5) states: "[T]he Restructured Contract required the Government to immediately pay TRW more than $43 million to reimburse TRW for costs incurred between May 1998 and January 2002 trying to develop and test the CUI and required the Government to pay TRW fixed monthly fees for the next five years to develop, test, deploy, and maintain the CUI . . . Essentially, under the Restructured Contract, the Government, not the contractor, assumed all risk and cost of developing, testing, deploying and maintaining the CUI." Thus, the memorandum to support the motion for leave repeats materials from prior pleadings and motions.

As well as duplicating boilerplate from previous pleadings and motions, the memorandum in support of the motion for leave improperly seeks to argue the merits of the amended complaint rather than the motion for leave. For example, even though the motion for leave acknowledges that the Government does not oppose the filing of a claim relating to the alleged risk-shifting provisions of the restructured contract, only page 3 explains the nature of the case and how the amended complaint differs from the original complaint. From the last paragraph on page 4 to the last paragraph on page 6, the memorandum argues that the alleged risk-shifting provisions of the amended complaint are outside the scope of the original competition, thus arguing the merits of the amended complaint rather than the motion for leave. This discussion is immaterial to the motion for leave because it does not present a legal basis for allowing the filing of an amended complaint. Only the final page presents the relevant legal basis for approving the motion for leave.

In short, major portions of the memorandum are prejudicial in that they argue the merits

of the amended complaint even though the Government has stated it does not oppose the motion for the addition of a risk-shifting allegation to the amended complaint. Moreover, the memorandum contains duplicitous material which is presented for no valid purpose. Accordingly, this Court should strike the first two paragraphs of page 2 and pages 4-6 of the memorandum in support of the motion for leave. See, e.g., McHenry v. Renne, 84 F.3d at 1176 (material in complaints and motions which is "argumentative, prolix, replete with redundancy, and largely irrelevant" should be stricken).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to strike portions of the amended complaint and memorandum in support of motion for leave should be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

FRANKLIN E. WHITE, JR.
Assistant Director

s/David A. Levitt

DAVID A. LEVITT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor

1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0309
Fax: (202) 514-7965

Attorneys for Defendant

Date: December 1, 2003

.

Certificate Of Filing

I hereby certify that on December 1, 2003, a copy of the foregoing Motion To Strike Portions Of Amended Complaint And Memorandum In Support Of Motion For Leave To File Amended Complaint was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/David A. Levitt