# In The United States Court of Federal Claims

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC.<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 03-1274<br>Judge Lawrence M. Baskir |

## OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION'S MOTION TO INTERVENE

On November 26, 2003, Plaintiff CW Government Travel, Inc. ("Carlson") filed a Motion to Strike Northrop Grumman Space & Mission Systems Corporation's ("Northrop Grumman") Motion to Intervene filed on October 22, 2003. This motion -- which is nothing more than a thinly disguised and unauthorized surreply to Northrop Grumman's antecedent Reply – wrongly asserts that Northrop Grumman has not plainly set forth the claim or defense for which intervention is sought and/or adequately discussed the facts of the case.

The position taken by Carlson in its recent motion simply cannot be squared with the candid concession of Carlson's counsel before this Court on September 30, 2003 that "Northrop is an obvious interested party..."

September 30, 2003 Status Conference Transcript at p. 18. On this point, Northrop and Carlson's counsel are in complete agreement.

Northrop Grumman's position has been clearly stated in the motion that it filed, which was accompanied by the brief setting forth its interest in the subject matter of the case and its opposition to the claims advanced by Carlson.

Succinctly stated, Northrop Grumman seeks leave to intervene on Counts I and II pursuant to RCFC 24(a) because it (1) claims an interest relating to the property or transaction that is the subject of the action (namely, the DTS contract to which Northrop Grumman is a party and which Carlson seeks to set aside or modify in this matter), and (2) is so situated that the disposition of this matter may, as a practical matter, impair or impede Northrop Grumman's ability to protect that interest. In the alternative, Northrop Grumman seeks this Court's permission to intervene pursuant to RCFC 24(b) as an interested party with a claim or defense that presents a common question of law or fact with the Government's case, namely, interpreting the scope of the DTS contract. To the extent that Carlson suffers from some lingering doubt with respect to Northrop Grumman's specific contentions as to each and every averment of Carlson's prolix Amended Complaint, Northrop Grumman is lodging with

the Court, with this Opposition, its [Proposed] Answer to the Amended Complaint.[1]

**Conclusion**

Based on the foregoing, Northrop Grumman respectfully requests that Plaintiff's Motion to Strike be denied and that Northrop Grumman's Motion to Intervene be granted.

DATED: December 8, 2003

Respectfully submitted,

*/S/ John W. Chierichella*

John W. Chierichella
Anne B. Perry
Sheppard, Mullin, Richter & Hampton
1300 I Street, NW, 11th Floor East
Washington, DC 20005
202-218-0000
202-218-0020, fax

---

1 Carlson's contentions that it cannot meaningfully address Northrop Grumman's motion to intervene without understanding Northrop Grumman's position with respect to each and every factual allegation or legal contention Carlson has advanced is misdirected. Northrop Grumman's detailed factual and legal contentions go to the ultimate merits of the case, not to Northrop Grumman's interest in the subject matter of the case -- which Carlson's counsel has already conceded; nor is such detail necessary to understand that there are always potentially disparate interests on the part of the United States (as the buyer) and the awardee (as the seller) under a contested contract.

# CERTIFICATE OF FILING

I hereby certify that on December 8, 2003, a copy of the foregoing OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION'S MOTION TO INTERVENE was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access these filings through the Court's system.

*/S/ John W. Chierichella*
John W. Chierichella