# In The United States Court of Federal Claims

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC.<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 03-1274<br>Judge Lawrence M. Baskir |

**NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION'S [PROPOSED] ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Comes now Northrop Grumman Space and Mission Systems Corporation ("Northrop Grumman") and answers Plaintiff's Amended Complaint by admitting, denying and asserting as follows:

UNNUMBERED PARAGRAPHS

**I.** Northrop Grumman admits the allegations contained in the first and second sentences of the first unnumbered paragraph. Northrop Grumman admits the allegations contained in the third sentence of the first unnumbered paragraph, except Northrop Grumman denies that the contract is known as the "DTS DTR-6 contract;" Northrop Grumman refers to it simply as the "DTS contract." Northrop Grumman admits that the allegations contained in the fourth sentence of the first unnumbered

paragraph summarize the allegations contained in Count I and Count II of Plaintiff's Amended Complaint, but denies the substance of these allegations. To the extent that the allegations in the fourth sentence constitute conclusions of law, and Plaintiff's characterization of its case, no answer is required. Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the fifth and sixth sentences of the first unnumbered paragraph; to the extent a response is required, Northrop Grumman denies the allegations contained in the fifth and sixth sentences. Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the seventh sentence to the extent that they relate to Carlson's communications with the Government and denies the remainder of the allegations. The allegations contained in the eighth sentence of the first unnumbered paragraph constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required. To the extent a response is required, Northrop Grumman denies the allegations.

**Northrop Grumman denies the allegations contained in Heading "A" on page 2 of Plaintiff's Amended Complaint.**

**II.** Northrop Grumman admits the allegations in the first, second, and third sentences of the second unnumbered paragraph. Northrop

Grumman admits the allegations in the fourth sentence of the second unnumbered paragraph to the extent they acknowledge that, even with a fully functional CUI, communications with travel counselors will be required; Northrop Grumman denies the remainder of the allegations contained in the fourth sentence.

**III.** Northrop Grumman admits the allegations contained in the first sentence of the third unnumbered paragraph to the extent that the Solicitation required the CUI to interface with DoD external automated information systems; Northrop Grumman denies the remainder of the allegations contained in the first sentence of the third unnumbered paragraph. Northrop Grumman admits the allegations contained in the second sentence of the third unnumbered paragraph to the extent that the Solicitation sought an approach "that maximizes the use of commercial off-the-shelf (COTS) products;" Northrop Grumman denies the remainder of the allegations contained in the second sentence of the third unnumbered paragraph. Northrop Grumman denies the allegations contained in the third sentence of the third unnumbered paragraph.

**IV.** Northrop Grumman admits the allegations in the first sentence of the fourth unnumbered paragraph. Northrop Grumman denies the

allegations in the second, third, and fourth sentences of the fourth unnumbered paragraph.

**V.** Northrop Grumman admits the allegations contained in the first sentence of the fifth unnumbered paragraph to the extent the allegations identify the receipt of two proposals in response to the DTS solicitation and that Northrop Grumman had extensive experience in performing software systems integration; Northrop Grumman lacks sufficient knowledge to either admit or deny the remaining allegations of the first sentence and, to the extent a response is required, denies the remainder of the allegations contained in the first sentence. As alleged in the second sentence of the fifth unnumbered paragraph, Northrop Grumman admits that it was awarded a contract with an estimated value of $263.7 million in May 1998, but denies the remainder of the allegations contained in the second sentence.

**Northrop Grumman denies the allegations contained in Heading "B" on page 3 of Plaintiff's Amended Complaint.**

**VI.** Northrop Grumman denies the allegations contained in the first sentence of the sixth unnumbered paragraph. To the extent that Plaintiff alleges binding terms or conditions of the contract, Northrop Grumman refers to the contract itself which is the best evidence of the contract

requirements. Northrop Grumman neither admits nor denies the allegations contained in the second sentence of the sixth unnumbered paragraph because it is vague and ambiguous. To the extent a response is required, Northrop Grumman denies the allegations contained in the second sentence. Northrop Grumman admits the allegations contained in the third sentence of the sixth unnumbered paragraph to the extent that the allegations identify delays and technical difficulties; Northrop Grumman denies the remainder of the allegations contained in the third sentence of the sixth unnumbered paragraph. With respect to the fourth sentence of the sixth unnumbered paragraph, Northrop Grumman admits that the Department of Defense Office of Inspector General issued a report on July 1, 2002 regarding the DTS; Northrop Grumman denies the remainder of the allegations contained in the fourth sentence. Northrop Grumman lacks sufficient information or knowledge to form a belief as to the truthfulness of the allegations contained in the fifth sentence of the sixth unnumbered paragraph. To the extent a response is required, Northrop Grumman denies the allegations of the fifth sentence.

**VII.** Northrop Grumman denies the allegations contained in the seventh unnumbered paragraph.

**VIII.** Northrop Grumman admits the allegations contained in the first sentence of the eighth unnumbered paragraph to the extent that Northrop Grumman and the United States engaged in bilateral contract modifications in 2002; Northrop Grumman denies the remainder of the allegations contained in the first sentence of the eighth unnumbered paragraph. Northrop Grumman denies the allegations contained in the second sentence of the eighth unnumbered paragraph. Northrop Grumman denies the allegations contained in the third sentence of the eighth unnumbered paragraph; to the extent Plaintiff's allegations in the third sentence purport to describe the terms or requirements of the Contract, Northrop Grumman refers to the actual contract which is the best evidence of its terms or requirements. To the extent that the allegations in the third sentence constitute conclusions of law, and Plaintiff's characterization of its case, no answer is required. To the extent that a response is required, Northrop Grumman denies the allegations.

**Northrop Grumman denies the allegations contained in Heading "1" on page 4 of Plaintiff's Amended Complaint.**

**IX.** Northrop Grumman denies the allegations contained in the first, second, and third sentences of the ninth unnumbered paragraph. To the extent that the allegations in the first, second, and third sentences purport

to describe the terms or requirements of the Contract or Solicitation, Northrop Grumman refers to the actual contract or solicitation which are the best evidence of their terms or requirements.

**X.** Northrop Grumman denies the allegations contained in the tenth unnumbered paragraph.

**Northrop Grumman denies the allegations contained in Heading "2" on page 5 of Plaintiff's Amended Complaint.**

**XI.** Northrop Grumman denies the allegations contained in the first sentence of the eleventh unnumbered paragraph. Northrop Grumman admits that the CUI was, and is, required to interface with the DEB-X, but denies the remainder of the allegations contained in the second and third sentences of the eleventh unnumbered paragraph. Northrop Grumman admits the allegations contained in the fourth sentence of the eleventh unnumbered paragraph. With regard to the fifth sentence of the eleventh unnumbered paragraph, Northrop Grumman admits that the contract included different methods of connectivity and denies the remainder of the allegations in the fifth sentence of the eleventh unnumbered paragraph.

**XII.** Northrop Grumman denies the allegations contained in the twelfth unnumbered paragraph.

**Northrop Grumman denies the allegations contained in Heading "3" on page 6 of Plaintiff's Amended Complaint.**

**XIII.** Northrop Grumman denies the allegations contained in the first and second sentences of the thirteenth unnumbered paragraph. Northrop Grumman admits the allegations contained in the third sentence of the thirteenth unnumbered paragraph to the extent that the DTS contract requires Northrop Grumman to perform traditional travel services; Northrop Grumman denies the remainder of the allegations contained in the third sentence. Northrop Grumman admits the allegations contained in the fourth and fifth sentences of the thirteenth numbered paragraph to the extent that traditional commercial travel offices are staffed with travel counselors and there are a number of companies that perform such services. Northrop Grumman denies the remainder of the allegations in these sentences. Northrop Grumman denies the allegations contained in the sixth sentence of the thirteenth unnumbered paragraph.

**XIV.** Northrop Grumman denies the allegations contained in the first sentence of the fourteenth unnumbered paragraph. In response to the allegations contained in the second sentence of the fourteenth unnumbered paragraph, Northrop Grumman admits that it entered into a subcontract with Sato Travel to perform travel services, but denies the remaining

allegations contained in the second sentence. Northrop Grumman admits the allegations contained in the third sentence of the fourteenth unnumbered paragraph except to the extent that the contract is known as the DTS Contract and not the DTS DTR 6 contract. Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the fourth and fifth sentences of the fourteenth unnumbered paragraph; to the extent a response is required, Northrop Grumman denies the allegations contained in the fourth and fifth sentences.

**Heading "C" on page 7 of Plaintiff's Amended Complaint states a legal conclusion, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations in this heading.**

**XV.** The first and second sentences of the fifteenth unnumbered paragraph state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations. Northrop Grumman denies the allegations contained in the third and fourth sentences of the fifteenth unnumbered paragraph. Northrop Grumman admits the allegations in the fifth sentence of the fifteenth unnumbered paragraph to the extent that two offerors submitted proposals under the DTS Solicitation and more than two offerors

submitted proposals under the GSA eTravel Solicitation. Northrop Grumman denies the remainder of the allegations contained in the fifth sentence. Northrop Grumman admits the allegations contained in the sixth sentence of the fifteenth unnumbered paragraph. Northrop Grumman admits the allegation in the seventh sentence of the fifteenth unnumbered paragraph to the extent that Carlson proposed a lower price, but Northrop Grumman denies the remainder of the allegations in the seventh sentence, including Plaintiff's characterization of its bid as "substantially lower." The allegations contained in the eighth sentence of the fifteenth unnumbered paragraph state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations. Northrop Grumman denies the allegations contained in the ninth sentence of the fifteenth unnumbered paragraph.

**XVI.** Northrop Grumman denies the allegations contained in the first and second sentences of the sixteenth unnumbered paragraph to the extent that they state alleged facts. To the extent that the allegations contained in the first and second sentence of the sixteenth unnumbered paragraph state legal conclusions, no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations.

**Northrop Grumman lacks sufficient information to admit or deny the allegations contained in Heading "D" on page 8 of Plaintiff's Amended Complaint. To the extent that a response is required, Northrop Grumman denies the allegations in Heading "D" on page 8 of Plaintiff's Amended Complaint.**

**XVII.** Northrop Grumman admits the allegations contained in the first sentence of the seventeenth unnumbered paragraph. Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the second, third, and fourth sentences of the seventeenth unnumbered paragraph; to the extent that a response is required, Northrop Grumman denies the allegations in the second, third, and fourth sentences of the seventeenth unnumbered paragraph.

**XVIII.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the eighteenth unnumbered paragraph; to the extent that a response is required, Northrop Grumman denies the allegations in the eighteenth unnumbered paragraph.

**XIX.** The allegations contained in the nineteenth unnumbered paragraph constitute conclusions of law to which no answer is required. To the extent the nineteenth unnumbered paragraph is deemed an allegation

of fact, Northrop Grumman denies the allegations in the nineteenth unnumbered paragraph.

NUMBERED PARAGRAPHS

**1.** Northrop Grumman admits the allegations contained in paragraph number 1.

**2.** Northrop Grumman admits that the Defendant in this matter is the United States of America. Northrop Grumman admits the allegations contained in paragraph number 2a except that the contract is known as the DTS Contract and not the DTS DTR 6 contract. Northrop Grumman lacks sufficient information to admit or deny the remaining allegations contained in the paragraph number 2; to the extent that a response is required, Northrop Grumman denies the allegations in paragraph number 2.

**3.** The allegations contained in paragraph number 3 state legal conclusions as to which no answer is required. To the extent that a response is required, Northrop Grumman denies the allegations of this paragraph.

**Northrop Grumman neither admits nor denies the allegations contained in Heading "I" on page 10 of Plaintiff's Amended Complaint.**

**4.** Northrop Grumman admits the allegations contained in the first, second, third, and fourth sentences of paragraph number 4 to the extent they identify some of the communities within DOD engaged in official travel and various modes of official travel; Northrop Grumman denies the remainder of the allegations contained in the first, second, third, and fourth sentences of paragraph number 4. Northrop Grumman lacks sufficient information to admit or deny the allegations contained in footnote 1; to the extent that a response is required, Northrop Grumman denies the allegations in footnote 1.

**5.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 5; to the extent that a response is required, Northrop Grumman denies the allegations in paragraph number 5.

**6.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 6; to the extent that a response is required, Northrop Grumman denies the allegations in paragraph number 6.

**7.** Northrop Grumman admits the allegations contained in paragraph number 7 to the extent that they describe a subset of defense

travel management system elements, but deny the remainder of the allegations contained in paragraph number 7.

**8.** Northrop Grumman admits the allegations contained in the first, second, third and fourth sentences of paragraph number 8 to the extent that they relate to some travelers and some locations; Northrop Grumman denies the remainder of the allegations contained in the first, second, third and fourth sentences. Northrop Grumman admits the allegations contained in the fifth sentence of paragraph number 8. Northrop Grumman admits the allegations contained in the sixth sentence of paragraph number 8 to the extent they relate to travelers who receive advances; Northrop Grumman denies the remainder of the allegations contained in the sixth sentence of paragraph number 8. Northrop Grumman admits the allegations contained in the seventh sentence of paragraph number 8 to the extent they relate to ticketed modes of travel; Northrop Grumman denies the remainder of the allegations contained in the seventh sentence of paragraph number 8.

**9.** Northrop Grumman admits the allegations contained in the first sentence of paragraph number 9 to the extent that post-travel is intensive; Northrop Grumman denies the remainder of the allegations contained in the first sentence of paragraph number 9. Northrop Grumman admits the

allegations contained in the second, third, and fourth sentences of paragraph number 9 as applied to some sites; Northrop Grumman denies the remainder of the allegations contained in the second, third, and fourth sentences of paragraph number 9. Northrop Grumman denies the allegations contained in the fifth sentence of paragraph number 9. Northrop Grumman admits the allegations contained in the sixth and seventh sentences of paragraph number 9 as applied to some sites; Northrop Grumman denies the remainder of the allegations in the sixth and seventh sentences of paragraph number 9.

**10.** Northrop Grumman admit the allegations contained in paragraph number 10 as applied to some sites and under some contracts; Northrop Grumman denies the remainder of the allegations.

**Northrop Grumman neither admits nor denies the allegations contained in Heading "II" on page 13 of Plaintiff's Amended Complaint.**

**11.** Northrop Grumman refers to the referenced document as the best evidence of its contents, and to the extent that the allegations in paragraph number 11 are consistent with the contents of the document, Northrop Grumman admits the allegations contained in paragraph number 11, but to the extent that the allegations in paragraph number 11 are

inconsistent with the contents of the document, Northrop Grumman denies the allegations.

**12.** Northrop Grumman refers to the referenced document as the best evidence of its contents and to the extent that the allegations in paragraph number 12 are consistent with the contents of the document, Northrop Grumman admits the allegations contained in paragraph number 12, but to the extent that the allegations in paragraph number 12 are inconsistent with the contents of the document, Northrop Grumman denies the allegations.

**13.** Northrop Grumman admits the allegations in the first, second, third, fourth, fifth, and sixth sentences of paragraph number 13, but notes that to the extent that they purport to describe the terms or requirements of the Contract or Solicitation, Northrop Grumman refers to the actual contract or solicitation which are the best evidence of their terms or requirements. Northrop Grumman admits the allegations contained in the seventh sentence of paragraph number 13 to the extent that the computer generated PNR can be used to provide quality control; Northrop Grumman denies the remainder of the allegations of the seventh sentence of paragraph number 13. Northrop Grumman admits the allegations contained in the eighth and ninth sentences of paragraph number 13 to the

extent that some commercial travel office may follow these practices; Northrop Grumman denies the remainder of the allegations in the eighth and ninth sentences. Northrop Grumman admits the allegations contained in the tenth sentence of paragraph number 13 to the extent that the CUI was intended to reduce the Government's costs; Northrop Grumman denies the remainder of the allegations contained in the tenth sentence of paragraph number 13.

**Northrop Grumman neither admits nor denies the allegations contained in Heading "III" on page 15 of Plaintiff's Amended Complaint.**

**14.** Northrop Grumman refers to the referenced document as the best evidence of its contents and to the extent that the allegations in paragraph number 14 are consistent with the contents of the document, Northrop Grumman admits the allegations contained in paragraph number 14, but to the extent that the allegations in paragraph number 14 are inconsistent with the contents of the document, Northrop Grumman denies the allegations.

**15.** Northrop Grumman denies the allegations contained in the first, second, and third sentences of paragraph number 15. Northrop Grumman

admits the allegations contained in the fourth and fifth sentences of paragraph number 15.

**16.** Northrop Grumman admits the allegations contained in the first sentence of paragraph number 16. Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the second sentence of paragraph number 16; to the extent an affirmative response is required, Northrop Grumman denies the allegations contained in the second sentence of paragraph number 16. Northrop Grumman admits the allegations contained in the third and fourth sentences of paragraph number 16. Northrop Grumman admits the allegations contained in footnote 2.

**17.** Northrop Grumman admits the allegations contained in the first sentence of paragraph number 17 to the extent they identify some of the recipients of traditional travel services in the DTS DTR 6 region; Northrop Grumman denies the remainder of the allegations contained in the first sentence of paragraph number 17. Northrop Grumman denies the remainder of paragraph number 17.

**18.** Northrop Grumman denies the allegations contained in paragraph number 18.

**19.** Northrop Grumman denies the allegations contained in the first sentence of paragraph number 19. Northrop Grumman admits the allegations contained in the second sentence of paragraph number 19 to the extent they identify the functions the contractor was required to perform with respect to the CUI; Northrop Grumman denies the remainder of the allegations contained in the second sentence of paragraph number 19. Northrop Grumman denies the allegations contained in the third sentence of paragraph number 19.

**20.** Northrop Grumman admits the allegations contained in the first sentence, subparts 1 and 2 of paragraph number 20, and denies the allegations contained in the first sentence, subpart number 3.

Northrop Grumman denies the allegations contained in the second, third, fourth, and fifth sentences of paragraph number 20. To the extent that the allegations in the second, third, fourth, and fifth sentences purport to describe the terms or requirements of the Contract or Solicitation, Northrop Grumman refers to the actual contract or solicitation which are the best evidence of their terms or requirements. Northrop Grumman admits the allegations contained in the sixth sentence of paragraph number 20.

**21.** Northrop Grumman admits the allegations contained in the first sentence of paragraph number 21 to the extent that the Solicitation sought

an approach "that maximizes the use of commercial off-the-shelf (COTS) products;" Northrop Grumman denies the remainder of the allegations contained in the first sentence of paragraph number 21. Northrop Grumman denies the allegations contained in the second sentence of paragraph number 21. To the extent that the allegations in paragraph number 21 purport to describe the terms or requirements of the Contract or Solicitation, Northrop Grumman refers to the actual contract or solicitation which are the best evidence of their terms or requirements.

**22.** Northrop Grumman denies the allegations contained in the first sentence of paragraph number 22. Northrop Grumman admits the allegations in the second sentence of paragraph number 22. Northrop Grumman denies the allegations contained in the third sentence of paragraph number 22. Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the fourth and fifth sentences of paragraph number 22; to the extent a response is required, Northrop Grumman denies the allegations contained in the fourth and fifth sentences.

**23.** Northrop Grumman admits the allegations contained in the first sentence of paragraph number 23 to the extent that the Solicitation required offerors to interface or integrate the CUI with local area computer

networks and also propose electronic interfaces; Northrop Grumman denies the remainder of the allegations contained in the first sentence of paragraph number 23. Northrop Grumman admits the allegations contained in the second sentence of paragraph number 23.

**24.** Northrop Grumman admits the allegations contained in the first sentence of paragraph number 24. To the extent that the allegations in the first sentence purports to describe the terms or requirements of the Contract or Solicitation, Northrop Grumman refers to the actual solicitation or Contract which is the best evidence of its terms or requirements. Northrop Grumman denies the allegations contained in the second sentence of paragraph number 24.

**25.** Northrop Grumman denies the allegations contained in paragraph number 25. To the extent that the allegations in paragraph number 25 purport to describe Northrop Grumman's proposal, Northrop Grumman refers to the actual proposal which is the best evidence of its terms or requirements.

**26.** Northrop Grumman admits the allegations contained in the first sentence of paragraph number 26 to the extent that Northrop Grumman proposed a World Wide Website in addition to the required support capabilities. Northrop Grumman denies the remaining allegations

contained in the first sentence of paragraph number 26. Northrop Grumman denies the allegations contained in the second sentence of paragraph number 26. To the extent that the allegations in paragraph number 26 purport to describe the Contract, Solicitation, or Proposal, Northrop Grumman refers to the actual contract, solicitation, or proposal, which are the best evidence of their respective terms, requirements, or representations.

**27.** Northrop Grumman denies the allegations contained in the first sentence of paragraph number 27. Northrop Grumman admits the allegations contained in the second sentence of paragraph number 27 to the extent that the Solicitation also required Northrop Grumman to provide CUI services and denies the remainder of the allegations in the second sentence. Northrop Grumman admits the allegations contained in the third sentence of paragraph number 27 to the extent that American Express was a subcontractor to Northrop Grumman to provide commercial travel services, but denies the remainder of the allegations in this sentence.

**28.** Northrop Grumman admits the allegations contained in paragraph number 28 to the extent that Northrop Grumman understood at the time that in the originally awarded DTS Contract there was no separate pricing structure for the provision of traditional travel services at locations

for which Northrop Grumman had not received a task order to deploy the CUI; Northrop Grumman denies the remainder of the allegations.

**29.** Northrop Grumman admits the allegations in paragraph number 29 except to the extent that it refers to the DTS Solicitation and DTS Contract as the DTS DTR 6 Solicitation and the DTS DTR 6 Contract. Northrop Grumman admits the allegations contained in footnote 3 except to the extent that the DTS Contract is referred to as the DTS DTR 6 Contract.

**30.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 30. To the extent a response is required, Northrop Grumman denies the allegations contained in paragraph number 30.

**31.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 31. To the extent a response is required, Northrop Grumman denies the allegations contained in paragraph number 31.

**32.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 32. To the extent a response is required, Northrop Grumman denies the allegations contained in paragraph number 32.

**33.** Northrop Grumman admits the allegations contained in paragraph number 33.

**Northrop Grumman denies the allegations contained in Heading "IV" on page 21 of Plaintiff's Amended Complaint.**

**34.** Northrop Grumman admits the allegations contained in the first sentence of paragraph number 34 that the DTS contract experienced delays; Northrop Grumman denies the remainder of the allegations contained in the first sentence of paragraph number 34. Northrop Grumman denies the allegations contained in the second sentence of paragraph number 34. Northrop Grumman admits that the quotation in the third sentence of paragraph 34 is contained in the IG report cited, which is the best evidence of its contents; Northrop Grumman otherwise denies the allegations contained in the third sentences of paragraph number 34.

**35.** Northrop Grumman admits that the statements quoted in the first and second sentences of paragraph number 35 appear in the DoD IG Report, and denies the remainder of the allegations in the first and second sentences in paragraph number 35, and notes that the IG report is the best evidence of its contents.

**36.** Northrop Grumman admits that the quotation in the third sentence of paragraph number 36 appears in the DoD IG Report and

denies remainder of the allegations contained in paragraph number 36, and notes that the IG report is the best evidence of its contents.

**37.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 37. To the extent a response is required, Northrop Grumman denies the allegations contained in paragraph number 37.

**38.** Northrop Grumman admits the allegations contained in the first sentence of paragraph number 38 to the extent that it incurred more than $43 million in costs performing the DTS contract; Northrop Grumman denies the remainder of the allegations contained in the first sentence of paragraph number 38. Northrop Grumman denies the allegations contained in the second sentence of paragraph number 38.

**Heading "V" on page 22 of Plaintiff's Amended Complaint states a legal conclusion, as to which no admission or denial is necessary. To the extent a response is required, Northrop Grumman denies the allegations in this heading.**

**39.** Northrop Grumman admits that Modification P00027 was executed on March 29, 2002, Modification P00028 was issued on April 25, 2002 and Modification P00029 was issued on May 23, 2002, but denies the remainder of the allegations contained in paragraph number 39.

**40.** Northrop Grumman denies the allegations contained in the first sentence of paragraph number 40. Northrop Grumman admits the allegations in the second sentence of paragraph number 40 to the extent that P00027 deleted and replaced sections C, G, and H of the DTS contract and made changes to section J; Northrop Grumman denies the remainder of the allegations in the second sentence. To the extent that the allegations in the second sentence purport to characterize the contract or modifications, Northrop Grumman refers to the actual contract or modifications which are the best evidence of their terms or conditions. Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the third and fourth sentences of paragraph number 40; to the extent a response is required, Northrop Grumman denies the allegations contained in the third and fourth sentences of paragraph number 40.

**41.** Northrop Grumman denies the allegations contained in the first and second sentences of paragraph number 41. Northrop Grumman admits the allegations contained in the third sentence of paragraph number 41 to the extent that Modification P00027 added cost reimbursement CLINs for certain limited development activities but denies all other allegations contained in the third sentence of paragraph number 41. Northrop

Grumman denies the allegations contained in the fourth and fifth sentences of paragraph number 41.

**42.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 42. To the extent a response is required, Northrop Grumman denies the allegations contained in paragraph number 42.

**43.** Northrop Grumman denies the allegations contained in the first sentence of paragraph number 43. The allegations in the second sentence of paragraph number 43 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations of the second sentence of this paragraph.

**44.** Northrop Grumman denies the allegations contained in paragraph number 44.

**45.** Northrop Grumman admits the allegations contained in the first sentence of paragraph number 45 to the extent that the Solicitation sought an approach "that maximizes the use of commercial off-the-shelf (COTS) products;" Northrop Grumman denies the remainder of the allegations contained in the first sentence of paragraph number 45. Northrop Grumman denies the allegations contained in the second sentence of paragraph number 45.

**46.** Northrop Grumman admits the allegations contained in the first sentence of paragraph number 46 to the extent that the CUI would be accessible via the NIPRNET; Northrop Grumman denies the remainder of the allegations contained in the first sentence of paragraph number 46. Northrop Grumman denies the allegations contained in the second and third sentences of paragraph number 46.

**47.** Northrop Grumman denies the allegations contained in the first and second sentences of paragraph number 47. To the extent that the third sentence of paragraph number 47 states a legal conclusion, no admission or denial is necessary. To the extent that a response is required and to the extent that it contains factual allegations, Northrop Grumman denies the allegations of the third sentence of paragraph number 47.

**48.** Northrop Grumman admits the allegations contained in the first sentence of paragraph number 48 to the extent that two offers were received by the Government in response to the 1997 solicitation, but denies the remainder of the allegations. Northrop Grumman admits the allegations in the second sentence of paragraph number 48 to the extent that GSA received more than two offers but denies all other allegations contained in the second sentence of paragraph number 48. Northrop Grumman denies the allegations contained in the third sentence of paragraph number 48.

**49.** Northrop Grumman admits the allegations in the first sentence of paragraph number 49 to the extent that Carlson did not submit a proposal in response to the DTS Solicitation, but lacks sufficient information to admit or deny the remainder of the allegations in the first sentence; to the extent that a response is required, Northrop Grumman denies the remainder of the allegations in the first sentence. Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the second, third, and fourth sentences to the extent that they set forth the reasons why Carlson was unable to compete for the DTS Contract; to the extent a response is required, Northrop Grumman denies the allegations contained in the second, third and fourth sentences of paragraph number 49.

**50.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 50; to the extent a response is required, Northrop Grumman denies the allegations contained in paragraph number 50.

**51.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the first sentence of paragraph number 51; to the extent a response is required, Northrop Grumman denies the allegations contained in the first sentence of paragraph number 51. With

regard to the first sentence, however, Northrop Grumman notes that Carlson chose not to compete in March 2002 for a traditional travel services subcontractor under the DTS contract. Northrop Grumman denies the allegations contained in the second, third and fourth sentences of paragraph number 51. Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the fifth sentence of paragraph number 51; to the extent a response is required, Northrop Grumman denies the allegations contained in the fifth sentence of paragraph number 51. Northrop Grumman admits the allegations contained in the sixth sentence of paragraph number 51 to the extent that Carlson, TRW/Northrop Grumman, and EDS received eTravel contracts; Northrop Grumman denies the remaining allegations contained in the sixth sentence of paragraph number 51.

**52.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the first sentence of paragraph number 52; to the extent a response is required, Northrop Grumman denies the allegations contained the first sentence of paragraph number 52. Northrop Grumman denies the allegations contained in the second sentence of paragraph number 52. Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the third sentence of paragraph

number 52; to the extent a response is required, Northrop Grumman denies the allegations contained the third sentence of paragraph number 52.

**Northrop Grumman denies the allegations contained in Heading "VI" on page 27 of Plaintiff's Amended Complaint.**

**53.** Northrop Grumman denies the allegations contained in the first sentence of paragraph number 53. Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the second, third and fourth sentences of paragraph number 53; to the extent a response is required, Northrop Grumman denies the allegations contained in the second, third and fourth sentences of paragraph number 53.

**54.** Northrop Grumman denies the allegations contained in the first and fourth sentences of paragraph number 54. Northrop Grumman admits the allegations contained in the second sentence of paragraph number 54. Northrop Grumman admits the allegations contained in the third sentence of paragraph number 54 to the extent the language in quotations appears in a March 5, 2002 email; Northrop Grumman denies the remainder of the allegations contained in the third sentence of paragraph number 54. To the extent the allegations contained in paragraph number 54 purport to describe or summarize written or electronic documents, Northrop Grumman

refers to those written or electronic documents as the best evidence of their terms.

**55.** Northrop Grumman admits the allegations contained in the first sentence of paragraph number 55 to the extent that the modification altered the method of payment in accordance with contract clause H.6; Northrop Grumman denies all other allegations contained in the first sentence of paragraph number 55. Northrop Grumman admits the allegations in the second sentence of paragraph number 55 to the extent that Modification P00029 included a "Prime Contractor Fee for Travel Services of 5% but denies the remainder of the allegations contained in the second sentence of paragraph number 55. To the extent the allegations contained in paragraph number 55 purport to summarize the Modification, Northrop Grumman refers to the actual Modification, which is the best evidence of its contents.

**56.** The allegations contained in paragraph number 56 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations of this paragraph.

**57.** Northrop Grumman denies the allegations contained in the first sentence of paragraph number 57. Northrop Grumman admits the

allegations contained in the second sentence of paragraph number 57 to the extent that Northrop Grumman terminated its subcontract with American Express and issued a solicitation to travel service vendors, including Carlson, to provide travel services and that, thereunder, Carlson decided not to compete and SATO was ultimately selected for the subcontract. Northrop Grumman denies the remainder of the allegations in the second sentence of paragraph number 57. Northrop Grumman admits the allegations contained in the third sentence of paragraph number 57 to the extent that SATO Travel received a subcontract to provide commercial travel services for DTR 6; Northrop Grumman denies the remainder of the allegations contained in the third sentence of paragraph number 57.

**58.** Northrop Grumman admits the allegations contained in the first sentence of paragraph number 58. Northrop Grumman admits the allegations contained in the second sentence of paragraph number 58 to the extent that Northrop Grumman and the Government engaged in discussions concerning having two different subcontractors, one to perform travel services using the DTS CUI, and the second to provide traditional travel services; Northrop Grumman denies the remainder of the allegations in the second sentence. Northrop Grumman admits that the language

quoted in the third sentence is an accurate quotation from the letter but otherwise denies the allegations of the third sentence.

**59.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 59; to the extent a response is required, Northrop Grumman denies the allegations contained in paragraph number 59. Northrop Grumman notes that the DTS was being used operationally beginning in 2002.

**60.** Northrop Grumman admits the allegations contained in the first sentence of paragraph number 60. Northrop Grumman admits the allegations contained in the second sentence of paragraph number 60 to the extent that Commercial Travel Office services under the tradition travel management system are more labor-intensive than a CUI but denies the remainder of the allegations in this sentence. Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the third sentence of paragraph number 60; to the extent that a response is required, Northrop Grumman denies the allegations in the third sentence of paragraph number 60.

**61.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 61; to the extent a response

is required, Northrop Grumman denies the allegations contained in paragraph number 61.

**62.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the first, second, and third sentences of paragraph number 62. To the extent a response is required, the allegations contained in the first, second, and third sentences of paragraph number 62 are denied. Northrop Grumman denies the allegations contained in the fourth sentence of paragraph number 62 inasmuch as the services were competitively procured in 2002 and Carlson chose not to compete for the contract.

**Northrop Grumman denies the allegations contained in Heading "VII" on page 30 of Plaintiff's Amended Complaint.**

**63.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 63; to the extent a response is required, Northrop Grumman denies the allegations in paragraph number 63.

**64.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 64; to the extent a response is required, Northrop Grumman denies the allegations in paragraph number 64.

**65.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 65; to the extent a response is required, Northrop Grumman denies the allegations in paragraph number 65.

**66.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 66; to the extent a response is required, Northrop Grumman denies the allegations in paragraph number 66.

**67.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 67; to the extent a response is required, Northrop Grumman denies the allegations in paragraph number 67.

**68.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 68; to the extent a response is required, Northrop Grumman denies the allegations in paragraph number 68.

**69.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 69; to the extent a response is required, Northrop Grumman denies the allegations in paragraph number 69.

**70.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 70; to the extent a response is required, Northrop Grumman denies the allegations in paragraph number 70.

**71.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 71; to the extent a response is required, Northrop Grumman denies the allegations in paragraph number 71.

**72.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 72; to the extent a response is required, Northrop Grumman denies the allegations in paragraph number 72.

**73.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the first sentence of paragraph number 73; to the extent a response is required, Northrop Grumman denies the allegations in the first sentence of paragraph number 73. Northrop Grumman admits the allegation in the second sentence of paragraph number 73 that in response to Carlson's Motion for Preliminary Injunction, the Government agreed that it will not transfer the travel requirements for

the three states to the Restructured DTS Contract being performed by Northrop Grumman and Sato Travel pending the outcome of this litigation.

**74.** Northrop Grumman denies the allegations contained in the Count I heading and incorporates by reference its responses to paragraph numbers 1-73 in response to paragraph number 74.

**75.** The allegations contained in paragraph number 75 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations of this paragraph.

**76.** The allegations contained in paragraph number 76 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations of this paragraph.

**77.** The allegations contained in paragraph number 77 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations of this paragraph.

**78.** Northrop Grumman denies the allegations in the first sentence in paragraph number 78. Northrop Grumman admits the allegations in the second sentence of paragraph number 78 to the extent that the DTS

Solicitation required offerors to have the ability to perform the required scope of work and denies the remainder of the allegations in the second sentence of paragraph number 78. Northrop Grumman denies the allegations in the third and fourth sentences of paragraph number 78.

**79.** Northrop Grumman denies the allegations in paragraph number 79.

**80.** Northrop Grumman denies the allegations in paragraph number 80.

**81.** The allegations contained in paragraph number 81 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations of this paragraph.

**82.** The allegations contained in the first sentence of paragraph number 82 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations in the first sentence of this paragraph. Northrop Grumman denies the allegations in the second and third sentences of paragraph number 82.

**83.** The allegations contained in paragraph number 83 state legal conclusions, as to which no admission or denial is necessary. To the

extent that a response is required, Northrop Grumman denies the allegations in this paragraph.

**84.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the first sentence of paragraph number 84; to the extent a response is required, Northrop Grumman denies the allegations in the first sentence of paragraph number 84. Northrop Grumman denies the allegations in the second sentence of paragraph number 84. The allegations in the third and fourth sentences state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations in the third and fourth sentences in this paragraph.

**85.** The allegations contained in the first sentence of paragraph number 85 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations in the first sentence of this paragraph. Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the second, third, fourth, and fifth sentences in paragraph number 85; to the extent a response is required, Northrop Grumman denies the allegations second, third, fourth, and fifth sentences in paragraph number 85.

**86.** The allegations contained in paragraph number 86 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations in this paragraph.

**87.** The allegations contained in the Count II heading state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations in the Count II heading. Northrop Grumman incorporates by reference its responses to paragraph numbers 1-86 as if fully set forth herein in response to paragraph number 87.

**88.** The allegations contained in paragraph number 88 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations in this paragraph.

**89.** The allegations contained in paragraph number 89 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations in this paragraph.

**90.** The allegations contained in the first sentence of paragraph number 90 constitute legal conclusions to which no answer is required; to

the extent a response is required, Northrop Grumman denies the allegations. Northrop Grumman denies the remainder of the allegations in paragraph number 90.

**91.** The allegations contained in paragraph number 91 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations in this paragraph.

**92.** The allegations contained in paragraph number 92 state mixed issues of fact and law, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations in this paragraph.

**93.** Northrop Grumman neither admits nor denies the heading of Count III. Northrop Grumman incorporates by reference its responses to paragraph numbers 1-92 as if fully set forth herein in response to paragraph number 93.

**94.** The allegations contained in paragraph number 94 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations in this paragraph.

**95.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 95; to the extent a response is required, Northrop Grumman denies the allegations in paragraph number 95.

**96.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the first sentence of paragraph number 96; to the extent a response is required, they are denied. The allegations contained in the second sentence of paragraph number 96 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations in the second sentence of this paragraph.

**97.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in the first and second sentences of paragraph number 97; to the extent a response is required, they are denied. The allegations contained in the third sentence of paragraph number 97 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations in the third sentence of this paragraph.

**98.** Northrop Grumman lacks sufficient information to admit or deny the allegations contained in paragraph number 98; to the extent a response is required, they are denied.

**99.** The allegations contained in the first sentence of paragraph number 99 state legal conclusions, as to which no admission or denial is necessary; to the extent that a response is required, Northrop Grumman denies the allegations in the first sentence of paragraph number 99. The first sentence of paragraph number 99 also raises factual allegations as to which Northrop Grumman lacks sufficient information to admit or deny the factual allegations contained in the first sentence paragraph number 99; to the extent a response is required, they are denied. Northrop Grumman lacks sufficient information to admit or deny the allegations in the second sentence of paragraph number 99; to the extent that a response is required, Northrop Grumman denies the allegations in the second sentence of paragraph number 99.

**100.** The allegations contained in paragraph number 100 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations in this paragraph.

**101.** The allegations contained in paragraph number 101 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations in this paragraph.

**102.** The allegations contained in paragraph number 102 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations in this paragraph.

**103.** The allegations contained in paragraph number 103 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations in this paragraph.

**104.** The allegations contained in paragraph number 104 state legal conclusions, as to which no admission or denial is necessary. To the extent that a response is required, Northrop Grumman denies the allegations in this paragraph.

**Northrop Grumman denies the allegations in the request for relief.**

## AFFIRMATIVE DEFENSES

1. Northrop Grumman asserts the defense of lack of subject matter jurisdiction.

2. Northrop Grumman asserts the defense of failure to state a claim.

3. Northrop Grumman asserts the defense of waiver.

4. Northrop Grumman asserts the defense of lack of standing.

5. Northrop Grumman asserts the defense of laches.

Wherefore, Intervenor Northrop Grumman respectfully requests that the Court enter judgment in its favor, order that the Amended Complaint be dismissed, with prejudice, and grant Northrop Grumman such other and further relief as the Court may be deem just and proper.

DATED: December 8, 2003 Respectfully submitted,

*/S/ John W. Chierichella*

John W. Chierichella
Anne B. Perry
Sheppard, Mullin, Richter & Hampton
1300 I Street, NW, 11th Floor East
Washington, DC 20005
202-218-0000
202-218-0020, fax

**CERTIFICATE OF FILING**

I hereby certify that on December 8, 2003, a copy of the foregoing NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION'S [PROPOSED] ANSWER TO PLAINTIFF'S AMENDED COMPLAINT was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access these filings through the Court's system.

*/S/ John W. Chierichella*
John W. Chierichella