IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CW GOVERNMENT TRAVEL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-1274 |
| | ) | (Judge Baskir) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO AMENDED COMPLAINT

For its answer to the amended complaint, defendant admits, denies, and alleges as follows:

UNNUMBERED PARAGRAPHS[1]

I. Admits the allegations contained in the first, second and third sentences of the first unnumbered paragraph. The allegations contained in the fourth sentence of the first unnumbered paragraph constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required. Admits the allegations contained in the fifth and sixth sentences of the first unnumbered paragraph. Admits the allegations contained in the seventh sentence of the first unnumbered paragraph to the extent they identify Government advice concerning the transfer of certain travel management services; denies the remainder of the allegations in the seventh sentence of the first unnumbered paragraph. The allegations contained in the eighth sentence of the first unnumbered paragraph constitute conclusions of law, and plaintiff's

[1]On December 1, 2003, we submitted a motion to strike portions of the amended complaint, including the unnumbered paragraphs and paragraphs 22 (sentences 3-5), 40-52, 58, 59, 62, 82, and 84. The motion is currently pending. Although we provide responses to the portions of the amended complaint addressed in the motion, our responses should in no way be construed as a waiver of the motion to strike.

characterization of its case, to which no answer is required.

A. Denies the allegations contained in the heading labeled "A" preceding the second unnumbered paragraph.

II. Admits the allegations contained in the first and second sentences of the second unnumbered paragraph. Admits the allegations contained in the third sentence of the second unnumbered paragraph to the extent they contend the CUI software would eliminate many CTO functions and enable other functions to be performed centrally; denies the remainder of the allegations contained in the third sentence of the second unnumbered paragraph. Denies the allegations contained in the fourth sentence of the second unnumbered paragraph.

III. Admits the allegations contained in the first sentence of the third unnumbered paragraph. Admits the allegations contained in the second sentence of the third unnumbered paragraph to the extent it identifies the contractor's requirement to utilize Commercial-Off-The-Shelf" ("COTS") computer software; denies the remainder of the allegations contained in the second sentence of the third unnumbered paragraph. Denies the allegations contained in the third sentence of the third unnumbered paragraph. Denies the allegations contained in the fourth and fifth sentences of the third unnumbered paragraph.

IV. Admits the allegations contained in the first sentence of the fourth unnumbered paragraph. Denies the allegations contained in the second, third and fourth sentences of the fourth unnumbered paragraph.

V. Admits the allegations contained in the first sentence of the fifth unnumbered paragraph. Admits the allegations contained in the second sentence of the fifth unnumbered paragraph to the extent they contend DoD awarded a $263.7 million contract to BDM

International, Inc., which was acquired by TRW Inc., which was then purchased by Northrop Grumman Corporation and renamed Northrop Grumman Space & Mission Systems Corporation; denies the remainder of the allegations contained in the second sentence of the fifth unnumbered paragraph.

B. Denies the allegations contained in the heading labeled "B" preceding the sixth unnumbered paragraph.

VI. Denies the allegations contained in the first and second sentences of the sixth unnumbered paragraph. Admits the allegations contained in the third sentence of the sixth unnumbered paragraph to the extent they identify extensive delay and technical difficulties with respect to the development of the CUI; denies the remainder of the allegations contained in the third sentence of the sixth unnumbered paragraph. Admits the allegations in the fourth sentence of the sixth unnumbered paragraph to the extent they point out that the Department of Defense Office Of Inspector General issued a report dated July 1, 2002; denies the remainder of the allegations contained in the fourth sentence of the sixth unnumbered paragraph. Denies the allegations contained in the fifth sentence of the sixth unnumbered paragraph.

VII. Denies.

VIII. Admits the allegations contained in the first sentence of the eighth unnumbered paragraph to the extent they note that the parties engaged in bilateral contract modifications in 2002; denies the remainder of the allegations contained in the first sentence of the eighth unnumbered paragraph. Denies the allegations contained in the second sentence of the eighth unnumbered paragraph. The allegations contained in the third sentence of the eighth unnumbered paragraph constitute conclusions of law, and plaintiff's characterization of its case,

to which no answer is required.

1. Denies the allegations contained in the heading labeled "1" preceding the ninth unnumbered paragraph.

IX. Denies.

X. Denies.

2. Denies the allegations contained in the heading labeled "2" preceding the eleventh unnumbered paragraph

XI. Denies the allegations contained in the first and second sentences of the eleventh unnumbered paragraph. Admits the allegations contained in the third and fourth sentences of the eleventh unnumbered paragraph. Denies the allegations contained in the fifth sentence of the eleventh unnumbered paragraph.

XII. Denies.

3. Denies the allegations contained in the heading labeled "3" preceding the thirteenth unnumbered paragraph.

XIII. The allegations contained in the first sentence of the thirteenth unnumbered paragraph constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of the thirteenth unnumbered paragraph. Admits the allegations contained in the third sentence of the thirteenth unnumbered paragraph to the extent they contend the restructured contract required TRW to perform traditional travel services; denies the remainder of the allegations contained in the third sentence of the thirteenth unnumbered paragraph. Admits the

allegations contained in the fourth sentence of the thirteenth unnumbered paragraph to the extent they contend CTO services are labor intensive; denies the remainder of the allegations contained in the fourth sentence of the thirteenth unnumbered paragraph. Admits the allegations contained in the fifth sentence of the thirteenth unnumbered paragraph to the extent they contend companies other than Carlson compete to provide CTO services; denies the remainder of the allegations contained in the fifth sentence of the thirteenth unnumbered paragraph. Denies the allegations contained in the sixth sentence of the thirteenth unnumbered paragraph.

XIV. Denies the allegations contained in the first sentence of the fourteenth unnumbered paragraph. Admits the allegations contained in the second sentence of the fourteenth unnumbered paragraph to the extent they contend Sato Travel subcontracted to provide travel services under the restructured contract; denies the remainder of the allegations contained in the second sentence of the fourteenth unnumbered paragraph. Admits the allegations contained in the third sentence of the fourteenth unnumbered paragraph. Admits the allegations contained in the fourth sentence of the fourteenth unnumbered paragraph to the extent they contend the Sato contracts were extended; denies the remainder of the allegations contained in the fourth sentence of the fourteenth unnumbered paragraph. Admits the allegations contained in the fifth sentence of the fourteenth unnumbered paragraph to the extent they note that the Government agreed to pay higher fees to TRW than the fees paid to Sato Travel or Carlson under traditional travel service contracts; denies the remainder of the allegations contained in the fifth sentence of the fourteenth unnumbered paragraph.

C. Denies the allegations contained in the heading labeled "C" preceding the fifteenth unnumbered paragraph.

XV. Denies the allegations contained in the first five sentences of the fifteenth unnumbered paragraph. Admits the allegations contained in the sixth sentence of the fifteenth unnumbered paragraph. Denies the allegations contained in the seventh sentence of the fifteenth unnumbered paragraph for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the eighth and ninth sentences of the fifteenth unnumbered pararaph.

XVI. Denies.

D. Denies the allegations contained in the heading labeled "D" preceding the XVII unnumbered paragraph

XVII. Admits.

XVIII. Admits the allegations contained in the first sentence of the eighteenth unnumbered paragraph to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of the eighteenth unnumbered paragraph. Admits the allegations contained in the second sentence of the eighteenth unnumbered paragraph. Denies the allegations contained in the third, fourth and fifth sentences of the eighteenth unnumbered paragraph.

## NUMBERED PARAGRAPHS

1. Admits.

2. Admits.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in the first, second, third and fourth sentences of paragraph 4 to the extent they identify some of the communities within DoD engaged in official travel and various modes of official travel; denies the remainder of the allegations contained in the first, second, third and fourth sentences of paragraph 4. Denies the allegations contained in the footnote to paragraph 4.

5. Admits.

6. Admits.

7. Admits.

8. Admits the allegations contained in the first sentence of paragraph 8. Denies the allegations contained in the second sentence of paragraph 8. Admits the allegations contained in the third, fourth and fifth sentences of paragraph 8. Admits the allegations contained in the sixth sentence of paragraph 8 to the extent they relate to travelers who receive advances; denies the remainder of the allegations contained in the sixth sentence of paragraph 8. Admits the allegations contained in the seventh sentence of paragraph 8 to the extent they relate to ticketed modes of travel; denies the remainder of the allegations contained in the seventh sentence of paragraph 8.

9. Admits the allegations contained in the first sentence of paragraph 9. Admits the allegations contained in the second, third and fourth sentences of paragraph 9 as applied to some sites; denies the remainder of the allegations contained in the second, third and fourth sentences of paragraph 9. Denies the allegations contained in the fifth sentence of paragraph 9. Admits the allegations contained in the sixth sentence of paragraph 9. Admits the allegations contained in the seventh sentence of paragraph 9 as applied to travel involving an advance; denies the

remainder of the allegations contained in the seventh sentence of paragraph 9.

10. Admits the allegations contained in the first, second, third, fourth, fifth and sixth sentences of paragraph 10. Admits the allegations contained in the seventh, eighth and ninth sentences of paragraph 10 to the extent they apply to a travel transaction involving centrally billed accounts; denies the remainder of the allegations contained in the seventh, eighth and ninth sentences of paragraph 10. Admits the allegations contained in the tenth sentence of paragraph 10.

11. Admits.

12. Admits.

13. Admits the allegations contained in the first, second, third, fourth, fifth, sixth, and seventh sentences in paragraph 13 to the extent they identify the CUI as a component of DTS and contend the functions CTO's will perform will be assisted by the CUI; denies the remainder of the allegations contained in the first, second, third, fourth, fifth, sixth, and seventh sentences in paragraph 13. Admits the allegations contained in the eighth sentence of paragraph 13 to the extent they acknowledge that even with a fully functional CUI, communications with travel counselors will be required; denies the remainder of the allegations contained in the eighth sentence of paragraph 13. Denies the allegations contained in the ninth sentence of paragraph 13. Admits the allegations contained in the tenth sentence of paragraph 13.

14. Admits.

15. Denies the allegations contained in the first and second sentences of paragraph 15. Admits the allegations contained in the third sentence of paragraph 15 to the extent they note that regional travel service contracts for regions other than DTS DTR6 would transition to DTS over

a period of time; denies the remainder of the allegations contained in the third sentence of paragraph 15. Admits the allegations contained in the fourth and fifth sentences of paragraph 15.

16. Admits.

17. Admits the allegations contained in the first sentence of paragraph 17 to the extent they identify some of the recipients of traditional travel services in the DTS DTR6 region; denies the remainder of the allegations contained in the first sentence of paragraph 17. Denies the remainder of paragraph 17.

18. Denies.

19. Denies the allegations contained in the first sentence of paragraph 19. Admits the allegations contained in the second sentence of paragraph 19 to the extent they identify the functions the contractor was required to perform with respect to the CUI; denies the remainder of the allegations contained in the second sentence of paragraph 19. Denies the allegations contained in the third sentence of paragraph 19.

20. Admits the allegations contained in subparts (1) and (2) of paragraph 20. Denies the allegations contained in subpbart (3) of paragraph 20. Denies the allegations contained in second, third, fourth and fifth sentences of paragraph 20. Admits the allegations contained in the sixth sentence of paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the Solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Denies the allegations contained in the first sentence of paragraph 22. Admits the allegations in the second sentence of paragraph 22 to the extent they contend access to the DTS

CUI was through the NIPRNET; denies the remainder of the allegations in the second sentence of paragraph 22. Denies the allegations contained in the third sentence of paragraph 22. Admits the allegations contained in the fourth sentence of paragraph 22. Denies the allegations contained in the fifth sentence of paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Admits the allegations contained in paragraph 23 to the extent they are supported by the Solicitation cited, which is the best evidence of its contents; ;otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in the first sentence of paragraph 24. Denies the allegations contained in the second sentence of paragraph 24.

25. Denies.

26. Admits the allegations contained in paragraph 26 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 26.

27. Denies.

28. Denies the allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Admits.

30. Admits the allegations contained in the first sentence of paragraph 30. Admits the allegations contained in the second sentence of paragraph 30 to the extent they indicate that traditional travel service contracts would be phased out as the CUI was implemented across the country; denies the remainder of the allegations contained in the second sentence of paragraph

30.

31. Admits the allegations contained in the first, second, third and fourth sentences of paragraph 31. Denies the allegations contained in the fifth sentence of paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. Admits the allegations contained in the first sentence of paragraph 32. Admits the allegations contained in the second sentence of paragraph 32 to the extent they acknowledge that Carlson contracts were extended for various periods rather than just in six month increments; denies the remainder of the allegations contained in the second sentence of paragraph 32. Admits the allegations contained in the third and fourth sentences of paragraph 30.

33. Admits.

34. Admits the allegations contained in the first sentence of paragraph 34 that the DTS DTR-6 contract experienced delays; denies the remainder of the allegations contained in the first sentence of paragraph 34. Admits the allegations contained in the second and third sentences of paragraph 34 to the extent supported by the IG report cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 34.

35. Admits the allegations contained in paragraph 35 to the extent supported by the IG report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent supported by the IG report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37. Denies the allegations contained in the first sentence of paragraph 37. Admits the allegations contained in the second and third sentences of paragraph 37 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 37.

38. Admits the allegations contained in the first sentence of paragraph 38. Denies the allegations contained in the second sentence of paragraph 38.

39. Admits the allegations in paragraph 39 to the extent they note that TRW and DoD entered into bilateral modifications in early 2002; denies the remainder of the allegations in paragraph 39.

40. Admits the allegations contained in paragraph 40 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegations contained in paragraph 41 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Admits the allegations contained in paragraph 42 to the extent supported by the memorandum cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43. Denies the allegations contained in the first sentence of paragraph 43 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 43 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

44. Denies.

45. Admits the allegations contained in the first sentence of paragraph 45. Denies the allegations contained in the second sentence of paragraph 45.

46. Admits the allegations contained in the first sentence of paragraph 46 to the extent that the CUI would be accessible via the NIPRNET; denies the remainder of the allegations contained in the first sentence of paragraph 46. Denies the allegations contained in the second and third sentences of paragraph 46.

47. Denies the allegations contained in the first and second sentences of paragraph 47. The allegations contained in the third sentence of paragraph 47 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied..

48. Admits the allegations contained in the first sentence of paragraph 48 to the extent that MTMC received only two offers in response to the RFP for the DTS DTR6 solicitation; denies the remainder of the allegations contained in the first sentence of paragraph 48. Denies the allegations contained in the second sentence of paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 48 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 48.

49. Denies the allegations contained in paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth.

50. Denies the allegations contained in paragraph 50 for lack of knowledge or

information sufficient to form a belief as to their truth.

51. Denies the allegations contained in the first and second sentences of paragraph 51. Denies the allegations contained in the third, fourth, fifth, and sixth sentences contained in paragraph 51 for lack of knowledge or information sufficient to form a belief as to their truth.

52. Denies the allegations contained in paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth.

53. Denies the allegations contained in the first sentence of paragraph 53. Admits the allegations contained in the second sentence of paragraph 53. Admits the allegations contained in the third sentence of paragraph 53 to the extent the Army extended the Sato Travel DTR-3 contract on a sole source basis; denies the remainder of the allegations contained in the third sentence of paragraph 53. Denies the allegations contained in the fourth sentence of paragraph 53.

54. Admits the allegations contained in the first sentence of paragraph 54 to the extent that the DTS PMO prepared a Statement of Work for traditional and CUI-assisted travel services; denies the remainder of the allegations contained in the first sentence of paragraph 54. Admits the allegations contained in the second and third sentences of paragraph 54 to the extent supported by the contracting officer's alleged letters, which are the best evidence of their contents; otherwise denies the allegations contained in the second and third sentences of paragraph 54. Denies the allegations contained in the fourth sentence of paragraph 54.

55. Admits the allegations contained in the first sentence of paragraph 55 to the extent Contract Modification P000029 revised the pricing CLINS for travel services; denies the remainder of the allegations contained the first sentence of paragraph 55. Admits the allegations

contained in the second sentence of paragraph 55.

56. Denies.

57. Denies the allegations contained in the first sentence of paragraph 57 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 57 to the extent they note that TRW negotiated a subcontract with Sato Travel to provide travel services throughout the DTR-6 region; denies the remainder of the allegations contained in the second sentence of paragraph 57. Admits the allegations contained in the third sentence of paragraph 57 to the extent they note that the subcontract requires Sato Travel to provide CUI-assisted travel services throughout the DTR-6 region; denies the remainder of the allegations contained in the third sentence of paragraph 57.

58. Admits the allegations contained in paragraph 58 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 58.

59. Denies.

60. Admits the allegations contained in the first and second sentences of paragraph 60. Denies the allegations contained in the third sentence of paragraph 60.

61. Denies the allegations contained in the first sentence of paragraph 61. Admits the allegations contained in the second sentence of paragraph 61. Denies the allegations contained in the third sentence of paragraph 61.

62. Denies the allegations contained in the first and second sentences of paragraph 62 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third and fourth sentences of paragraph 62.

63. Admits.

64. Admits the allegations contained in paragraph 64 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 64.

65. Admits the allegations contained in paragraph 65 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 65.

66. Admits the allegations contained in the first sentence of paragraph 66 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 66. Denies the allegations contained in the second sentence of paragraph 66.

67. Admits the allegations contained in paragraph 67 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 67.

68. Admits the allegations contained in paragraph 68 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 68.

69. Admits the allegations contained in paragraph 69 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 69.

70. Admits the allegations contained in paragraph 70 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained

in paragraph 70.

71. Denies the allegations contained in the first sentence of paragraph 71 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 71. Denies the allegations contained in the third sentence of paragraph 71.

72. Denies.

73. Admits the allegations contained in the first sentence of paragraph 73. Admits the allegations contained in the second sentence of paragraph 73 to the extent they describe the Government's agreement with respect to the transfer of travel requirements to the DTS DTR 6 contract; denies the remainder of the allegations contained in the second sentence of paragraph 73.

74. Defendant's responses to paragraphs 1 through 73 are incorporated by reference.

75. The allegations contained in paragraph 75 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

76. The allegations contained in paragraph 76 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

77. The allegations contained in paragraph 77 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

78. Denies the allegations contained in the first sentence of paragraph 78. Admits the allegations contained in the second sentence of paragraph 78 to the extent they suggest that offerors which demonstrated experience in software integration were more likely to win awards than those which did not; denies the remainder of the allegations contained in the second

sentence of paragraph 78. Denies the allegations contained in the third and fourth sentences of paragraph 58.

79. Denies.

80. Denies.

81. The allegations contained in paragraph 81 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

82. The allegations contained in the first sentence of paragraph 82 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second and third sentences of paragraph 82.

83. Denies.

84. Admits the allegations contained in the first sentence of paragraph 63, except that the date through which Sato Travel had provided traditional travel services under the Army contract should read February 11, 2003, rather than October 2002. Denies the allegations contained in the second, third, and fourth sentences of paragraph 84.

85. Denies the allegations contained in the first sentence of paragraph 85. Denies the allegations contained in the second, third, fourth and fifth sentences of paragraph 85 for lack of knowledge or information sufficient to form a belief as to their truth.

86. Denies.

87. Defendant's responses to paragraphs 1 through 86 are incorporated by reference.

88. Denies.

89. The allegations contained in paragraph 89 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

90. The allegations contained in the first sentence of paragraph 90 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second and third sentences of paragraph 90.

91. The allegations contained in paragraph 91 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

92. The allegations contained in the first sentence of paragraph 92 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second, third and fourth sentences of paragraph 92.

93. Defendant's responses to paragraphs 1 through 92 are incorporated by reference.

94. The allegations contained in paragraph 94 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

95. Admits the allegations contained in paragraph 95 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 95.

96. Admits the allegations contained in the first sentence of paragraph 96 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 96. Denies the remainder of the allegations contained in paragraph 96.

97. Admits the allegations contained in the first and second sentences of paragraph

97. Denies the allegations contained in the third sentence of paragraph 97.

98. Admits the allegations contained in the first sentence of paragraph 98 concerning the contracting officer's rescission of the order; denies the remainder of the allegations contained in the first sentence of paragraph 98. Denies the allegations contained in the second sentence of paragraph 98.

99. Admits the allegations contained in the first sentence of paragraph 99 to the extent supported by the notification cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 99. Denies the allegations in the second sentence of paragraph 99.

100. The allegations contained in paragraph 100 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

101. The allegations contained in paragraph 101 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

102. Denies.

103. Denies.

104. Admits the allegations contained in the first sentence of paragraph 104. Denies the allegations contained in the second sentence of paragraph 104. Denies the allegations contained in the third sentence of paragraph 104.

105. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 104, or to any relief whatsoever.

106. Denies each and every allegation not previously admitted or otherwise qualified.

DEFENSES AND AFFIRMATIVE DEFENSES

107. Defendant asserts the defense of failure to state a claim.

108. Defendant asserts the defense of waiver.

109. Defendant asserts the defense of lack of standing.

112. Defendant asserts the defense of lack of ripeness.

113. Defendant asserts the defense of laches.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the amended complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

FRANKLIN E. WHITE, JR.
Assistant Director

s/ David A. Levitt

DAVID A. LEVITT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0309
Fax: (202) 514-7965

Attorneys for Defendant

Date: December 9, 2003

.

Certificate Of Filing

I hereby certify that on December 9, 2003, a copy of the foregoing Defendant's Answer To Amended Complaint was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/David A. Levitt