# In The United States Court of Federal Claims

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 03-1274<br>Judge Lawrence M. Baskir |

## [INTERVENOR] NORTHROP GRUMMAN SPACE AND MISSION SYSTEMS CORPORATION'S MOTION TO DISMISS AND IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

Pursuant to Rules 12(b) and 56(a) of Rules of the Court of Federal Claims ("RCFC"), [Intervenor] Northrop Grumman Space and Mission Systems Corporation ("Northrop Grumman"), joins the defendant United States in respectfully requesting that the Court to dismiss the amended complaint of plaintiff CW Government Travel, Inc. ("Carlson") or, in the alternative, to award a summary judgment on the amended complaint in favor of the United States. The basis for this motion is that this Court lacks subject matter jurisdiction over the claims in the amended complaint and the amended complaint fails to state a claim upon which relief can be

granted. In the alternative, the motion demonstrates by undisputed facts that the claims in the amended complaint lack merit as a matter of law.

In support of this motion, we rely upon the amended complaint, the United States' answer and Northrop Grumman's proposed answer to the amended complaint, the memorandum of points and authorities in support of the United States' and this motion, the appendix to the United States' motion, and the entire record herein.

Wherefore, for the reasons set forth in the United States, and our attached memorandum to support the motion to dismiss or for summary judgment, we respectfully request that the motion be granted.

DATED: December 15, 2003

Respectfully submitted,

/S/ *John W. Chierichella*

John W. Chierichella
Anne B. Perry
Sheppard, Mullin, Richter & Hampton LLC
1300 I Street, NW, 11th Floor East
Washington, DC 20005
202-218-6878

**In The United States Court of Federal Claims**

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 03-1274<br>Judge Lawrence M. Baskir |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF [INTERVENOR] NORTHROP GRUMMAN SPACE AND MISSION SYSTEMS CORPORATION'S MOTION TO DISMISS AND IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

Northrop Grumman Space and Mission Systems Corporation ("Northrop Grumman") respectfully submits that the claims advanced by CW Government Travel Inc. ("Carlson") in this case can withstand neither procedural nor substantive scrutiny. Accordingly, for the reasons set forth in the United States' companion motion, Carlson's amended complaint should be dismissed and/or summarily adjudicated in favor of the United States and Northrop Grumman in all respects.

The United States' motion addresses each of Carlson's claims, and Northrop Grumman endorses, incorporates by reference, and joins in the United States' motion in all respects. As the United States' motion and its attached record establish, Carlson's amended complaint raises no issues for which dismissal or summary adjudication is inappropriate.

Essentially, Carlson's core claims, first raised in its May 23, 2003 Complaint and then reasserted and modified in its November 14, 2003 Amended Complaint, are that the contract modifications effected in April 2002 (1) improperly converted Northrop Grumman's proposed DTS system from a software-based system to a web-based system, (2) improperly added a new requirement for traditional travel services to be provided in advance of the installation of the DTS system, and (3) financially restructured the contract to transfer the risk of unsuccessful performance from the contractor to the United States. As a matter of law, these core allegations cannot stand because, as explained in detail in the United States' motion:

1. The allegation that the modifications converted the procurement to a web-based solution ignores (a) the broad nature of the original competition and solicitation; (b) the technological insertion requirements of the DTS Contract, and (c) the plain language of Northrop Grumman's proposal in response to the solicitation (and subsequent DTS Contract), which included the

use of the web as a method of compliance with the solicitation's original performance requirements and specifically anticipated migration to web access as the predominant mode of operation;

2. The modification did not add a requirement for the provision of traditional travel services to be performed. Rather, the plain language of the Contract, as originally solicited and awarded, required the provision of such services ab initio; and

3. The alteration in the payment structure did not transfer the risk of performance to the Government but, rather, reflected an equitable adjustment pursuant to the Changes clause of the contract and maintained the balance of performance risk incorporated into the contract as originally awarded.

## Conclusion

For all the foregoing reasons, as well as those is the United States' companion motion, Northrop Grumman respectfully joins the United States in requesting that Carlson's Amended Complaint be dismissed and or summarily adjudicated in the United States' and Northrop Grumman's favor.

DATED: December 15, 2003

Respectfully submitted,

/S/ *John W. Chierichella*

John W. Chierichella
Anne B. Perry
Sheppard, Mullin, Richter & Hampton LLC
1300 I Street, NW, 11th Floor East
Washington, DC 20005
202-218-6878

## CERTIFICATE OF FILING

I hereby certify that on December 15, 2003, a copy of the foregoing **[INTERVENOR] NORTHROP GRUMMAN SPACE AND MISSION SYSTEMS CORPORATION'S MOTION TO DISMISS AND IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF [INTERVENOR] NORTHROP GRUMMAN SPACE AND MISSION SYSTEMS CORPORATION'S MOTION TO DISMISS AND IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**, were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/S/ John W. Chierichella*
John W. Chierichella