# In The United States Court of Federal Claims

CW GOVERNMENT TRAVEL, INC.

Plaintiff

v.

THE UNITED STATES OF AMERICA

Defendant.

Case No. 03-1274
Judge George W. Miller

**MOTION FOR LEAVE TO ALLOW THE LODGING OF NORTHROP GRUMMAN'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF NORTHROP GRUMMAN'S MOTION TO INTERVENE**

Northrop Grumman Space & Mission Systems Corporation ("Northrop Grumman") hereby moves this Court for an Order permitting it to lodge its Supplemental Memorandum in Support of Northrop Grumman's Motion to Intervene, filed October 22, 2003. A Memorandum of Points and Authorities in support of this Motion is provided.

DATED: February 27, 2004

Respectfully submitted,

*/S/ John W. Chierichella*

John W. Chierichella
Anne B. Perry
Sheppard, Mullin, Richter & Hampton
1300 I Street, NW, 11th Floor East
Washington, DC 20005
202-218-0000
202-218-0020, fax

# In The United States Court of Federal Claims

CW GOVERNMENT TRAVEL, INC.

Plaintiff

v.

THE UNITED STATES OF AMERICA

Defendant.

Case No. 03-1274
Judge George W. Miller

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NORTHROP GRUMMAN'S MOTION FOR LEAVE TO ALLOW THE LODGING OF NORTHROP GRUMMAN'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF NORTHROP GRUMMAN'S MOTION TO INTERVENE**

On October 22, 2003, Northrop Grumman Space & Mission Systems Corporation ("Northrop Grumman") filed a Motion to Intervene in this matter. Briefing on this Motion was completed on December 8, 2003. The United States has not opposed Northrop Grumman's Motion to Intervene. Northrop Grumman now requests leave of this Court to file a Supplemental Memorandum in Support of Northrop Grumman's Motion to Intervene to advise this Court of facts relevant to the determination of the Motion to Intervene that have arisen since December 8, 2003. Northrop Grumman brings this Motion pursuant to RCFC 7(b) and 24(c), as well as the record herein.

The Supplemental Memorandum contains new information regarding Northrop Grumman's rights and interests in this litigation. In particular, it advises the Court of facts relating to the unauthorized release of proprietary information in violation of the Provisional Protective Order – an event that was caused by Plaintiff declining to treat Northrop Grumman with the courtesies and obligations due a party to the litigation.

## **Conclusion**

Based on the foregoing, Northrop Grumman respectfully requests that this Court permit Northrop Grumman to lodge its Supplemental Memorandum in support of Northrop Grumman's Motion to Intervene.

DATED: February 27, 2004

Respectfully submitted,

*/S/ John W. Chierichella*

John W. Chierichella
Anne B. Perry
Sheppard, Mullin, Richter & Hampton
1300 I Street, NW, 11th Floor East
Washington, DC 20005
202-218-0000
202-218-0020, fax

# In The United States Court of Federal Claims

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC.<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 03-1274<br>Judge George W. Miller |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF NORTHROP GRUMMAN'S MOTION TO INTERVENE

Northrop Grumman Space & Mission Systems Corporation ("Northrop Grumman") respectfully requests that the Court rule on Northrop Grumman's pending Motion to Intervene in this action.

On October 22, 2003, Northrop Grumman filed a Motion to Intervene in this action as a matter of right because it "claims an interest relating to the property or transaction which is the subject of the action" and it "is so situated that the disposition of this action may as a practical matter impair or impede [its] ability to protect that interest." See RCFC 24(a). Plaintiff CW Government Travel, Inc. ("Carlson") filed its opposition to that Motion on November 10, 2003. Briefing on the Motion was completed on December 8, 2003. The United States has not opposed Northrop Grumman's Motion to Intervene.

Since requesting leave to intervene, Northrop Grumman has lodged with the Court its Answer to Carlson's Amended Complaint and has joined with the United States in moving for Summary Judgment on and/or the dismissal of Carlson's claims. During that period, the Court has included counsel for Northrop Grumman on the distribution of all Orders and the Clerk's office has provided electronic copies to Northrop Grumman's counsel of all pleadings filed herein. Ostensibly, however, because the Court has not yet formally ruled on Northrop Grumman's motion, Carlson has declined to cooperate with Northrop Grumman with respect to issues relating to Northrop Grumman's proprietary information arising under the Court's Protective Order on the stated ground that Northrop Grumman is not a "party" and that Carlson need not deal with a non-"party" with respect to Protective Order issues, even if Carlson's conduct threatens to compromise – or has compromised – that non-"party's" proprietary information in a manner that contravenes the provisions of the Protective Order. Northrop Grumman respectfully submits that such conduct on the part of Carlson can be most expeditiously obviated by the granting of Northrop Grumman's Motion to Intervene and the concomitant obligation that such an order will place upon Carlson to extend to Northrop Grumman all of the rights and courtesies extended to "parties."

The facts relevant to Carlson's mistreatment of Northrop Grumman's proprietary information and to Carlson's purported basis for that mistreatment are not in dispute and are encapsulated in the recent letters exchanged between Northrop Grumman's and Carlson's attorneys that are annexed as Exhibits 1, 2 and 3 hereto. Whatever the merits may be of Northrop Grumman's and Carlson's positions with respect to Northrop Grumman's assertion of a proprietary interest in the materials at issue, certain facts are indisputable –

(1) Carlson publicly filed documents that bore a Protective Order legend;

(2) Carlson had been advised that Northrop Grumman regarded the materials as proprietary and, in fact, Northrop Grumman had provided Carlson with redacted versions of the documents that could be publicly filed;

(3) Carlson ignored Northrop Grumman's claim of a proprietary interest and publicly filed the legended versions;

(4) Prior to the public disclosure of the legended documents, Carlson took no steps to address with Northrop Grumman

any questions it may have had with respect to Northrop Grumman's asserted interests in the subject information;

(5) Subsequent to the disclosure, Carlson has taken the position that it owes Northrop Grumman no duty with respect to the subject information; and

(6) The purported basis for Carlson's disregard for Northrop Grumman's interests is that Northrop Grumman is not a "party."

Northrop Grumman respectfully submits that Carlson's conduct with respect to information identified to it by Northrop Grumman as proprietary demonstrates beyond question that Northrop Grumman's interests cannot be adequately protected in this action unless its Motion to Intervene is granted. For that reason, and for all of the reasons previously advanced in support of its Motion, Northrop Grumman requests that this Court grant its pending Motion to Intervene.

DATED: February 27, 2004

Respectfully submitted,

*/S/ John W. Chierichella*

John W. Chierichella
Anne B. Perry
Sheppard, Mullin, Richter & Hampton
1300 I Street, NW, 11th Floor East
Washington, DC 20005
202-218-0000
202-218-0020, fax

# Exhibit 1

SHEPPARD MULLIN
SHEPPARD MULLIN RICHTER & HAMPTON LLP
ATTORNEYS AT LAW

11th Floor East | 1300 I Street, NW | Washington, DC 20005-3314
202-218-0000 *office* | 202-218-0020 *fax* | ***www.sheppardmullin.com***

John W. Chierichella, Esq.
Direct Dial: 202.218.6878
jchierichella@sheppardmullin.com

February 20, 2004

Our File Number: 0W12-105820

***VIA FACSIMILE***

Lars E. Anderson, Esquire
Venable LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
Facsimile: (703) 821-8949

Re: CW Government Travel, Inc. v. United States, Case No. 03-1274

Dear Mr. Anderson:

We have reviewed the binders of purportedly unprotected material incorporated in Plaintiff's Appendix in Support of Plaintiff's Cross-Motion for Summary Judgment and Response to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment in the above-entitled action. It is the purpose of this letter (a) to advise you that those binders contain protected information that ought to have been filed under seal, and (b) to remind you of your obligations under Paragraph 13 of the Protective Order (i) to take appropriate action to cure any violation of that order, (ii) to retrieve protected information disclosed to unauthorized recipients, and (iii) to cooperate with counsel for the Government and Northrop Grumman in determining the reasons for any breach of the order.

The documents that raise our concerns are included in Tab numbers 3, 5, 8, 11, and 13, all of which bear the restrictive legend "Protected Material To Be Disclosed Only In Accordance With U.S. Court of Federal Claims Protective Order." Such materials are protected and ought to have been treated as such. I would note that while most of these materials had been previously made available to you in a redacted form that would have obviated the need for protected treatment,[1] it was the protected versions of those documents that were incorporated in your unprotected filing.

---

[1] See, e.g., Tab 3 (DX2382-DX2389, DX2394-DX2397, DX2399, DX2401, DX1828-1829, DX1931, DX1936-1938), Tab 8 (DX3694-DX3696, DX3768-DX3769), Tab 11 (DX4678, DX4680-DX4681, DX4685, DX4687, DX4691, DX4693, DX4699-DX4700, DX4704, DX4706-

Thank you for your immediate attention to this matter.

Very truly yours,

John W. Chierichella

for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc: David A. Levitt, Esq.
Gregory Moritz, Esq.

---

DX4708, DX4736-DX4737, DX4745), and Tab 13 (DX5585-DX5587, DX5589-DX5593, DX5597-DX5598, DX5605).

# Exhibit 2

VENABLE LLP 8010 Towers Crescent Drive, Suite 300 Vienna, Virginia 22182-2707 Telephone 703-760-1600 Facsimile 703-821-8949 www.venable.com

Lars E. Anderson
(703) 760-1605
leanderson@venable.com

February 24, 2004

*VIA FACSIMILE and U.S. FIRST CLASS MAIL*

John W. Chierichella, Esquire
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
11th Floor East
1300 I Street, N.W.
Washington, D.C. 20005

**Re: CW Government Travel, Inc. v. The United States, Case No. 03-1274C**

Dear Mr. Chierichella:

We are in receipt of your letter dated February 20, 2004, regarding Plaintiff's Appendix in Support of Plaintiff's Cross-Motion for Summary Judgment and Response to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment in the above-captioned matter.

We are somewhat puzzled by your assertions that we did not properly follow the Provisional Protective Order entered in this matter with regard to Exhibits 3, 5, 8, 11, and 13. These Exhibits are all contract documents: the Original DTS DTR-6 Contract, Task Order 12 and Modifications, Contract Modification P00025, Contract Modification P00027, and Contract Modification P00029.

In accordance with ¶ 7 of the Provisional Protective Order issued in this case by Judge Baskir, we notified "the other parties" (i.e., the Government) in advance of our intent to file an Appendix, which included some protected material. A draft index of the Appendix was provided to counsel for the Government on February 11, 2004. This index noted the inclusion of Exhibits 3, 5, 8, 11, and 13, and did not indicate that these documents would be treated as protected. Nor did the index suggest that these Exhibits were provided in a redacted form. To date, the Government has not raised any concerns with either the public or protected designations assigned to materials in Plaintiff's Appendix. Moreover, the Government has approved the redacted version of Plaintiff's February 12, 2004 Cross-Motion, which includes extensive unredacted comments on, citations to, and quotations from the Government's Contract and modifications.

The pages in Exhibit 3 that you refer to as DX2382-DX2389 were previously publicly filed in this matter at pages 68 – 75 of the Appendix to Joint Preliminary Status Report (dated September 8, 2003); and pages DX2394-DX2398 appear at pages 80 – 84 of the same Appendix. Indeed, Sections B and C of the original DTS DTR-6 Contract appear in that Appendix in their

VENABLE LLP



entirety. The page you refer to as DX2401 appears in Section E of the Contract, Inspection and Acceptance. We fail to see how the DTS DTR-6 requirements for testing, set forth in the Contract itself, should be protected.

The remaining pages you cite from Exhibit 3 (DXDX 1828-DX1829, DX1931, and DX1936-DX1938) were incorporated into the contract upon signing and constitute part and parcel of the Contract itself.[1] Under these circumstances, both DoD 5400-7.R, C5.2.8.2 and FAR 24.202 specifically state that 10 U.S.C. 2305(g) does not protect a proposal from release. Moreover, we note that the pages you reference contain information submitted in 1998 by BDM that has long since been overtaken by events.

You state that your "concerns" include Exhibit 5, Task Order 12 and Modifications, yet you do not cite to a single page in the document as containing protected material. The copies of these documents that you suggest were "made available . . . in a redacted form" do not, in fact, contain any redactions. We are hard-pressed to understand why the public filing of Exhibit 5 concerns you.

Exhibit 8 contains portions of Contract Modification P000025. The pages you refer to as DX 3694-DX 3696 were filed publicly as pages 117 – 119 of the Appendix to Joint Preliminary Status Report. The pages you refer to as DX3768-DX3769 are in Section G of the Contract, Contract Administration Data. There is no basis to treat information in a public document (i.e., a Federal contract) as protected.[2]

Exhibit 11 contains portions of Contract Modification P00027. Section B created by this Modification appears in its entirety in the Appendix to Joint Preliminary Status Report, which was filed publicly on September 8, 2003.

| **Your Cite** | **Page in Appendix to Joint Preliminary Status Report** |
|---|---|
| DX4678 | 185 |
| DX4680-DX4681 | 187 - 188 |
| DX4685 | 192 |

---

1 § L.3 of the Solicitation informed all offerors that: "At the time of award of any contract resulting from this solicitation, the successful Offeror's proposal will be incorporated by reference as part of the contract."

2 Additionally, the information you seek to protect appears on pages 255 – 256 of the publicly-filed Appendix to the Joint Preliminary Status Report.

VENABLE LLP



| | |
|---|---|
| DX4687 | 194 |
| DX4691 | 198 |
| DX4693 | 200 |
| DX4699-DX4700 | 206 - 207 |
| DX4704 | 211 |
| DX4706-4708 | 213 – 215 |

The pages you refer to as DX4736-4737 are in Section G of the Contract, Contract Administration Data. The page you refer to as DX4745 is in Section H of the Contract, Special Contract Requirements. There is no basis to treat information in the body of a Federal contract as protected.[3]

Exhibit 13 contains portions of Contract Modification P00029. Again, the information you seek to protect appears in the publicly-filed Appendix to the Joint Preliminary Status Report. The pages you refer to as DX5585-5587 appears at pages 243 – 245; DX5589-5593 at 247; DX5597-5598 at 255 – 256, and DX5605 at 263.

As to your suggestion that every page of material which the Government stamped with a protective legend is in fact protected, we note that the Government placed the legend on every single page of documentation which it produced. Despite the stamped legend on the documents provided to this office, the Government included pages of those same documents in the public version of Defendant's Appendix in Support of Motion to Dismiss or, in the Alternative, for Summary Judgment. Filings referencing these documents, the Amended Complaint, and Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, were also filed publicly. Additionally, as analyzed above, the vast majority of the pages you seek to protect were previously publicly filed as part of the Appendix to the Joint Preliminary Status Report.

We fulfilled our obligation under the Protective Order to consult with "the other parties" to the litigation by providing counsel for the Government with an index to the Appendix in advance of filing. The Government raised no objections to the designation of materials as public or protected based on the draft index and has not objected to the Appendix as filed. As you can see, your concerns over possible protected material in the public version of Plaintiff's Appendix are misplaced.

---

[3] Additionally, the information you seek to protect appears on pages 255 – 256 and 263 of the publicly-filed Appendix to the Joint Preliminary Status Report.

VENABLE LLP



Sincerely,

Lars E. Anderson
Michael W. Robinson
*Counsel to CW Government Travel, Inc.*

cc: David A. Levitt, Esq.
U.S. DEPARTMENT OF JUSTICE

# Exhibit 3

SHEPPARD MULLIN
SHEPPARD MULLIN RICHTER & HAMPTON LLP
ATTORNEYS AT LAW

11th Floor East | 1300 I Street, NW | Washington, DC 20005-3314
202-218-0000 *office* | 202-218-0020 *fax* | ***www.sheppardmullin.com***

John W. Chierichella, Esq.
Direct Dial: 202.218.6878
jchierichella@sheppardmullin.com

Our File Number: 0W12-105820

February 26, 2004

***VIA FACSIMILE***

Lars E. Anderson, Esquire
Venable LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
Facsimile: (703) 821-8949

Re: CW Government Travel, Inc. v. United States, Case No. 03-1274

Dear Mr. Anderson:

We are in receipt of your letter dated February 24, 2004, regarding the Appendices submitted in support of your Cross-Motion for Summary Judgment in the above-captioned matter. Regardless of whether you are of the opinion that Northrop Grumman's documents are, *in fact*, protected under the Protective Order, we remind you of your obligations under Paragraph 13: (i) to take appropriate action to cure any alleged violation of that Order; (ii) to retrieve protected information disclosed to unauthorized recipients; and (iii) to cooperate with counsel for the Government and Northrop Grumman in determining the reasons for any breach of the Order.

Tabs 3, 8, 11 and 12 to your Appendices contain original, unredacted documents that contain information proprietary, confidential and sensitive to Northrop Grumman. Approved, redacted versions of these materials were previously provided to you by us at the request of the Government before the filing of your Cross-Motion. While you may disagree with the position that the information redacted from the documents contains information that is proprietary to Northrop, paragraph 8 of the protective order provides a procedure that is to be followed when there are such disagreements. Simply stated, it is not your role or province to make unilateral determinations with respect to the merits of a claim that documents contain or reflect proprietary information and, on the basis of that unilateral determination, disseminate that information to your client and others. Regardless of whether this information has been previously publicly filed, we ask, pursuant to paragraphs 12 and 13 of the Protective Order, that you fulfill your obligations take remedial steps to cure this disclosure.

Additionally, we disagree with your conclusion that when a proposal is incorporated in the contract the protections of the Freedom of Information Act ("FOIA") do not apply. Neither the FAR nor the DoD policy directive you cite state that proposals incorporated

by reference or otherwise into a contract are excluded from the FOIA exemptions. Rather, for example, DoD 5400.7-R, ¶C5.2.8.2, merely states that agencies are automatically prohibited from disclosing proposals – in other words, no FOIA analysis is necessary. However, if the proposal is incorporated into the contract, then the determination of whether the proposal should be released should follow the procedure set forth in DoD 5400.7-R, ¶ C5.2.8.1, which requires notification to the source, and an analysis under FOIA of whether the material falls under one of the exemptions under FOIA. Similarly, FAR 24.202(b) specifically precludes an agency from disclosing information that is exempt from disclosure under FOIA.

We also disagree with your contention that you have no duty to take remedial measures. First, while you may have provided a "draft" index to the Government, the Government should have justifiably relied on the assumption that you would include the redacted versions of the materials previously provided to you in response to your request to the Government in this regard. Moreover, it is our understanding that the Government never consented to the release in the public file of the particular portions of the contract at issue here. In any event, any alleged assent from the Government does not change the protected character of the materials we have identified. Second, since, in response to your request to the Government to release these materials outside of the protective order, the Government had us forward to you redacted versions of the documents for such release, you had actual notice that opposing counsel determined that some of these documents contained information that was proprietary, confidential, and sensitive and should be maintained under the protective order. Third, even if you had been given special assent by the Government, paragraphs 12 and 13 place an affirmative responsibility on you to treat the pages at issue as protected once notified.

We look forward to your cooperation in resolving this matter and in ensuring strict compliance with the Protective Order.

Very truly yours,

John W. Chierichella

for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc: David A. Levitt, Esq.
Gregory Moritz, Esq.

W02-DC:9ABP1\100016352.1

**CERTIFICATE OF FILING**

I hereby certify that on February 27, 2004, a copy of the foregoing: MOTION FOR LEAVE TO ALLOW THE LODGING OF NORTHROP GRUMMAN'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF NORTHROP GRUMMAN'S MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NORTHROP GRUMMAN'S MOTION FOR LEAVE TO ALLOW THE LODGING OF NORTHROP GRUMMAN'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF NORTHROP GRUMMAN'S MOTION TO INTERVENE; [PROPOSED] ORDER; and SUPPLEMENTAL MEMORANDUM IN SUPPORT OF NORTHROP GRUMMAN'S MOTION TO INTERVENE were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access these filings through the Court's system.

*/S/ John W. Chierichella*
John W. Chierichella

# In The United States Court of Federal Claims

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC.<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 03-1274<br>Judge George W. Miller |

## [PROPOSED] ORDER

This matter having come before the Court on Northrop Grumman Space & Mission Systems Corporation's ("Northrop Grumman") Motion for Leave to Allow the Lodging of Northrop Grumman's Supplemental Memorandum in Support of Northrop Grumman's Motion to Intervene, and any opposition thereto, this Court finds just cause to **GRANT** same and rule as follows. Wherefore, it is hereby:

**ORDERED**, that Northrop Grumman's Motion is **GRANTED**; it is also hereby

**ORDERED**, that the Clerk shall lodge Northrop Grumman's Supplemental Memorandum in Support of Northrop Grumman's Motion to Intervene and file it with the record herein.

**So Ordered this ______ day of ________________, 2004.**

______________________________
Judge, U.S. Court of Federal Claims