# In The United States Court of Federal Claims

CW GOVERNMENT TRAVEL, INC.

Plaintiff

v.

THE UNITED STATES OF AMERICA

Defendant.

Case No. 03-1274
Judge George W. Miller

## MOTION FOR LEAVE TO ALLOW THE LODGING OF NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ON COUNTS I AND II AND REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Northrop Grumman Space & Mission Systems Corporation ("Northrop Grumman") hereby moves this Court for an Order permitting it to Lodge its Opposition To Plaintiff's Cross-Motion For Summary Judgment On Counts I And II And Reply To Opposition To Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment pending the resolution of Northrop Grumman's Motion to Intervene, filed October 22, 2003. A Memorandum of Points and Authorities is provided.

DATED: March 10, 2004

Respectfully submitted,

*/S/ John W. Chierichella*
John W. Chierichella
Anne B. Perry
Sheppard, Mullin, Richter & Hampton
1300 I Street, NW, 11th Floor East
Washington, DC 20005
202-218-0000
202-218-0020, fax

# In The United States Court of Federal Claims

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC.<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 03-1274<br>Judge George W. Miller |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO ALLOW THE LODGING OF NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ON COUNTS I AND II AND REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

On October 22, 2003, Northrop Grumman Space and Mission Systems Corporation ("Northrop Grumman") filed a Motion to Intervene in this matter. On December 15, 2003 the United States filed a Motion To Dismiss Or, In The Alternative, For Summary Judgment date for the filing of Defendant's Motion for Summary Judgment. Also on December 15, 2003, Northrop Grumman filed a Motion For Leave To Allow The Lodging Of Northrop Grumman Space & Mission Systems Corporation's Motion To Dismiss And In The Alternative Motion For Summary Judgment, and

attached its Motion To Dismiss And In The Alternative Motion For Summary Judgment, which joined Defendant's Motion. The Court has yet to rule on Northrop Grumman's motions.

On January 30, 2004, this Court issued an order granting the Joint Motion for Modification of the Briefing Schedule, requiring Plaintiff's Response to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment to be due no later than February 12, 2004, and Defendant's Reply to Plaintiff's Response to be due no later than March 10, 2004.

In the interest of justice, in order to accommodate the schedule agreed to by the parties, and to avoid prejudice to the parties from any delay, Northrop Grumman respectfully requests the Court to permit the lodging of the accompanying Opposition To Plaintiff's Cross-Motion For Summary Judgment On Counts I And II And Reply To Opposition To Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment pending the resolution of Northrop Grumman's Motion to Intervene.

By permitting the lodging of this Opposition To Plaintiff's Cross-Motion For Summary Judgment On Counts I And II And Reply To Opposition To Defendant's Motion To Dismiss Or, In The Alternative, For

Summary Judgment, the Court will ensure that neither the parties nor the schedule prescribed by the Court will be prejudiced when, as Northrop Grumman anticipates, the Court grants Northrop Grumman's Motion to Intervene.

**Conclusion**

Based on the foregoing, Northrop Grumman respectfully requests that this Court permit Northrop Grumman to lodge the accompanying Opposition To Plaintiff's Cross-Motion For Summary Judgment On Counts I And II And Reply To Opposition To Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment.

DATED: March 10, 2004

Respectfully submitted,

*/S/ John W. Chierichella*

John W. Chierichella
Anne B. Perry
Sheppard, Mullin, Richter & Hampton
1300 I Street, NW, 11th Floor East
Washington, DC 20005
202-218-0000
202-218-0020, fax

# In The United States Court of Federal Claims

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC.<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 03-1274<br>Judge George W. Miller |

## [PROPOSED] ORDER

This matter having come before the Court on Northrop Grumman Space & Mission Systems Corporation's ("Northrop Grumman") Motion for Leave to Allow the Lodging of Northrop Grumman's Opposition To Plaintiff's Cross-Motion For Summary Judgment On Counts I And II And Reply To Opposition To Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment, this Court finds just cause to **GRANT** same and rule as follows. Wherefore, it is hereby:

**ORDERED**, that Northrop Grumman's Motion is **GRANTED**; it is also hereby

**ORDERED**, that the Clerk shall lodge Northrop Grumman's Opposition To Plaintiff's Cross-Motion For Summary Judgment On Counts I And II And Reply To Opposition To Defendant's Motion To Dismiss Or, In

The Alternative, For Summary Judgment, and file it with the record herein; it is also hereby

**ORDERED**, that Plaintiff is not required to respond to Northrop Grumman's Opposition To Plaintiff's Cross-Motion For Summary Judgment On Counts I And II And Reply To Opposition To Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment until this Court has ruled on Northrop Grumman Space & Mission Systems Corporation's Motion to Intervene.

**So Ordered this ______ day of ________________, 20__.**

_______________________________
Judge, U.S. Court of Federal Claims

## CERTIFICATE OF FILING

I hereby certify that on March 10, 2004, a copy of the foregoing **MOTION FOR LEAVE TO ALLOW THE LODGING OF NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ON COUNTS I AND II AND REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO ALLOW THE LODGING OF NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ON COUNTS I AND II AND REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, and [PROPOSED] ORDER** with attached **[INTERVENOR] NORTHROP GRUMMAN SPACE AND MISSION SYSTEMS CORPORATION'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ON COUNTS I AND II AND REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/S/ John W. Chierichella*
John W. Chierichella

**In The United States Court of Federal Claims**

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC.,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | Case No. 03-1274<br>Judge George W. Miller |

**[INTERVENOR] NORTHROP GRUMMAN SPACE AND MISSION SYSTEMS CORPORATION'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ON COUNTS I AND II AND REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

[Intervenor] Northrop Grumman Space and Mission Systems Corporation ("Northrop Grumman"), joins the defendant United States in opposing plaintiff CW Government Travel, Inc.'s ("Carlson's") cross-motion for summary judgment and replying to Carlson's opposition to the United States' motion to dismiss or, in the alternative, for summary judgment. As set forth in detail in the United States' opposition and reply filed today, the uncontested and incontrovertible facts establish that (a) this Court lacks subject matter jurisdiction over the claims in the amended complaint, (b)

the amended complaint fails to state a claim upon which relief can be granted, and (c) the claims in the amended complaint lack merit as a matter of law. Accordingly, for the reasons set forth in the United States' companion reply and opposition, Carlson's amended complaint should be dismissed and/or summarily adjudicated in favor of the United States and Northrop Grumman in all respects.

The United States' reply and opposition addresses each of Carlson's claims, and Northrop Grumman endorses, incorporates by reference, and joins in the United States' reply and opposition in all respects. As the United States' motion, reply and opposition, and their attached records establish, dismissal or summary adjudication is appropriate for all three Counts in Carlson's amended complaint.

The undisputed facts demonstrate that summary judgment in Defendant's favor is warranted. In determining whether a modification is beyond the scope of the contract, this Court examines whether the modifications substantially changed the type of work, the period of performance, or the costs from the original contract. The overall question to be answered is whether a reasonable contractor during the original competition could have reasonably expected that modifications of this

nature could occur. As demonstrated in the United States' and our motions and the United States' reply and opposition, the uncontested and incontrovertible facts demonstrate that the modifications (a) did not materially alter the services being purchased by the Government, which merely evolved over time in precisely the manner explicitly contemplated by the contract as awarded, (b) did not lengthen the overall period of performance, or (c) did not increase the value of the contract. As to the specific claims,

> 1. The plain language of the DTS Solicitation clearly called for the provision of traditional travel services. Plaintiff has not disputed this simple fact. Consequently, offerors should have anticipated that such traditional travel services could be ordered under the DTS Contract.
>
> 2. The challenged changes in technology were the result of emerging technology insertions that were (a) far less significant than Carlson alleges, (b) consistent with the technology refreshment provisions of the contract, (c) anticipated by the plain language of Northrop Grumman's proposal and original DTS Contract, and (d) did not result in a materially different system architecture than was originally proposed.
>
> 3. While the method for payments under the DTS Contract were modified, they did <u>not</u> (a) shift the risk of successful performance from the contractor to the Government, (b) provide for payments materially in advance of when Northrop Grumman would have been entitled to payment under the original contract; or (c) increase the price of the contract to the Government.

As the record demonstrates, when the facts are considered, Counts I and II of Plaintiff's Amended Complaint amount to nothing more than allegations that modifications that added no additional services beyond those expressly identified in the DTS Solicitation, did not extent the period of performance, and did not increase the contract value, were beyond the scope of the original contract. Obviously, Plaintiff's position is not consistent with the law. Consequently, summary judgment in Defendant's favor is not only warranted, it is the only reasonable action.

Similarly, with respect to Plaintiff's purported cross-motion, not only is there no apparent basis on the face of Plaintiff's pleading, but also, Plaintiff offers no purportedly undisputed material facts or law to support granting of summary judgment in its favor. To the contrary, Plaintiff devotes its pleading to raising what it alleges are material disputed issues of fact. In this regard, as explained in the United States' opposition, the alleged disputed issues of material fact are either irrelevant as a matter of law or are unsupported and/or insupportable as a matter of fact. For all of these reasons, and those set forth in the Government's opposition, summary judgment in favor of the Plaintiff is impossible.

## Conclusion

For all the foregoing reasons, as well as those is the United States' companion motion, opposition and reply, Northrop Grumman respectfully joins the United States in requesting that Carlson's Amended Complaint be dismissed and or summarily adjudicated in the United States' and Northrop Grumman's favor.

DATED: March 10, 2004

Respectfully submitted,

*/S/ John W. Chierichella*

John W. Chierichella
Anne B. Perry
Sheppard, Mullin, Richter & Hampton LLC
1300 I Street, NW, 11th Floor East
Washington, DC 20005
202-218-6878