# In the United States Court of Federal Claims

| | | |
|---|---|---|
| **CW GOVERNMENT TRAVEL, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 03-1274C** |
| **v.** | ) | **Judge George W. Miller** |
| | ) | |
| **THE UNITED STATES of AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S RESPONSE TO NORTHROP GRUMMAN'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF NORTHROP GRUMMAN'S MOTION TO INTERVENE**

Plaintiff, CW Government Travel, Inc. ("Carlson"), respectfully submits this response to Northrop Grumman's Supplemental Memorandum in Support of Northrop Grumman's Motion to Intervene. Northrop Grumman's ("Northrop") Supplemental Memorandum fails to provide any additional, material support to Northrop's Motion to Intervene. Rather, the Supplemental Memorandum demonstrates exactly why the Court should deny Northrop's Motion: to avoid the type of procedural side-shows that will unduly delay the litigation of a matter in which time is critical. Moreover, the record before the Court, since Northrop filed its Motion to Intervene, demonstrates that Northrop's interests run parallel to that of the Government and, therefore, its intervention is unnecessary. The final purpose of this response is to assure the Court that, contrary to the argument contained in Northrop's Supplemental Memorandum, Carlson has adhered strictly to the letter, and the spirit, of the Protective Order issued in this case.

Northrop's intervention into this suit will result in delay and prejudice to Carlson. The delay takes on an added importance given Carlson's request for injunctive relief. That Northrop's concerns regarding protected material are simply an attempt at harassment and delay is evident in the fact that many of the documents discussed by Northrop have already been filed in the public record by the Government. Moreover, the Government and Carlson have agreed that Carlson's filing correctly redacted protected material, and have moved on. Northrop, however, prefers to dwell on issues that have been concluded. The longer Northrop is allowed to continue to perform a contract at sole source rates, the greater the injury to Carlson and the American public caused by the Government's failure to properly compete the 2002 modifications to the Defense Travel System Contract. Northrop should not be allowed to enter this litigation for the sole purpose of delaying its resolution, or attempting to conceal from the public the excessive prices now being paid to Northrop under the Restructured Contract.

The record before the Court since Northrop filed its Motion to Intervene also demonstrates that Northrop's interest in substantive legal issues are adequately represented by the Department of Justice. As discussed in Carlson's Opposition to Northrop's Motion to Intervene, an applicant for intervention must demonstrate that it brings something unique to the litigation that would otherwise be ignored. See Hines v. Rapides Parish Sc. Bd., 479 F.2d 762, 765 (5th Cir. 1973). Courts will assume that there is adequate representation if the applicants' interests are the same. Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 179-181 (2d Cir. 2001). Since Northrop filed its Motion to Intervene, the parties have engaged in briefing the Defendant's Motion to Dismiss Or In The Alternative For Summary Judgment. Northrop has twice attempted to file conclusory statements joining, without reservation, the

Defendant's briefs. Thus, Northrop, by its own actions, has demonstrated that its interests are adequately represented by the Government.[1]

Finally, Carlson assures the Court that, contrary to the rhetoric in Northrop's Supplemental Memorandum, Carlson has abided by the Protective Order. Carlson's position is clearly explained in its February 24, 2004 letter to counsel for Northrop, which is attached as Exhibit 2 to Northrop's Supplemental Memorandum. In short, Carlson followed the Protective Order. The majority of the documents contested by Northrop have already been included in public filings by the Government, or were disclosed in response to Freedom of Information Act requests or in other Federal Court proceedings. Moreover, both the Government and Carlson have liberally cited from, and quoted, these contractual documents in the pleadings and motions filed publicly to date. Carlson provided a list of the documents it intended to include in its public filing to the Government prior to submitting its Opposition, and the Government did not object to the inclusion of such documents in the public filing. The Government and Carlson have agreed to the release of the subject documents, in accordance with the statements by Judge Baskir in an earlier status conference, in which he indicated his belief that final contracts between the Government and private contractors are not proprietary information, including the pricing included therein. Finally, Carlson has continued to respect Northrop's wishes, unfounded as they may be, and has not released any of the documents.

---

1 To the extent that the Court finds that Northrop's interest in preventing disclosure of alleged proprietary information is not adequately represented by the Government, and that Northrop should be allowed to intervene in this regard, Carlson requests that the Court specifically limit Northrop's participation in the litigation. If Northrop's interest is limited to protecting its proprietary information, there is no need for it to participate in the resolution of the merits of the case. Therefore, Northrop should not be permitted to file responsive pleadings, substantively participate in discovery, file dispositive motions or responses thereto, or participate in the questioning of witnesses at any evidentiary hearings.

In conclusion, the Court should deny Northrop's Motion to Intervene. Northrop's Supplemental Memorandum exemplifies that its participation in this litigation will only delay its resolution by the addition of procedural side-shows unrelated to the merits of the case, and which the Government and Carlson have amicably resolved. Further, Northrop's actions since the filing of its Motion to Intervene demonstrate that its interest in substantive legal issues do not diverge from the Government's, and that, consequently, its involvement in the litigation will simply add another, redundant layer of paper on top of any necessary briefings. Finally, Carlson has followed the Protective Order, and Northrop's arguments to the contrary are without merit. Thus, for the foregoing reasons, the Court should deny Northrop's Motion to Intervene.

Respectfully submitted,

"s/Lars E. Anderson"

Lars E. Anderson
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1600
Telecopier No.: (703) 760-1623

*Of Counsel:*

Michael W. Robinson
Benjamin A. Winter
Sharon A. Jenks
Julia M. Kiraly
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1600
Telecopier No.: (703) 760-1623

Dated: March 15, 2004

**CERTIFICATE OF FILING**

I hereby certify that on March 15, 2004, a copy of the foregoing PLAINTIFF'S RESPONSE TO NORTHROP GRUMMAN'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF NORTHROP GRUMMAN'S MOTION TO INTERVENE was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

"s/Lars E. Anderson"

Lars E. Anderson