3

# DOCUMENT SEPARATELY FILED UNDER SEAL

4

H.4 52.000-5018 LEISURE TRAVEL IN CONJUNCTION WITH OFFICIAL TRAVEL

The award of Leisure Travel in conjunction with Official Travel shall be handled as follows:

One Contractor. Where the successful offeror for official travel and successful offeror for leisure travel are the same contractor, leisure travel in conjunction with official travel shall be provided by that contractor. The terms and conditions of said contractor's leisure proposal shall apply to all leisure travel in conjunction with official travel. The leisure travel rebates and commissions shall apply to leisure travel in conjunction with official travel.

Two Contractors. Where the successful offeror for official travel and successful offeror for leisure travel are different contractors, the Government intends to award to the official travel contractor a separate contract for leisure in conjunction with official travel on a sole source basis. The award of a sole source contract for leisure travel in conjunction with official travel shall not violate the exclusivity provisions contained in this contract.

(End of clause)

H.5 YEAR 2000 COMPLIANCE

Any information technology to be used in fulfillment of contractual requirements is required to be Year 2000 compliant, as defined in FAR 39.002(e).

H.6 AIRLINE COMMISSIONS (OFFICIAL)

a. Offeror warrants that its proposal, including point-of-sale discount, was based upon the assumption that such level of commissions would continue to be paid by the airlines throughout the contract period, including option periods, and that no contingency has been included in the pricing of the proposal for the event of future reductions or increases in the level of commissions paid to travel agencies by airlines for the purchase of tickets.

b. In the event that, after the submission of the proposal, an airline changes the standard industry rates, terms or conditions for payment of commissions to the Contractor on air travel tickets for official travel purchased in DTR 6, the point-of-sale discount may be subject to an equitable adjustment. The Contractor shall promptly notify the Contracting Officer, in writing, when an airline indicates that it intends to increase or decrease the standard industry rates, terms, or conditions of commissions paid to travel agents and/or the Contractor.

c. Upon a change in the standard industry rates, terms or conditions for payment of commissions to the Contractor by an airline, either the Contractor or the Contracting Officer may request an equitable adjustment to the point-of-sale discount applicable under this contract. If there is a difference between the Contractor's commission rates and the standard industry rate, the higher rate shall be the basis for adjustment under the these provisions. Upon submission, or receipt of such a request, the Contractor shall provide the Contracting Officer with certified comprehensive and detailed information or data indicating the change in commission revenue received for airline travel purchased pursuant to this contract. Contractor agrees to supply financial documents determined by the Contracting Officer as necessary to consider the equitable adjustment. The information prepared and submitted by the Contractor shall also indicate the appropriate adjustment necessary to the point-of-sale discount to reflect the direct impact on commission revenue resulting from the change initiated by the airlines. When the information regarding the scope and impact on the Contractor's revenue due to the change by an airline in the standard industry commission rates, terms and conditions is reasonably complete and available, the parties shall negotiate in good faith an appropriate contract modification(s), including a permanent change in the point-of-sale discount, to reflect

the direct increase or decrease in commission revenue realized by the Contractor for performance of this contract.

d. After submission of the required information detailing the impact of the change in commission, an adjustment in the point-of-sale discount, either upward or downward, shall be initiated effective upon the date agreement is reached between the parties or the date the Contracting Officer's Final Decision is issued, whichever is applicable. In the event the Government and the Contractor cannot agree upon a mutually acceptable adjustment to the point-of-sale discount, the Contracting Officer shall issue a Final Decision subject to the provisions of the Disputes Clause. Any identified change in standard industry commission rates, terms and conditions shall then become the baseline for determining the need for and extent of further equitable adjustments in the contract in the event of subsequent changes in standard industry commission rates, terms, and conditions paid by an airline during the contract period.

e. Each negotiated adjustment to the point-of-sale discount shall be evidenced by a modification to the contract, signed by the Contractor and the Contracting Officer, stating the redetermined point-of-sale discount.

(End of clause)

END OF SECTION H

5

# UNREDACTED DOCUMENT SEPARATELY FILED UNDER SEAL

OMB Approval 2700-0042

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. CONTRACT ID CODE | PAGE 1 OF PAGES 57

2. AMENDMENT/MODIFICATION NO.: P00047
3. EFFECTIVE DATE: 12 December 2003
4. REQUISITION/PURCHASE REQ. NO.:
5. PROJECT NO. (if applicable): DTS

6. ISSUED BY — CODE:
US Army Contracting Agency
ITEC4
ATTN: SFCA-IT (Peggy Butler)
2461 Eisenhower Avenue
Alexandria, VA 22331-1700

7. ADMINISTERED BY (If other than Item 6) — CODE: See Block 6

8. NAME AND ADDRESS OF CONTRACTOR
Northrop Grumman Space & Mission Systems Corp.
Operating through Northrop Grumman Mission Systems
Attn: Charlene C. Fines, Contract Manager
12900 Federal Systems Park Drive
FP1 7165Y
Fairfax, VA 22033

CODE 1B054 | FACILITY CODE

(✓) 9A. AMENDMENT OF SOLICITATION NO.:
9B. DATED (SEE ITEM 11):
X 10A. MODIFICATION OF CONTRACT/ORDER NO.: DAMT01-98-D-1005
10B. DATED (SEE ITEM 13): 30 September 1998

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

__ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers ☐ is extended, ☐ is not extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods: (a) By completing Items 8 and 15, and returning ___ copy of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATA SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)

## 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14

(✓) A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b).

X C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: Bilateral IAW FAR 52.243-1, 52.243-2, and 52.243-3 CHANGES

D. OTHER (Specify type of modification and authority)

E. IMPORTANT: Contractor ___ is not, X is required to sign this document and return 1 copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

See attachment.

Point of Contact:
Stephen Alkire
Contract Specialist
ITEC4
Phone: (703) 325-2256
FAX: (703) 428-1632
Email: Stephen.Alkire@itec4.army.mil

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A. NAME AND TITLE OF SIGNER (Type or print): CHARLENE C. FINES, CONTRACT MANAGER
16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print): PEGGY W. BUTLER, Contracting Officer

15B. CONTRACTOR/OFFEROR: [signature] Charlene C. Fines
15C. DATE SIGNED: 12/12/03
16B. UNITED STATES OF AMERICA BY [signature] Peggy W. Butler
16C. DATE SIGNED: 12/12/03

NSN 7540-01-152-8070
PREVIOUS EDITION UNUSABLE
30-105
Computer Generated
STANDARD FORM 30 (REV. 10-83)
Prescribed by GSA

BLOCK 14 (cont'd)

A. The purpose of this modification is to: 1) Incorporate an amended Statement of Work (SOW) for the Defense Travel Region 6 (DTR6) Travel Management Services; 2) Incorporate the contractor's proposal for DTR6 Travel Management Services; 3) Restructure and amend certain CLINs IAW the contractor's proposal; 4) Make administrative changes to the Schedule and; 5) Issue a new Schedule (Section B) to include changes made in this modification.

B. The document titled, "DTR-6 Travel Service Requirements Document," dated October 29, 2003, is hereby incorporated and replaces the document of the same title at Attachment 1 of the contract.

C. The contractor's "Proposal to Provide Official Travel Services to Defense Travel Region 6" dated November 7, 2003 is hereby incorporated by reference, with the following clarifications or comments;

Page 46, paragraph 2.2, Bus and Rail Transportation, (SOW C.6.2.2). The following clarification is provided: " If a site has a CBA for Bus transactions, Air/Rail transactions cannot be charged on the same CBA account and vice versa."

Page 53, paragraph 5.0 entitled CBA Reconciliation. (SOW C.6.5.1 – C6.5.6.) correct paragraph cite is C.6.5.1 – C.6.5.1.5). The following clarification is provided: "The contractor shall be required to perform CBA reconciliation for Traditional transactions which include air and rail, where there is capability of the third party vendor to transfer data into contractor's back office system."

D. The following changes to the Schedule (Section B) are hereby implemented IAW with the contractor's proposal:

1. The period of performance for CLINs 0021AF, 0021AH, 0021AK and 0021AM is extended from 31 Oct 03 to 21 Dec 03.
2. CLINs 1021AA through 1021AH; 2021AA through 2021AH; and 3021AA through 3021AH are deleted.
3. The two-page chart at pages 56 and 57 of this modification constitutes the Schedule for Point of Sale (POS) Pricing for DTR-6. The effective date for this pricing is 22 December 2003.

E. An updated Section B, containing the changes in this modification, as well as the changes to CLINs 1011AA and 1011AB (reference modification P00043, paragraph D), is provided.

F. All other terms and conditions remain unchanged.

| Point of Sale Pricing for Defense Travel Region 6 (DTR) | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | CLIN | (22 Dec 03 - 31 March 2004) X=1 | [redacted] | (1 April 2004 – 31 March 2005) X=2 | [redacted] | (1 April 2005 – 31 March 2006) X=3 | [redacted] | (1 April 2006 – 29 Sept 2006) X=4 | [redacted] |
| Services/Fees | X023 | Transaction Fee | [redacted] | Transaction Fee | [redacted] | Transaction Fee | [redacted] | Transaction Fee | [redacted] |
| POS Transaction Fees | | | | | | | | | |
| Traditional Air/Rail FFP--IDIQ Requirements | X023AA | | [redacted] | | [redacted] | | [redacted] | | [redacted] |
| Traditional Non-air FFP-IDIQ Requirements | X023AB | | [redacted] | | [redacted] | | [redacted] | | [redacted] |
| DTS Air/Rail – Touchless FFP--IDIQ Requirements | X023AC | | [redacted] | | [redacted] | | [redacted] | | [redacted] |
| DTS Non-air Touchless FFP--IDIQ Requirements | X023AD | | [redacted] | | [redacted] | | [redacted] | | [redacted] |
| DTS Air/Rail – Agent Intervention FFP--IDIQ Requirements | X023AE | | [redacted] | | [redacted] | | [redacted] | | [redacted] |
| DTS Non-air – agent Intervention FFP--IDIQ Requirements | X023AF | | [redacted] | | [redacted] | | [redacted] | | [redacted] |
| Arranging Movement of Human Remains FFP--IDIQ Requirements | X023AG | | [redacted] | | [redacted] | | [redacted] | | [redacted] |
| Army CBA Reconciliation FFP-IDIQ Requirements | X023AH | | [redacted] | | [redacted] | | [redacted] | | [redacted] |
| Air Force CBA Reconciliation FFP-IDIQ Requirements | X023AJ | | [redacted] | | [redacted] | | [redacted] | | [redacted] |
| Air Force Financial Reports - Weekly FFP--IDIQ Requirements | X023AK | | [redacted] | | [redacted] | | [redacted] | | [redacted] |
| Air Force Financial Reports - Bi-weekly FFP--IDIQ Requirements | XO23AL | | [redacted] | | [redacted] | | [redacted] | | [redacted] |
| Air Force Financial Reports - Monthly FFP--IDIQ Requirements | XO23AM | | [redacted] | | [redacted] | | [redacted] | | [redacted] |

REDACTED

6

# UNREDACTED DOCUMENT SEPARATELY FILED UNDER SEAL

Feb-27-02 07:38pm From-TRW SYSTE 7039681702 T-928 P.002 F-378

OMB Approval 2700-0042

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. CONTRACT ID CODE | PAGE 1 OF PAGES 98

2. AMENDMENT/MODIFICATION NO.: P00025
3. EFFECTIVE DATE: See Block 16c
4. REQUISITION/PURCHASE REQ. NO.: See Schedule
5. PROJECT NO. (If applicable): DTS

6. ISSUED BY — CODE W909MY
US Army CECOM Acquisition Center Washington
ATTN: AMSEL-AC-WB-B (Peggy Butler)
2461 Eisenhower Avenue, Room 1124
Alexandria, VA 22331-0700

7. ADMINISTERED BY (If other than Item 6) — CODE
See Block 6

8. NAME AND ADDRESS OF CONTRACTOR
TRW, Inc.
12900 Federal Systems Park Drive
Fairfax, Va. 22033-4411

CODE 1B054 | FACILITY CODE

(✓) 9A. AMENDMENT OF SOLICITATION NO.
9B. DATED (SEE ITEM 11)
X 10A. MODIFICATION OF CONTRACT/ORDER NO.: DAMT01-98-D-1005
10B. DATED (SEE ITEM 13): 30 September 1998

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

___ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers is ☐ extended, ☐ is not extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:(a) By completing Items 8 and 15, and returning ____ copy of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATA SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)

## 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14

| (✓) | |
|---|---|
| | A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
| | B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b). |
| X | C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: FAR 52.234-1, 52-243-2 Alt I and 52.243-3 |
| | D. OTHER (Specify type of modification and authority) |

E. IMPORTANT: Contractor ___ is not, _X_ is required to sign this document and return _1_ copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

See Block 14 Continuation Page.

Interim P1 Restructure Modification.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A. NAME AND TITLE OF SIGNER (Type or print)
CHARLENE C. FINES
Contract Manager

16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)
PEGGY W. BUTLER
Contracting Officer

15B. CONTRACTOR/OFFEROR: Charlene C. Fines (signature)
15C. DATE SIGNED: 2/27/02
16B. UNITED STATES OF AMERICA BY Peggy W. Butler (signature)
16C. DATE SIGNED: 2/27/02

NSN 7540-01-152-8070
PREVIOUS EDITION UNUSABLE

30-105
Computer Generated

STANDARD FORM 30 (REV. 10-83)
Prescribed by GSA
FAR (48 CFR) 53.24

SECTION SF 30 BLOCK 14 CONTINUATION PAGE

The purpose of this modification is to restructure the contract. As a preamble to this Modification, the Government and TRW, Inc. ("TRW") state:

**Preamble**

1. WHEREAS, TRW and the Government entered into a contract, DAMT01-98-D-1005, on May 7, 1998 for the Defense Travel System ("DTS"), a seamless, paperless process to provide official travel management services.

2. WHEREAS, the effective date of the contract was changed to September 30, 1998, by modification P00001, dated September 30, 1998, subsequent to the denial of a protest of the award to TRW.

3. WHEREAS, the contract provided that to the maximum extent practicable commercial-off-the-shelf ("COTS") products would be used for DTS and contemplated both development and integration of COTS products to meet the requirements of DTS.

4. WHEREAS, TRW proposed to develop DTS at its own expense and charge the DoD fixed fees for its deployment.

5. WHEREAS, the contract provided for deployment of DTS under requirements-type orders.

6. WHEREAS, the contract provided for training under CLIN 0001AV for DoD travelers and Commercial Travel Offices using the Train-the-Trainer concept under requirements-type orders.

7. WHEREAS, the contract anticipated that deployment of DTS would commence 120 days after the contract effective date and that TRW would be compensated under the requirements orders for deployment through a fee of $20 per installed user.

8. WHEREAS, the Government seeks to restructure the provisions of the contract to include the methodology for compensation for deployment and development.

9. WHEREAS, TRW and the Government mutually desire to continue performance.

10. WHEREAS, the Government and TRW have reached agreement upon a revised CLIN structure, revised contract type provisions, a revised Statement of Work, and terms and conditions.

11. WHEREAS, the Government and TRW believe that the negotiation of final pricing can be completed and a final modification executed by April 2002,

12. ACCORDINGLY, in reliance upon the representations contained herein and in consideration of the mutual promises, covenants and obligations in this modification, and for good and valuable consideration, receipt of which is by each acknowledged, the parties agree as follows:

**Terms and Conditions**

13. The Government agrees to provide consideration in the amount of $43,745,533.00 for restructure of the contract.

14. The Government agrees to provide a tentative training schedule for CLINs 0001AV and 0020 upon execution of this modification.

15. The Government agrees that upon the execution of the modification by TRW and the Government, TRW is authorized to invoice the Government in the amount of $20,000,000.00, which the Government will process for payment.

16. The Government agrees that upon the execution of a final restructure modification by TRW and the Government, which includes final negotiated pricing for the revised contract CLINs, but not prior to that event, TRW is authorized to invoice the Government for the balance of the consideration in the amount of $23,745,533.00, which the Government will process for payment.

17. TRW agrees to perform the contract, which is restructured by this modification.

18. TRW agrees to make its best efforts to negotiate the final pricing with the Government for the revised contract CLINs to facilitate the execution of a final restructure modification by April 2002.

19. TRW agrees that the Government shall have the right to use DTS-Limited provided under the contract with Level III interfaces at no additional cost to the Government. Unless agreed to through a bilateral modification to this contract, TRW shall bear no responsibility for Government-developed interfaces to DTS-Limited Level III. As such, TRW shall not be responsible for the development, operation, maintenance, upgrade, enhancement or support necessary to maintain or enhance the functionality and/or operational effectiveness of interfaces developed.

20.

REDACTED