IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CW GOVERNMENT TRAVEL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-1274 |
| | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM CONCERNING WHETHER COST AND PRICE INFORMATION IN THE DTS DTR 6 CONTRACT IS CONFIDENTIAL

At the initial status conference held pursuant to Section IV of Appendix C of the Rules of the Court of Federal Claims ("RCFC"), this Court requested the Government to provide a memorandum supporting its contention that the cost and price information in the contract awarded by the Military Traffic Management Command ("MTMC"), Department of the Army, to BDM International, Inc. ("BDM"), Northrop Grumman Space and Mission Systems Corporations' ("Northrop Grumman's") predecessor in interest, on May 7, 1998 ("DTS DTR 6 Contract") is confidential under Rule 26(c) of the Rules of the Court of Federal Claims ("RCFC"). While this Court provisionally granted the Government's request for a protective order for such information, it stated at the initial status conference that it would make a final decision on the confidentiality of the information after considering the relevant authorities.

As we demonstrate below, cost and price information in the DTS DTR 6 contract is confidential because its disclosure is "likely to cause substantial harm to the competitive position [of Northrop Grumman]." National Parks and Conservation Association v. Morton, 498 F.2d

765, 771 (D.C.Cir. 1974) ("National Parks").[1] Its disclosure would provide others in the marketplace with an unfair competitive advantage vis-a-vis Northrop Grumman's products and services and permit them to manipulate their pricing in an unfair manner. Accordingly, the information is confidential.

ARGUMENT

I. DISCLOSURE OF LINE ITEM PRICE INFORMATION RELATED TO SUPPLIES AND SERVICES IS LIKELY TO CAUSE COMPETITIVE HARM IN THIS CASE

The contract in this case involves the development and deployment of a web-based Consumer User Interface ("CUI") to enable Department of Defense ("DoD") personnel to arrange official travel from desk top computers. The contract as awarded and modified contains line item price information for supplies and services such as deploying and maintaining the CUI, developing training materials and methods, and providing official travel services. As modified, the contract includes additional CLINs for integrating the CUI with airline reservation systems, providing analytical support for future iterations of the CUI and providing site fielding support.

The contractor, Northrop Grumman, is in the business of providing information technology to Government agencies and private business concerns. According to the complaint in this case, Northrop Grumman competed against over 80 potential competitors in bidding on a

[1]While voluntarily provided information is confidential if the provider would not "customarily release [the information] to the public . . . ," Critical Mass Energy Project v. Nuclear Regulatory Commission, 975 F.2d 871, 878-79 (D.C.Cir. 1992) (en banc), information required to bid on a Government contract is not considered "voluntarily provided." See, e.g., McDonnell Douglas Corporation v. National Aeronautics & Space Administration, 895 F.Supp. 319, 325 (D.D.C. 1995), rev'd on other grounds, 180 F.3d 303 (D.C.Cir. 1999); Lykes Bros. Steamship Co., Inc. v. Pena, 1992 WL 786964 (D.D.C. Sept. 2, 1993); Chemical Waste Management, Inc. v. O'Leary, 1995 WL 115894 (D.D.C. Feb. 28, 1995). Accordingly, the test of whether the information is "confidential" is whether its release is likely to cause competitive harm.

Government contract to provide web-based travel services to federal agencies. Likewise, to win the contract to provide a computerized end-to-end travel system to the Department of Defense ("DoD"), Northrop Grumman out-competed Electronic Data Systems, Inc., an advanced systems integrator and currently is one of three contractors who must continuously compete under a multiple award GSA contract for travel services. Information technology in the private sector is highly competitive. Many vendors compete to provide such services to private sector companies. See Adobe Systems, Inc., Securities Litigation, 141 FRD 155, 162-66 (N.D.Cal. 1992) ("[software development] documents contain . . . information about proprietary and technical information . . . and disclosure would put defendant and third parties at a competitive disadvantage"); Public Citizen Health Research Group v. National Institutes of Health, 209 F.Supp. 2d 37, 46 (D.D.C. 2002) ("companies routinely attempt to discover a possible advantage over their competitors [in highly competitive industries]").

Because the field of information technology is highly competitive, Northrop Grumman's competitors could use the cost and price information in the DTS DTR 6 contract, if publicly disclosed, to undercut its ability to compete for future work in the public and private sectors. For example, numerous CLINs contain raw cost information. As one example, CLIN 10 in Mod 27 provides an estimated cost for developing an advanced version of the CUI and a fixed fee to be paid to Northrop Grumman for developing future iterations of the CUI. CLIN 17 also provides information concerning the number of full time equivalent employees who will be involved in fielding support for the CUI. If this information were publicly disclosed, it would enable a competitor to determine how Northrop Grumman calculates its pricing structure for information supplies and services. This could be used to compete against Northrop Grumman for future

contracts. See, e.g., Gulf & Western Industries, Inc. v. United States, 615 F.2d 527, 532-33 ("actual cost data . . ., if released to the public, would cause substantial harm to the competitive position of the person from whom the information was obtained"); McDonnell Douglas Corporation, 180 F.3d at 307 (cost information can help a competitor to underprice the provider of the information in bidding for subsequent contracts). Therefore, the public release of such information is "likely to cause competitive harm [to Northrop Grumman]." National Parks, 498 F.2d at 771.

The cost and price information in the DTS DTR 6 contract is confidential because its disclosure is likely to harm Northrop Grumman. See, e.g., McDonnell Douglas Corporation, 180 F.3d at 307 (the disclosure of price and cost information in a satellite launch contract is likely to harm the contractor). This Court must limit access to the information pursuant to RCFC 26(c) only to those persons with a need to know. See, e.g., Public Citizen Health Research Group v. National Institutes of Health, 209 F.Supp.2d 37, 46 (D.C.Cir. 2002) ("[To prove the confidential nature of information] a party need only demonstrate the existence of actual competition and the likelihood of substantial competitive injury"). Therefore, the provisional protective order in this case should be extended to continue to provide protection to cost and price information, as well as other competitively sensitive information, in the DTS DTR 6 contract.

## II. COST INFORMATION THAT HAS BEEN PUBLICLY DISCLOSED IS NO LONGER SUBJECT TO LEGAL PROTECTION

As the Court of Appeals for the Fifth Circuit has observed, "Documents . . . lose their confidentiality . . . if the information [is] publicly disseminated and available from sources other than [the provider]." Gulf & Western Industries, Inc., 615 F.2d at 535; see Continental Oil Company v. F.P.C., 519 F.2d 31, 35 (5th Cir. 1975). In this case, Northrop Grumman does not

dispute the fact that cost and price information contained in Mod 29 and related to CUI development and the provision of traditional travel services has been publicly disclosed. See American Express Travel Related Services Company, Inc. v. TRW, Inc., No. 02-CV-593 (E.D.Va.) (Mod 29 of DTS DTR 6 contract attached to publicly filed motion to dismiss count I of plaintiff's complaint). Accordingly, this information is no longer confidential. Neither the United States nor Northrop Grumman seek continuing protection for this information (these CLINs are set forth in Mod 29). In addition, a redacted version of the DTS contract and all of its modifications and task orders has been provided to plaintiff's counsel and neither the United States nor Northrop Grumman seek continuing protection for this information.

## CONCLUSION

For the foregoing reasons, the cost and price information contained in the DTS DTR 6 Contract (other than the CLINs disclosed in Mod 29) is confidential. It should continue to be subject to the provisional protective order entered in this case. Any cost or price information that has been disclosed in violation of the provisional protective order should be immediately withdrawn from the public file pursuant to ¶ 13 of the Provisional Protective Order entered on October 1, 2003.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

FRANKLIN E. WHITE, JR.
Assistant Director

s/David A. Levitt

DAVID A. LEVITT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0309
Fax: (202) 514-7965

Attorneys for Defendant

Date: March 29, 2004

.

CERTIFICATE OF FILING

I hereby certify that on March 29, 2004, a copy of the foregoing Memorandum Concerning Whether Cost And Price Information In the DTS DTR 6 Contract Is Confidential was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Levitt