# In the United States Court of Federal Claims

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC., Plaintiff, v. THE UNITED STATES OF AMERICA, Defendant, and NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION, Defendant-Intervenor. | No. 03-1274 C (Filed April 1, 2004) |

ORDER

Prior to reassignment, on September 30, 2003, the Court held a preliminary scheduling conference in this case, in which the parties recognized that Northrop Grumman had an interest in this bid-protest action. On October 22, 2003, Northrop Grumman filed a motion for leave to intervene. Plaintiff moved for leave to file an amended complaint on November 14, 2003. On December 8, 2003, Northrop Grumman lodged a proposed answer to plaintiff's as yet unfiled amended complaint. The parties filed several briefs in connection with Northrop Grumman's motion to intervene. Briefing on that motion was completed on March 15, 2004.

On March 31, 2004, the Court heard oral argument on the motion to intervene. Based on the briefs and oral argument on behalf of the parties and Northrop Grumman, the Court finds that: (1) Northrop Grumman's motion was timely, given the posture of this case; (2) Northrop Grumman has a direct, substantial, and legally protectable interest relating to those portions of plaintiff's amended complaint that seek to enjoin Northrop

Grumman from continuing to perform under Contract number DAMT01-98-D-1005 ("DTS DTR-6 contract"); (3) absent intervention, Northrop Grumman is unable to adequately protect, *inter alia*, its proprietary information, its business reputation, and its asserted right to continue performance under the DTS DTR-6 contract as "restructured" in 2002; and (4) Northrop Grumman's interests are not adequately protected by the Government. *See* RCFC 24(a). Accordingly, the Court GRANTS Northrop Grumman's motion to intervene as to Counts I and II of plaintiff's amended complaint and ORDERS that Northrop Grumman shall appear as a defendant-intervenor in this case. *See id.;* RCFC Appendix C, paragraph 12. Plaintiff's motion to strike Northrop Grumman's motion to intervene, filed November 26, 2003, is DENIED as moot.

Northrop Grumman's motions for leave to lodge its answer and various other papers are GRANTED and the Court ORDERS that all Northrop Grumman's lodged filings shall be FILED as of this date.

The Court also heard from the parties (the term used hereinafter to refer to plaintiff, defendant, and defendant-intervenor) regarding plaintiff's motion for leave to file an amended complaint, filed November 14, 2003. Both defendant and defendant-intervenor represented that they do not object to plaintiff's motion. Accordingly, plaintiff's motion to for leave to file an amended complaint is GRANTED, and the Court ORDERS that the amended complaint shall be FILED as of this date.

There remains a pending motion by defendant to strike portions of the amended complaint, filed December 1, 2003. Defendant represented to the Court at oral argument that a ruling on that motion could properly be deferred until the Court has ruled on the cross-motions to dismiss or, in the alternative, for summary judgment. The Court will, therefore, defer ruling on defendant's motion to strike.

The Court ORDERS that plaintiff shall have until Wednesday, April 7, 2004 to file and serve any responses that it may wish to make to Northrop Grumman's filings regarding the motions of defendant and Northrop Grumman to dismiss or, in the alternative, for summary judgment, and plaintiff's motion for summary judgment.

Pursuant to the Court's August 22, 2003 Special Procedures Order, the Court ORDERS that the parties shall file a Consolidated Statement of Uncontroverted Facts. The Court ORDERS that the parties shall exchange proposed statements of uncontroverted fact by April 19, 2004. The parties shall exchange responses by May 3, 2004. The parties shall file the Consolidated Statement of Uncontroverted Facts by May 5, 2004. The Court ORDERS that the parties shall appear for oral argument on the motions identified in the previous paragraph on Tuesday, May 18, 2004 at 10:00 a.m. at

the National Courts Building, 717 Madison Place, N.W., Washington, D.C. The May 18 proceeding will be on the record, and in open court to the extent possible given the constraints imposed by the protective order entered in this case on October 2, 2003.

The parties, at oral argument, briefly discussed defendant's March 29, 2004 memorandum concerning whether cost and price information in the DTS DTR-6 contract is confidential. The Court ORDERS that plaintiff shall file and serve its response to defendant's memorandum by April 7, 2004. Defendant shall file and serve its reply in support of its memorandum by April 14, 2004.

At oral argument, plaintiff expressed a desire to begin formal discovery as soon as possible because such discovery may be needed in order for the Court to rule on the pending dispositive motions, and to expedite proceedings in this case if the Court determines that a trial is necessary. At this time, the Court is not inclined to order that the parties undertake formal discovery, given the pendency of the parties' dispositive motions. If after becoming more familiar with the substantive arguments made by the parties with respect to the dispositive motions, however, the Court believes that additional discovery is warranted, the Court will take appropriate action to allow the parties to conduct such discovery.

IT IS SO ORDERED.

/s/George W. Miller
GEORGE W. MILLER
Judge