**PUBLIC VERSION**

# In the United States Court of Federal Claims

| | |
|---|---|
| **CW GOVERNMENT TRAVEL, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant,**<br><br>**and**<br><br>**NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION,**<br><br>**Defendant-Intervenor.** | **Case No. 03-1274C**<br>**Judge George W. Miller** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT-INTERVENOR'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND REPLY TO DEFENDANT-INTERVENOR'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to the April 1, 2004 Order of the United States Court of Federal Claims, Plaintiff CW Government Travel, Inc. ("Carlson") submits this Opposition to Defendant-Intervenor's Motion to Dismiss or, in the Alternative, for Summary Judgment and Reply to Defendant-Intervenor's Opposition to Plaintiff's Cross-Motion for Summary Judgment ("Northrop Grumman's Filings").

Northrop Grumman's Filings essentially adopted the Motions and Oppositions filed by Defendant United States. Carlson's Opposition and Reply to the Government's filings address the issues raised by both Defendant and Northrop Grumman. Carlson refers the Court to its earlier pleadings as its Opposition and Reply to Northrop Grumman's Filings.

**PUBLIC VERSION**

As demonstrated by the evidence before this Court and Plaintiff's previous filings, the incontrovertible facts demonstrate that the total restructure of the DTS DTR-6 Contract in 2002 substantially changed the material requirements, terms and conditions, and performance schedule of the 1998 Original Contract. No potential offeror reviewing the 1998 Solicitation could reasonably have anticipated the material departures from the original Solicitation and Contract accomplished in the 2002 modifications Specifically:

1. The 1998 Solicitation and Original Contract did not include the use of Traditional Travel Services to perform official travel requirements. Instead, the 1998 Solicitation and Original Contract mandated that all official travel services be serviced via the DTS CUI that the Contract required TRW to develop and deploy. The requirement for traditional travel services was added to the Contract for the first time in 2002 and constitutes a violation of the Competition in Contracting Act of 1984 ("CICA") for failure to compete this new requirement.

2. The total restructure of the Contract Pricing provisions in 2002 changed a fixed-price, performance-based contract into a cost-reimbursable, time and materials contract. This had the effect of completely shifting the cost and performance risk from the contractor to the Government. The result has been payment to TRW/Northrop Grumman of substantially more than $100 million in excess of the payments they would have earned to date under the Original Contract Pricing provisions, and substantially increased the total cost to the Government of this Contract. This modification to the Contract constitutes a material departure from the original Solicitation in violation of CICA.

**PUBLIC VERSION**

3. The 2002 Restructured Contract deleted all the technical and functional requirements of the Original Contract and deleted the Contractor's technical proposal that had been incorporated into the Original Contract. The deleted technical requirements, among other changes, eliminated the obligation to provide a fully operational, client/server mode DTS CUI. This was a material departure from the original Solicitation as evidenced by the fact that TRW had incurred more than $50 million in costs and several years efforts unsuccessfully attempting to develop a client/server mode that could pass the Initial Operational Capability tests. This modification to the Contract constitutes a material departure from the original Solicitation in violation of CICA.

4. The 2002 Restructured Contract added the requirement for TRW/Northrop Grumman to develop a web-based DTS CUI with the Government paying all the development costs, which have been ongoing since April 2002. This modification to the Contract constitutes a material departure from the original Solicitation in violation of CICA.

5. The Original Contract required TRW to start deployment of a fully operational DTS CUI within 120 days of contract award, and complete deployment to all 11,000 DoD sites worldwide no later than September 2001. The 2002 Restructured Contract changed the start of operational deployment until the development of a web-based DTS CUI in 2003, and delayed completion of deployment to DoD sites until 2006. This modification to the Contract constitutes a material departure from the original Solicitation in violation of CICA.

**PUBLIC VERSION**

As described in detail in Plaintiff's Opposition and Reply to the filings of Defendant United States, the Northrop Grumman Filings are premised primarily upon Declarations that are demonstrably false and misleading on many material facts. Therefore, Summary Judgment in favor of Defendant-Intervenor is not authorized by Rule 56.

Respectfully submitted:

"s/Lars E. Anderson"

Lars E. Anderson
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1600
Telecopier No.: (703) 760-1623 (Protected)

*Of Counsel:*

Michael W. Robinson
Benjamin A. Winter
Sharon A. Jenks
Julia M. Kiraly
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1600
Telecopier No.: (703) 760-1623 (Protected)

Dated: April 5, 2004

**PUBLIC VERSION**

**CERTIFICATE OF FILING**

I hereby certify that on April 5, 2004, a copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT-INTERVENOR'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND REPLY TO DEFENDANT-INTERVENOR'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

"s/Lars E. Anderson"
Lars E. Anderson



::ODMA\PCDOCS\MC1DOCS1\161070\2