# In the United States Court of Federal Claims

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>and<br><br>NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION,<br><br>Defendant-Intervenor. | No. 03-1274 C<br><br>(Filed August 12, 2004) |

ORDER

Pursuant to the Court's Opinion and Order dated July 26, 2004, the Court held a status conference in this case on August 11, 2004 in order to discuss the parties' proposed schedules for re-competing the traditional travel services work as required by the Court's July 26 Opinion and Order. The Court and the parties also discussed the schedule for further proceedings in this case.

In its July 26, 2004 Opinion and Order, the Court denied the Government's Motion to Dismiss, or in the alternative, for Summary Judgment as to Count III. At the status conference, the parties represented to the Court that they are in settlement discussions that, if succesful, would render plaintiff's claims set forth in Count III moot. The parties stated that they hope to file a stipulation for dismissal of Count III shortly. The Court ORDERS that the parties inform the Court promptly upon reaching a settlement so that Count III can be dismissed.

The Court next considered the parties' August 6, 2004 filings, which set forth their proposed timetables and descriptions of the activities necessary to effect an orderly implementation of the Court's orders requiring the cancellation and re-solicitation of that part of the DTS DTR-6 contract relating to the performance of traditional travel services as described at pages 21 and 30 of the Court's July 26 Opinion and Order. Having considered the parties' August 6 filings and the

arguments of counsel, the Court has determined that either of the proposals set forth in plaintiff's August 6 filing entitled "Proposed Timetable and Actions to Implement Order Dated July 26, 2004" should be adopted. That is, in order to accomplish the performance of traditional travel services within DTR-6 consistent with CICA and pending implementation of the more comprehensive program described in the Government's August 6 filing as it may affect DTR-6, the Government may either issue a Task Order Request for Quotations ("RFQ") under the GSA Federal Supply Schedule, or issue a new solicitation, so long as the Government complies with the deadlines set forth below.

Accordingly, the Court ORDERS that: 1) defendant shall release a new solicitation or Task Order RFQ for the performance of traditional travel services in DTR-6 on or about September 2, 2004; 2) the solicitation or Task Order RFQ shall require that proposals be due on or about September 17, 2004; 3) the contract or Task Order shall be awarded on or about October 1, 2004; 4) performance pursuant to the new contract or Task Order shall commence, and performance of traditional travel services in DTR-6 by Northrop Grumman and/or its subcontractor pursuant to the DTS DTR-6 contract shall terminate, on or about November 1, 2004.

The Court recognizes that there may be limited interest by contractors and that other problems may arise as a result of the potentially short duration of the new contract. The Court is also aware that there is a risk of disruption in the provision of services incident to the transition. If defendant, after the due date for proposals has passed, determines that a suitable contractor cannot be found, or that the course of action proposed by plaintiff and adopted by the Court is causing, or has created a substantial risk of causing, adverse effects on the accomplishment of the mission of DoD personnel, the Court expects that defendant will take appropriate action to seek to bring the relevant facts to the attention of the Court so that the Court and the parties may assess the situation and promptly consider any request for relief from the terms of the Court's Order as set forth in the preceding paragraph.

IT IS SO ORDERED.

/s/George W. Miller
GEORGE W. MILLER
Judge