# In The United States Court of Federal Claims

CW GOVERNMENT TRAVEL, INC.

Plaintiff

v.

THE UNITED STATES OF AMERICA

Defendant

and.

NORTHROP GRUMMAN SPACE &MISSION SYSTEMS CORPORATION,

Defendant-Intervenor.

Case No. 03-1274C
Judge George W. Miller

**NORTHROP GRUMMAN SPACE & MISSION SYSTEM CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Intervenor Northrop Grumman Space and Mission Systems Corporation ("Northrop Grumman"), joins the defendant United States in opposing plaintiff CW Government Travel, Inc.'s ("Carlson's") Motion for Reconsideration of the Court's July 26, 2004 Order. Northrop Grumman has reviewed the United States' opposition and concurs fully therewith. Hence, we join in and adopt its opposition as our own.

As set forth in detail in the United States' opposition, while Carlson's Motion for Reconsideration raises a series of legal and factual arguments, they are all unsupported by settled law and contradicted by the facts set forth in the Record.

First, Carlson's legal arguments are without a basis in either the case law or the applicable statutory framework relating to bid protests. Carlson alleges that in a bid protest case, the Court is precluded from applying the four part analysis in assessing the propriety of ordering injunctive

relief. However, as set forth in the United States' opposition, the great weight of authority of both this Court and that of the Supreme Court demonstrates that not only is the Court permitted to utilize this analysis in ascertaining the propriety of issuing injunctive relief, it is required to do so.

1. The Supreme Court has spoken on this issue finding that "a federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law." Weinberger v. Romero-Barcelo, 456 U.S. 305, 313 (1982).

2. This Court has specifically ruled on this very argument.

> In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.... The grant of jurisdiction to ensure compliance with a statute hardly suggests an absolute duty to do so under any and all circumstances, and a federal judge sitting as a chancellor is not mechanically obligated to grant an injunction for every violation of the law.
>
> In short, as a jurisprudential matter, this Court [is] not obliged to grant equitable relief for every violation of the law, and ... consideration of the public interest indicated that no such grant was appropriate in this case.

PGBA, LLC, v. United States, 60 Fed. Cl. 196, 222-23 (2004) (emphasis and internal citations omitted).

3. The Tucker Act mandates this consideration when the Court determines what relief, if any, to provide in a protest case.

> (2) To afford relief in [a bid protest], the courts may award any relief that the court considers proper, including declaratory and injunctive relief except that any monetary relief shall be limited to bid preparation and proposal costs.
>
> (3) In exercising jurisdiction under this subsection, the courts shall give due regard to the interests of national defense

> and national security and the need for expeditious resolution of the action.

28 U.S.C. § 1491(b) (emphasis added).

Consequently, contrary to Carlson's allegations, the Court's July 26, 2004 Order is supported by, consistent with, and a reflection of, the prevailing law.

Second, Carlson's factual arguments are inconsistent with the record and this Court's Rules of Procedure ("RCFC"). Carlson's claim that RCFC 52 required this Court to make "specific factual findings" of undisputed facts is simply incorrect. The plain language of RCFC 52(a) and RCFC 56.1 do not require either that the Court delineate specific statements of fact or that the facts be undisputed. Also contrary to Carlson's arguments, the record not only supports the Court's conclusion, but much of the evidence supporting those facts was placed in the record by Carlson. The Court's public interest determination is completely corroborated by the record and simple common sense, which no statute or regulation bars this or any court from exercising. The fact that a post hoc cancellation of five years of an eight-year developmental, technically complex, information technology procurement contract would affect an undue hardship on the United States is nothing if not patently obvious. This is particularly true where, as here, the protester deliberately delayed filing its claim.

As set forth in detail in the United States' opposition, Carlson identified no (1) manifest error of law, (2) intervening change in the law, (3) mistake of fact, or (4) new evidence that was previously unavailable. In short, Carlson has not, and cannot, demonstrate that this Court's July 26, 2004 order must be modified to prevent manifest injustice. Rather, Carlson merely wants to prolong this litigation by re-arguing facts and law that have already been addressed by this Court.

Accordingly, we request that this Court again exercise its sound discretion and deny Carlson's Motion for Reconsideration.

DATED: September 23. 2004

Respectfully submitted,

/S/ *John W. Chierichella*

John W. Chierichella
Anne B. Perry
Sheppard, Mullin, Richter & Hampton LLC
1300 I Street, NW, 11th Floor East
Washington, DC 20005
202-218-6878

## CERTIFICATE OF FILING

I hereby certify that on September 23, 2004, a copy of the foregoing **NORTHROP GRUMMAN SPACE & MISSION SYSTEM CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/S/ John W. Chierichella*
John W. Chierichella