# In the United States Court of Federal Claims

CW GOVERNMENT TRAVEL, INC.,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant,

and

NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION,

Defendant-Intervenor.

No. 03-1274 C

Filed February 13, 2006

ORDER

On January 9, 2006, plaintiff filed Plaintiff's Motion for Relief From Judgment pursuant to Rule 60(b) of the Rules of the United States Court of Federal Claims ("RCFC"). On January 26, 2006, defendant filed Defendant's Opposition to Plaintiff's Motion for Relief from Judgment and defendant-intervenor filed Northrop Grumman's Opposition to Carlson's Motion for Relief From Judgment. On February 8, 2006, plaintiff filed Plaintiff's Reply to Government's and Intervenor's Oppositions to Plaintiff's Motion for Relief From Judgment.

After reviewing the parties' filings, the Court believes that limited additional briefing would be beneficial to the parties and the Court. For this reason, the Court ORDERS that the parties shall submit the following briefs:

1. In Plaintiff's Motion for Relief From Judgment, plaintiff moves the Court for relief based upon "newly discovered evidence which, by due diligence, could not have been discovered in time to move for a new trial under RCFC 59(b) . . . ." *See* Plaintiff's Motion for Relief From Judgment at 1. However, plaintiff also argues that "all the rights to the Government-owned technical data and software are derived from those Defense Federal Acquisition Regulation Supplement ("DFARS") clauses added during the Restructured Contract in 2002, coupled with

payments made to Northrop for software development." *See* Plaintiff's Reply to Government's and Intervenor's Oppositions to Plaintiff's Motion for Relief From Judgment at 2.

The Restructured Contract and the relevant DFARS clauses were available to plaintiff prior to the entry of judgment. Plaintiff was also aware prior to the entry of judgment of the changes to the payment structure of the contract. *See* Plaintiff's Memorandum of Law in Support of Plaintiff's Cross Motion for Summary Judgment and Response to Defendant's Motion to Dismiss or, In the Alternative, For Summary Judgment at 14-19.

The Court ORDERS that on or before **Monday, February 27, 2006**, plaintiff shall file and serve a brief of no more than 15 pages describing why, in light of the information set forth above, plaintiff believes that the information available to plaintiff was insufficient to enable plaintiff to advance the arguments it now advances prior to the entry of judgment or in a timely post-judgment motion under RCFC 59. Plaintiff shall also describe why plaintiff believes that the testimony given at the Senate Subcommittee Hearing constitutes new evidence rather than an analysis of the evidence that was available to plaintiff prior to the entry of judgment. The Court FURTHER ORDERS that defendant and defendant-intervenor shall file and serve responses to plaintiff's brief on or before **Monday, March 13, 2006**. Such responses shall not exceed 15 pages in length.

2. In Defendant's Opposition to Plaintiff's Motion for Relief from Judgment, defendant argues that plaintiff's Motion is moot because the DTS contract with defendant-intervenor is "substantially completed" and the Department of Defense is in the process of re-procuring the DTS requirements. *See* Defendant's Opposition to Plaintiff's Motion for Relief from Judgment at 18-19. Similarly, defendant-intervenor argues that the DTS contract is in its eighth and final year of performance and the Government is already in the process of re-procuring the DTS requirements. *See* Northrop Grumman's Opposition to Carlson's Motion for Relief From Judgment at 6. Plaintiff argues that Plaintiff's Motion for Relief From Judgment is not moot because injunctive relief would prevent the sole-source extension of the DTS contract. *See* Plaintiff's Reply to Government's and Intervenor's Oppositions to Plaintiff's Motion for Relief From Judgment at 10-12.

The Court ORDERS that on or before **Monday, February 27, 2006** defendant shall file and serve a brief of no more than 15 pages describing in detail the Department of Defense's current efforts and future intentions regarding re-procurement of the DTS requirements. Defendant's brief shall contain:

a. A detailed description and timeline of any competitive re-procurement efforts that the Department of Defense has undertaken or intends to undertake relating to re-procurement of the DTS requirements; and

b. A detailed discussion of whether the Department of Defense intends to make a sole-source extension or a sole-source award of a follow-on DTS contract to

defendant-intervenor, and if so, why and on what basis.

The facts set forth in defendant's brief shall be supported by signed declarations of individuals with knowledge of the Department of Defense's efforts and intentions regarding the re-procurement of the DTS requirements, which shall be attached to defendant's brief as exhibits.

The Court FURTHER ORDERS that plaintiff shall file and serve a response to defendant's brief of no more than 15 pages on or before **Monday, March 13, 2006**. If plaintiff believes that additional information is necessary to determine the Department of Defense's current efforts and intentions regarding re-procurement of the DTS requirements, plaintiff shall identify the nature of such information in plaintiff's brief. Plaintiff shall state whether plaintiff believes that this information should be obtained by means of additional declarations, depositions, or an evidentiary hearing. Plaintiff shall identify the persons or titles of persons it believes should provide declarations, be deposed, or testify at an evidentiary hearing, and why.

The Court anticipates scheduling oral argument on Plaintiff's Motion for Relief From Judgment at the convenience of the parties after the additional briefing is complete.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge