# In the United States Court of Federal Claims

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>and<br><br>NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION,<br><br>Defendant-Intervenor. | No. 03-1274 C<br><br>Filed April 18, 2006 |

ORDER

Pursuant to the Court's Order of April 14, 2006, on April 18, 2006 the Court and the parties participated in a telephonic status conference. The Court informed the parties that it had not yet reached a decision on Plaintiff's Motion for Relief From Judgment pursuant to Rule 60(b). The Court also stated it was unclear exactly what equitable relief plaintiff was seeking at this time. In order to determine whether and to what extent the equitable relief sought by plaintiff is available at this time, the Court believes that it would be helpful to have the benefit of certain limited additional briefing by the parties. Thereafter, the Court anticipates holding an evidentiary hearing to determine whether the criteria for equitable relief have been met, assuming without deciding that plaintiff has established that the 2002 restructuring constituted a cardinal change and that plaintiff has standing to challenge the restructuring.

After consulting with the parties, the Court ORDERS that the parties shall follow the briefing schedule set forth below:

1. Plaintiff shall file and serve a brief of no more than 15 pages on or before **Wednesday, May 3, 2006** describing the precise nature of the equitable relief that plaintiff is seeking and the basis for plaintiff's contention that it would be appropriate to grant such equitable

relief at this time. Plaintiff shall attach a draft Order that would grant plaintiff the equitable relief it seeks.

2. Defendant and defendant-intervenor shall file and serve briefs of no more than 15 pages responding to plaintiff's brief described above on or before **Monday, May 22, 2006**.

The Court FURTHER ORDERS that the parties shall appear for a telephonic status conference to discuss the nature and timing of further proceedings in this case on **May 24, 2006 at 3:00 p.m.**, including, without limitation, the scope of the evidentiary hearing and the extent and timing of pre-hearing discovery. The Court will initiate the call.

Following the evidentiary hearing, the Court anticipates ruling on plaintiff's 60(b) motion, the availability of equitable relief (assuming the 60(b) motion were granted) and, if necessary, whether the 2002 restructuring constituted a cardinal change and whether plaintiff has standing to challenge it.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge