# In the United States Court of Federal Claims

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>and<br><br>NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION,<br><br>Defendant-Intervenor. | No. 03-1274 C<br><br>Filed May 25, 2006 |

ORDER

Pursuant to the Court's Order of April 18, 2006 the Court and the parties participated in a telephonic status conference on May 24, 2006 to discuss the nature and timing of further proceedings in this case. The Court began by stating that it had concluded that plaintiff's request for an order enjoining defendant from "extending [the current DTS contract] or otherwise awarding on a sole source basis the requirements being provided under [the current DTS contract]," Plaintiff's Response to the Court's 04/18/06 Request for Briefing at Exhibits 1, 2, was not ripe for adjudication at this time. The Court stated that it had concluded that plaintiff's request for an order enjoining defendant from "all further performance of work under [the current DTS contract]," *id*. at Exhibit 2, was ripe.

In response to the Court's inquiry, Carlson stated that it wished to go forward to an evidentiary hearing on its entitlement to an order enjoining further work under the current DTS contract even though that contract will expire by its terms on September 30, 2006.

The Court stated that the hearing will be directed to determining whether the criteria for enjoining further work under the current DTS contract have been met, assuming without deciding that plaintiff has established that the 2002 restructuring of that contract by modification

constituted a cardinal change and that plaintiff has standing to challenge the restructuring. Accordingly, the evidentiary hearing will focus on the balance of harms to the parties and whether the entry of such an injunction would be in the public interest.

As the Court indicated in its Order of April 18, 2006, the Court anticipates that following the evidentiary hearing the Court will rule on plaintiff's 60(b) motion, the availability of equitable relief (assuming the 60(b) motion were granted) and, if necessary, whether the 2002 restructuring constituted a cardinal change and whether plaintiff has standing to challenge it.

After consultation with the parties and in preparation for the evidentiary hearing, the Court **ORDERS** that the parties shall by **Friday, June 2, 2006** file and serve a list of the witnesses they expect to call at the hearing, together with a summary of the witnesses' anticipated testimony, and a preliminary list of the documentary exhibits each party intends to introduce at the hearing. The parties shall exchange copies of such exhibits at that time, and each party shall also deliver a set of its exhibits to chambers. The Court **FURTHER ORDERS** that the parties shall participate in a telephonic status conference on **Monday, June 5, 2006 at 9:30 a.m.** to discuss the nature and timing of any discovery the parties believe they may need in order to prepare for the hearing, the date and agenda for a pre-hearing conference, and the date and duration of the hearing.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge