# In the United States Court of Federal Claims

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC., Plaintiff, v. THE UNITED STATES OF AMERICA, Defendant, and NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION, Defendant-Intervenor. | No. 03-1274 C<br>Filed June 6, 2006 |

ORDER

Pursuant to the Court's Order of May 25, 2006, the Court and the parties participated in a telephonic status conference on June 5, 2006 to discuss the parties' filings of June 2, 2006 relating to the identification of witnesses and documentary exhibits in advance of the evidentiary hearing described in the Court's Order of May 25, 2006.

The Court's Order of May 25, 2006 advised the parties that plaintiff's request for an order enjoining defendant from extending the current DTS contract or otherwise awarding on a sole source basis the requirements being provided under the current DTS contract was not yet ripe for adjudication. However, the Court found that plaintiff's request for an order enjoining defendant from all further performance of work under the current DTS contract, which will otherwise expire by its terms on September 30, 2006, was ripe. The Court noted in its Order of May 25, 2006 that, in response to its inquiry, plaintiff had stated that it wished to go forward with an evidentiary hearing on its entitlement to such an injunction even though performance under the current DTS contract will, in the absence of such an injunction, end on September 30, 2006.

The Court has continued to consider the discussion at the June 5, 2006 status conference relating to the issues that will be addressed at the evidentiary hearing. Having done so, the Court

wishes to clarify its view regarding that subject. Specifically, the hearing will be directed to the question whether work under the current DTS contract should be enjoined, in the words of plaintiff's May 3, 2006 filing, "for a period of time reasonably necessary for the Government to conduct a fair and open competitive procurement for such services." Plaintiff's Response to the Court's 4/18/06 Request for Briefing at Exhibit 2 (filed May 3, 2006). In the context of the Court's determinations on ripeness, the phrase "such services" refers to the services remaining to be provided under the current DTS contract before it expires on September 30, 2006. However, the Court now believes that it was mistaken to the extent that it stated or implied during the June 5, 2006 status conference that: 1) the injunction sought by plaintiff would itself necessarily expire on September 30, 2006, or 2) the evidentiary hearing would necessarily relate to whether work under the current DTS contract should be enjoined only during the period between the entry of the injunction and September 30, 2006. If the injunction requested by plaintiff were in fact granted, the injunction would necessarily continue until the Government could conduct a competitive procurement for the work under the current DTS contract that would otherwise have been completed by September 30, 2006.

Thus, the Court wishes to make clear that the evidentiary hearing will be directed to determining whether the criteria for enjoining further work under the current DTS contract for the period described above and in plaintiff's May 3, 2006 filing have been met, assuming without deciding that plaintiff has established that the 2002 restructuring of that contract by modification constituted a cardinal change and that plaintiff has standing to challenge the restructuring. That is, the evidentiary hearing will focus on the balance of harms to the parties and whether the entry of the injunction sought by plaintiff with respect to further performance under the existing DTS contract would be in the public interest. *See* May 25, 2006 Order at 2.

The Court reiterates the view it expressed during the status conference on June 5, 2006, that to the degree that the witnesses and documentary exhibits identified in Plaintiff's Witness and Exhibit List filed on June 2, 2006 related to the question of the validity of any potential sole source extension of the DTS contract, they were not relevant to the issues to be addressed at the evidentiary hearing.

After having discussed the parties' requests for discovery, the Court ORDERS that the parties shall complete discovery by **Wednesday, July 5, 2006**. In that regard, the Government may take the deposition of Mr. Thompson, and plaintiff may take the depositions of Col. Johnson, Mr. Ambrose and Mr. Joyce. The depositions shall be directed to eliciting information relating to the effect of the injunction sought by plaintiff on the balance of harms and the public interest. In addition, the Government will promptly produce additional documents relating to Phase III utilization of the DTS system that are responsive to certain of plaintiff's requests set forth at pages 5 through 7 of plaintiff's June 2, 2006 filing.

The Court FURTHER ORDERS that the parties shall file and serve their final witness and exhibit lists on or before **Wednesday, July 12, 2006**. The parties shall, at the same time, provide courtesy copies to chambers of their filings and of their exhibits to the extent copies of

the exhibits have not already been delivered to chambers. These courtesy copies may be provided in hard copy.

The Court FURTHER ORDERS that each party shall file and serve any objections it may have to any exhibits identified by any other party, together with an explanation of the bases for such objections, on or before **Monday, July 17, 2006**, and shall provide a courtesy copy of such objections to chambers. At the same time, the parties shall also deliver to chambers copies of the transcripts of the depositions of the four witnesses identified above. These courtesy copies of the transcripts may be provided in hard copy.

The Court FURTHER ORDERS that the parties shall appear for a pre-hearing conference **at 10 a.m. on Wednesday, July 19, 2006** at the National Courts Building. The purpose of the conference will be to address any objections to exhibits and to reach agreement on the admissibility of other exhibits, to determine the order of witnesses, and to discuss other matters related to the conduct of the hearing. In that regard, the parties agreed that where possible they would try to ensure that witnesses whom both sides intend to call shall be required to testify only once.

The Court FURTHER ORDERS that the evidentiary hearing shall commence at **9:30 a.m. on Wednesday, July 26, 2006** at the National Courts Building. The Court will undertake to reserve a courtroom for three days, while expecting, in light of the parties' representations, that the hearing will be concluded more promptly.

Each party is entitled to have a client representative present in the courtroom during the hearing. Other witnesses will be excluded from the courtroom under Federal Rule of Evidence 615. Counsel for the parties shall not discuss the substance of the testimony of a witness with the witness once he or she is sworn, except that counsel may seek leave of the Court to have such a discussion. Witnesses are not to be briefed on the testimony of earlier witnesses prior to testifying, and shall not discuss their testimony with other persons who may be called to testify after they have been excused.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge