# In the United States Court of Federal Claims

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>and<br><br>NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION,<br><br>Defendant-Intervenor. | No. 03-1274 C<br><br>Filed July 11, 2006 |

ORDER

Pursuant to the Court's Order of July 7, 2006, on July 10, 2006 the Court and the parties participated in a telephonic status conference to discuss Plaintiff's Request for Further Discovery filed on July 5, 2006. Counsel for defendant and defendant-intervenor represented that they objected to Plaintiff's Request for Further Discovery on the ground that the requests were not timely and that many of the documents requested were not relevant given the scope of the evidentiary hearing scheduled for July 26, 2006. Counsel for defendant represented that defendant had already produced a number of additional documents during the course of the of the three depositions of Government personnel permitted by the Court's Order of June 6, 2006, and did not believe that further discovery was necessary. However, counsel for defendant represented that, as requested by plaintiff, defendant intended to update several of Defendant's Preliminary Exhibits filed on June 2, 2006. Specifically, counsel for defendant stated that defendant would file and serve updated versions of its preliminary exhibits 1, 2, 5, 6, 7, 8 and 11.

After hearing from counsel for plaintiff, defendant, and defendant-intervenor, the Court stated that it was inclined to deny Plaintiff's Request for Further Discovery, except to the extent that plaintiff requested updates to Defendant's Preliminary Exhibits filed on June 2, 2006. The Court noted that a number of plaintiff's requests could have been made earlier because the

existence and relevance of the subject matter and related documents should have been evident prior to the depositions. Other requests appeared to be irrelevant, or of such limited relevance so as not to justify the effort that would be required to produce documents responsive to them. Still other requests appeared to be relevant, but were so sweeping and detailed that it would be impracticable for the Government to respond to them in light of the evidentiary hearing scheduled for July 26, 2006. For these reasons, the Court ORDERS that Plaintiff's Request for Further Discovery is DENIED at this time.

The Court ORDERS that counsel for plaintiff shall provide the Court with electronic copies of the transcripts of the three depositions of Government personnel that plaintiff stated caused it to identify the documents requested in Plaintiff's Request for Further Discovery. The Court FURTHER ORDERS that counsel for plaintiff shall file and serve an annotated version of Plaintiff's Request for Further Discovery identifying for each request the deposition and page number where plaintiff believes each document requested was identified. The Court shall request responses from defendant and defendant-intervenor if, after reviewing the transcripts and the annotated version of Plaintiff's Request for Further Discovery, it contemplates reconsidering its denial of Plaintiff's Request for Further Discovery.

Counsel for defendant represented that defendant would not be able to provide the updates to Defendant's Preliminary Exhibits by July 12, 2006, and therefore, requested an extension of time to provide copies of Defendant's Final Exhibits, which would otherwise be required to be provided by July 12, 2006 pursuant to the Court's Order of June 6, 2006. The Court ORDERS that the parties' final witness and exhibit lists, which were previously required to be filed by July 12, 2006, shall be filed and served by **Monday, July 17, 2006**. The parties shall also provide chambers with courtesy copies of their filings and exhibits by **Monday, July 17, 2006.** The Court FURTHER ORDERS that the parties' objections to any exhibits identified by any other party, together with an explanation of the bases for such objections, which were previously due to be filed and served before Monday, July 17, 2006, shall be filed and served on or before **Wednesday, July 19, 2006.** The parties shall also provide a courtesy copy of such objections to chambers. The Court FURTHER ORDERS that the pre-hearing conference, which was previously scheduled for Wednesday, July 19, 2006, shall be held at **10 a.m. on Friday, July 21, 2006** at the National Courts Building.

Counsel for defendant and defendant-intervenor also stated that they found the scope of the injunction requested by plaintiff to be unclear. Specifically, they stated that if the injunction sought by plaintiff were granted, it was not clear to them what functions could continue to be performed under the proposed exception or "carve out" set forth in Exhibit 2 to Plaintiff's Response to the Court's 4/18/06 Request for Briefing filed May 3, 2006 (Docket Entry No. 123), which would allow Northrop Grumman and the Government to continue performing "only the necessary operation and maintenance, training, and help desk services required under the Contract." Defendant and defendant-intervenor represented that the burden of the requested injunction on defendant would be greater if the proposed exception did not permit what they described as sustainment and user enhancement changes. Plaintiff's counsel stated that he could

not agree that the proposed exception extended to such activities. After hearing from counsel for defendant, defendant-intervenor and plaintiff, the Court is of the view that although the scope of the exception or "carve out" set forth in Exhibit 2 to Plaintiff's Response to the Court's 4/18/06 Request for Briefing could fairly be described as "ill-defined," it is not possible for the Court to further delineate at this time the scope of the exception described by plaintiff. After further consideration, the Court ORDERS that plaintiff shall file and serve a more specific statement of the activities covered by the proposed exception by **Monday, July 17, 2006**.

In response to an inquiry by counsel for defendant, the Court also stated that copies of any proposed demonstrative exhibits should be provided to opposing counsel at least 72 hours in advance of the day upon which the exhibits are proposed to be utilized.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge