# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **CW GOVERNMENT TRAVEL, INC.,**<br><br>**Plaintiff,**<br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant,**<br>**and**<br><br>**NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION,**<br><br>**Defendant-Intervenor.** | **Case No. 03-1274C**<br><br>**Judge George W. Miller** |

## PLAINTIFF'S FINAL WITNESS LIST

Pursuant to this Court's Order of July 11, 2006, the Plaintiff, CW Government Travel, Inc. ("Carlson"), herein submits its Final Witness List of witnesses that Carlson expects to call for the evidentiary hearing scheduled to begin on July 26, 2006. Pursuant to the Court's Order regarding further clarification of the exceptions to Carlson's request for injunctive relief, Carlson has prepared modified Orders for preliminary relief and for permanent relief. These proposed Orders are attached hereto as Exhibits 1 and 2.

The proposed witnesses, their titles, addresses, and scope of testimony are as follows:

1. **Mr. R. Craig Thompson**
   **Vice President for Government Markets**
   **CW Government Travel, Inc.**
   **1777 Northeast Loop 410**
   **Suite 702B**
   **San Antonio, Texas 78217**

Mr. Thompson is a former Colonel in the United States Air Force and Director of Passenger Traffic for the Army's Military Traffic Management Command, now the Army's Surface Deployment and Distribution Command. He is currently the Vice President for Government Markets supervising the performance of Carlson Commercial Travel Office ("CTO") Service Contracts with DoD that arrange and purchase airfares for more than 1.2 million trips annually by DoD travelers. Mr. Thompson would be called to testify regarding the actual utilization of the Defense Travel System ("DTS"), or lack thereof, by Department of Defense ("DoD") travelers at more than 150 military bases or facilities under Carlson CTO Contracts where the DTS has been operationally deployed for at least one year. Mr. Thompson would testify that virtually 100 percent of DTS-initiated travel requires the intervention of the CTO contractor to complete or correct. Moreover, Mr. Thompson would testify that for a significant percentage of DTS-arranged travel, higher prices were paid for the airfare than were otherwise available to Government travelers. Mr. Thompson would also testify regarding the ability of CTO contractors, such as Carlson, to continue providing all necessary travel arrangements for DoD travelers in the absence of the DTS, without causing hardship.

2. **Mr. Gregory D. Ambrose**
**Chief of Systems Engineering and Development Division**
**Program Management Office – Defense Travel System**
**Department of Defense**
**241 18th Street, Crystal Square, Suite 100**
**Alexandria, Virginia 22331-1700**

Mr. Ambrose would be called to testify regarding the functionality requirements under the DTS Contract that remain to be completed, the current schedule for adding that functionality to the DTS; and estimates of any cost impact if the addition of such functionality is delayed for the period of time necessary to conduct a competitive procurement. Mr. Ambrose would be called upon to identify many of the problems or defects in the DTS which result in low

utilization by DoD travelers and increased cost to the Government. Mr. Ambrose would also be called to testify regarding the mitigating effects of permitting Northrop Grumman Space & Mission Systems Corporation ("Northrop") to continue providing operation and maintenance, help desk, and training services to all sites and DoD travelers where the DTS is currently operationally deployed, pending a fair and open competition of such services.

**3. Mr. Paul Joyce**
**Chief of the Commercial Travel Division**
**Defense Travel Management Office**
**241 18th Street, Crystal Square, Suite 100**
**Alexandria, Virginia 22331-1700**

Mr. Joyce is intimately familiar with DoD CTO Service Contracts and current DoD efforts to reprocure existing DoD CTO Contracts. Mr. Joyce would be called to testify about information obtained from industry and military services regarding experience in using the DTS and the need to have CTO contractors check, correct, or complete virtually all DTS transactions to ensure the lowest available airfare and add missing information. Such testimony would include the additional fees DoD is paying travel management contractors to "touch" DTS transactions. Mr. Joyce would also be called upon to testify regarding the relatively low utilization of the DTS by DoD travelers and the ability of CTO contractors to adequately satisfy all of DoD's requirements to arrange official travel on commercial or common carriers.

Dated: July 17, 2006

Respectfully submitted,

s/ Lars E. Anderson
Lars E. Anderson
Michael W. Robinson
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1600
Telecopier No.: (703) 760-1623 (Protected)
*Counsel for Plaintiff*

Attachments

# CERTIFICATE OF FILING

I hereby certify that on July 17, 2006, a copy of the foregoing PLAINTIFF'S FINAL WITNESS LIST was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Lars E. Anderson
Lars E. Anderson

mc1docs/209855.01

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **CW GOVERNMENT TRAVEL, INC.,**<br><br>**Plaintiff,**<br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant,**<br>**and**<br><br>**NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION,**<br><br>**Defendant-Intervenor.** | ) | **Case No. 03-1274C**<br><br>**Judge George W. Miller** |

## ORDER

On the basis of the findings of fact and conclusions of law issued with this Order, the Court grants CW Government Travel, Inc.'s Motion for Preliminary Injunction, and:

The Court orders that Defendants are enjoined from continued performance of the requirements being provided under Contract No. DAMT01-98-1005 until trial of this matter or further order of the Court, except that Defendant Northrop Grumman Space & Mission Systems Corporation may continue to perform only the necessary operation and maintenance, training, and help desk services required under the Contract, so that Department of Defense travelers may continue using the Defense Travel System ("DTS") where the DTS is currently operationally deployed, as of the date of this preliminary injunction. The exceptional work permitted to continue under the injunction shall not include software development or enhancement efforts that

EXHIBIT

1

are of the type normally paid for by the Government on a cost-reimbursement or time and materials basis.

The Court orders the Government to provide within three (3) business days of this Order a list of all sites where the DTS is currently operationally deployed, and schedule a status conference to discuss the schedule for discovery and trial of the disputed issues regarding the alleged violation of the Competition in Contracting Act.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge

mc1docs/209709.01

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**CW GOVERNMENT TRAVEL, INC.,**

**Plaintiff,**

**v.**

**THE UNITED STATES OF AMERICA,**

**Defendant,**

**and**

**NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION,**

**Defendant-Intervenor.**

**Case No. 03-1274C**

**Judge George W. Miller**

## ORDER

After a trial and on the basis of the findings of fact and conclusions of law accompanying this Order, the Court declares that the 2002 modifications to Contract No. DAMT01-98-1005 (Contract Modifications 0025 and 0027) constitute cardinal changes exceeding the scope of the original 1998 procurement and thereby violate the Competition in Contracting Act's mandate for competitive procurement of goods and services, and:

The Court orders that Defendants are enjoined from all further performance of the requirements being provided under Contract DAMT01-98-1005, until such requirements may be procured under a fair and open competition, except that Defendant Northrop Grumman Space & Mission Systems Corporation may continue to perform only the necessary operation and maintenance, training, and help desk services required under the Contract, so that Department of Defense travelers may continue using the Defense Travel System ("DTS") where the DTS is

EXHIBIT
2

currently operationally deployed, as of the date of this Order, for a period of time reasonably necessary for the Government to conduct a fair and open competitive procurement for such services. The exceptional work permitted to continue under this injunction shall not include software development or enhancement efforts that are of a type normally paid for by the Government on a cost-reimbursement or time and materials basis.

The Court orders Defendants to provide within three (3) business days of this Order a list of all sites where the DTS is currently operationally deployed. The Government shall within 30 days prepare and present a proposed timetable for the conduct of a fair and open competitive procurement, or procurements, of all remaining DTS-related requirements. Thereafter, the Court shall schedule a status conference to consider any objections Plaintiff may have to the Government's proposed timetable for the competitive procurement(s) of DTS-related requirements.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge

mc1docs/209712.01