# In the United States Court of Federal Claims

CW GOVERNMENT TRAVEL, INC.,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant,

and

NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION,

Defendant-Intervenor.

No. 03-1274 C

Filed July 18, 2006

ORDER AND AGENDA FOR PRE-HEARING CONFERENCE

In anticipation of the pre-hearing conference scheduled for Friday, July 21, 2006, and having reviewed the transcripts of the depositions of the three government witnesses, the Court ORDERS that the parties shall be prepared to explain at the pre-hearing conference:

1) Would the effect of the injunction requested by plaintiff be to delay beyond September 30, 2006 completion of the work remaining to be done under the current DTS contract?

2) Could performance of the "12-month, sole source extension of the current DTS contract," described in paragraph 7 of Col. Johnson's declaration, executed February 24, 2006, commence before work under the current DTS contract has been completed?

3) If the injunction requested by plaintiff were issued, could the Government award an extension of the current DTS contract to commence immediately after September 30, 2006?

4) Would award of the 12-month, sole source extension of the current DTS contract have to be deferred pending a recompetition of the work remaining to be done pursuant to the current

contract, *i.e.,* the work remaining to be done pursuant to that contract between the date of the injunction and September 30, 2006?

5) What would be the effect, if any, of the injunction sought by plaintiff on the "three separate competitions" described in Col. Johnson's declaration?

6) In that regard, have there been any changes to the schedules set forth in that declaration for conducting the three separate competitions? If so, what are those changes and what are the reasons for such changes?

In setting forth specific questions the answers to which the Court believes it would find helpful, the Court does not mean to suggest that counsel should limit their presentations to responding to the questions identified by the Court.

In addition to asking the parties to address the questions set forth above, the Court intends to deal with as many objections to documentary exhibits as possible. The Court, as presently advised, also intends to order that the following procedures shall be applicable to the evidentiary hearing:

1) The hearing will take place in Courtroom 5, which has the capability to electronically display demonstrative exhibits. The hearing will begin each day at 9:30 a.m. and conclude at 5:30 p.m. The Court will take a one-hour luncheon recess and two 15-minute recesses, one during the morning session and one during the afternoon session. The hearing will conclude at or before the close of business on Friday, July 28, 2006.

2) In addition to the copies of exhibits already provided to chambers, each party shall provide four additional copies of its trial exhibits and of any demonstrative exhibits – one for the Court's law clerk, one for the witness, one for opposing counsel, and one for the court reporter, who shall be the custodian of the official set of exhibits admitted or marked for identification and shall see that such exhibits are filed with the Clerk of the Court along with the transcript of the hearing. *See* RCFC 88.1 (f) and (i).

3) Each party may have a client representative present in the courtroom throughout the proceedings.

4) The Court will exclude all fact witnesses from the proceedings in accordance with Federal Rule of Evidence 615. Such witnesses are not to read transcripts of the testimony of earlier witnesses prior to testifying, are not to be briefed on such testimony prior to testifying, and are not to discuss their testimony with other persons who may be called to testify after they have been excused.

5) The parties shall confer in advance of the pre-hearing conference regarding the order of witnesses. Plaintiff shall notify the Court and counsel at the pre-hearing conference of the order

in which it will call its witnesses and the anticipated duration of plaintiff's direct examination of each witness.

6) To avoid further inconveniencing witnesses whom both sides intend to call, such witnesses shall, in the absence of unforeseen circumstances, be required to testify only once. Thus, following the conclusion of defendant's cross-examination of a witness called in plaintiff's case whom defendant has also designated as a witness in its own case, defendant may elicit from such witness testimony that is outside the scope of plaintiff's direct examination. Plaintiff may then conduct its cross-examination with respect to such testimony, and defendant may conduct any redirect examination. This procedure shall not affect defendant's right to move under Rule 52(c) at the conclusion of plaintiff's case for judgment as a matter of law.

7) Once a witness has been seated, counsel shall not engage in discussions with the witness relating to his or her testimony while any part of that witness's cross-examination is pending, except that counsel may seek leave of court to have such a discussion.

8) The parties shall be allotted 30 minutes each for opening statements. The Court does not anticipate asking for closing arguments. The Court may request post-hearing briefs if the Court is not prepared to rule on plaintiff's request for injunctive relief at the close of the evidentiary hearing.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge