IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CW GOVERNMENT TRAVEL, INC., Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES, Defendant, | ) | No. 03-1274C (Judge George Miller) |
| and | ) | |
| NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION, Defendant-Intervenor. | ) | |

DEFENDANT'S OBJECTIONS TO PROPOSED EXHIBITS

Pursuant to Appendix A, ¶ 14 (a), of the Rules of the United States Court of Federal Claims ("RCFC") and this Court's order dated July 11, 2006, the defendant, United States, respectfully submits its objections to plaintiff's, CW Government Travel, Inc.'s ("Carlson"s") Final Exhibit List dated July 17, 2006. In the paragraphs below, we identify the exhibits to which we object as well as the grounds supporting our objections.

1. Exhibits 1 and 2

The Government respectfully objects to proposed Exhibits 1 and 2 upon the grounds of relevancy and prejudice (Rules 402 and 403, Fed. R. Ev.). These exhibits consist of an outline of an agenda for an industry conference to discuss an upcoming procurement of Government travel services (Exhibit 1) and a statement of issues and proposed solutions for the proposed solicitation (Exhibit 2). These documents are not relevant because they do not discuss or contain

information relevant to the balance of hardships or public interest from enjoining or refusing to enjoin the future deployment of DTS. Instead, the documents simply outline the topics to be discussed at an industry conference relating to the pricing of commercial travel office ("CTO") services and industry's proposal for improving the procurement of such services in future years. Although Exhibit 2 contains expressions of industry's views concerning the utilization of DTS and the accuracy of DTS data, these documents are self-serving and immaterial to the actual utilization of DTS in the relevant regions.

2. Exhibits 3, 5, and 6

The Government respectfully objects to proposed Exhibits 3, 5 and 6 upon the ground of relevancy (Rule 402, Fed. R. Ev. ). These exhibits consist of portions of a draft solicitation for the acquisition of CTO services upon a world-wide basis. We objected to the relevance of these exhibits at the deposition of Paul Joyce and renew that objection here. Joyce Dep. at 83. The exhibits are not relevant because, although the scope of the proceeding is limited to the balance of hardships stemming from Carlson's proposed injunctive relief and the public interest, Exhibits 3, 5 and 6 address the proposed pricing of CTO services for temporary duty station official travel. As Mr. Joyce stated at the deposition, the solicitation is a draft and the Defense Travel Management Office ("DTMO") anticipates refining its scope. Joyce Dep. at 86-87. Further, the utilization data suggested by CTOs to allow price comparisons among offerors is not indicative of DTS utilization in the relevant locations. Finally, to the extent the draft requires CTO's to find "lowest cost fares" outside city pair fares while DTS always displays city pair fares as satisfying Defense Travel Regulations, Mr. Joyce testified that the draft only intended to approve city pair fares and not to require "lower cost" restricted fares. Joyce Dep. at 89. In

short, the exhibits are purely hypothetical, do not reflect the extent to which DTS is utilized in the relevant regions, and are not material to the selection of fares.

3. Exhibits 9-12

The Government respectfully objects to proposed Exhibits 9-12 upon the grounds of a lack of foundation, hearsay, and relevancy (Rules 901, 802, and 402, Fed. R. Ev.). These exhibits purport to be communications from CTOs to DoD supervisors demonstrating that, while DoD supervisors approved city pair fares located in DTS displays, CTOs were able to locate lower-priced restricted city pair fares. However, there is no evidence that these communications are produced in the ordinary course of business or that they are indicative of regular communications between CTOs and DoD supervisory personnel. Further, there is no evidence concerning the procedure by which these communications are produced or the originator of the communications. Likewise, as was discussed at the deposition of Colonel Johnson, the communications are not material because, even if restricted city pair fares might have been available at the time the reservations were made, they may not be available to the traveler if, upon receipt of the communication, he or she attempts to secure the lower priced restricted city pair fare (i.e., airline ticket inventories fluctuate constantly). Johnson Dep. at 49-57. Further, the communications are not probative because, as Mr. Joyce testified, city pair fares conform to Defense Travel Regulations and there is no requirement that a traveler book a restricted city pair fare or a non-Government lower priced fare. Johnson Dep. at 89. Finally, even if current travel contracts require CTOs to locate restricted city pair fares or lower non-Government fares, these contracts will remain in place whether or not the injunction Carlson seeks is awarded, thus indicating that the alleged benefit of CTO involvement in the selection of fares will remain the

same whether or not the injunction Carlson seeks is awarded. Accordingly, the exhibits are simply inadmissible.

4. Exhibits 14 and 15

The Government respectfully objects to proposed Exhibits 14 and 15 upon the grounds of a lack of foundation, hearsay, and relevancy (Rules 901, 802, and 402, Fed. R. Ev.). Exhibit 14 consists of an unidentified cover memorandum (presumably prepared by counsel) explaining the enclosures to the exhibit while Exhibit 15 consists of portions of the transcript of the industry conference outlined in Exhibits 1 and 2. Exhibit 15 is the same material as Enclosure 3 to Exhibit 14. Enclosures 1 and 2 to Exhibit 14 consist of documents Carlson marked separately as Exhibits 1 and 2 and are inadmissible for the reasons set forth in the discussion of our objections to Exhibits 1 and 2 above. Enclosure 3 to Exhibit 14 and Exhibit 15 consist of portions of the transcript of the industry meeting outlined in Exhibits 1 and 2 and are inadmissible for the reasons set forth in our objections to Exhibits 1 and 2 set forth above.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

FRANKLIN E. WHITE, JR.
Assistant Director

s/ David A. Levitt
DAVID A. LEVITT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0282
Fax: (202) 514-8624

Attorneys for Defendant

July 19, 2006

CERTIFICATE OF FILING

I hereby certify that on July 19, 2006, a copy of the foregoing Defendant's Objections To Proposed Exhibits was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Levitt