**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **CW GOVERNMENT TRAVEL, INC.,** | |
| **Plaintiff,** | |
| **v.** | |
| **THE UNITED STATES,** | No. 03-1274C |
| **Defendant,** | Judge George W. Miller |
| **and** | |
| **NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION** | |
| **Defendant-Intervenor.** | |

**NORTHROP GRUMMAN'S OBJECTIONS TO PLAINTIFF'S FINAL WITNESS AND EXHIBIT LIST**

Pursuant to the Court's July 11, 2006 Order, Defendant-Intervenor Northrop Grumman Space & Mission Systems Corporation ("Northrop Grumman") hereby submits its objections to the final witness and exhibit lists submitted by the Plaintiff, CW Government Travel, Inc. ("Carlson").

**Plaintiff's Proposed Exhibits 1 through 6, 14, and 15**:

Northrop Grumman objects to these proposed exhibits because they are irrelevant to the limited issues for which the Court has convened the instant hearing. Each of these documents relate to ***draft*** requirements for Commercial Travel Office ("CTO") contracts to be awarded

sometime in the future. Two issues are paramount to understanding the irrelevance of these documents.

First, the CTO contracts are ***not*** follow-on contracts to the DTS contract and thus have no bearing on the performance of the final months of the DTS contract.

Second, there is no dispute that, even if a final solicitation is issued for the potential CTO requirements discussed in these exhibits, no resulting CTO contracts are likely to be awarded before the end of Calendar Year 2006. *E.g.*, Transcript of Paul Joyce ("Joyce Tr.") at 87; 110-112.

In other words, each of these documents relates to a possible acquisition that contemplates potential contract awards for services separate and distinct from those encompassed by the DTS contract that will be awarded no sooner than three months ***after*** the instant DTS contract expires. As a result, testimony regarding these potential requirements cannot possibly be relevant to the question of whether the balancing of harms and public interest weigh in favor of the ill-defined injunctive relief that Carlson seeks against the final months of performance of the DTS contract.

Plaintiff's Proposed Exhibit 14 should be stricken for the additional reason that it is not "evidence" at all, but rather, a memorandum that appears to have been prepared by counsel for plaintiff providing its gloss on the import and meaning of Plaintiff's Proposed Exhibit 15. Northrop Grumman respectfully submits that counsel may not properly seek to interject itself as a witness in these proceedings by characterizing – in the guise of "evidence" – a document that, on its face, is nothing more than the argumentative advocacy of counsel.

Plaintiff's Proposed Exhibit 15 suffers from the same additional flaw in that it proffers, as a witness, plaintiff's lead counsel, who purports, in the transcript that plaintiff has offered, to provide factual assertions that plaintiff would ask this Court to consider. These assertions appear seriatim throughout the proposed exhibit on pages 40, 42, 45, 46, 47, 48, 49, 50, 51, 59, 202, 275, and 276. It is unseemly and inappropriate for counsel to offer himself as a witness on his client's behalf. Counsel should make the election that is incumbent upon him – rely on his testimony and withdraw from the case or agree to strike the "evidence" of which his "testimony" is such a material and significant element.

**Plaintiff's Proposed Exhibits 9-12**:

Northrop Grumman objects to Plaintiff's Proposed Exhibits 9 through 12 because they are irrelevant and have not been authenticated by a single witness who was questioned about their contents. *E.g.*, Transcript of Col. Brenda Sue Johnson ("Johnson Tr.") at 51, 55, 58; Joyce Tr. at 72. Again assuming the role of percipient witness, counsel for Carlson represented during the depositions that portions of these documents had purportedly been included in emails that counsel represented had been sent to DTS travelers. *E.g.*, Johnson Tr. at 55. However, (1) counsel is not a witness, and cannot serve in that capacity unless he withdraws from the representation; (2) there is no independent evidence that the representation so made is accurate, that the documents are genuine, or that the information set forth therein is accurate; and (3) the representations made relate solely and exclusively to but a portion of the documents. Moreover, all that these documents purport to reflect on their face is that on four occasions, a CTO allegedly found a lower-priced fare for a particular traveler than that traveler had picked from the list of available flights identified on DTS. These documents do not thus reflect, *e.g.*, (1) whether

the DTS did or did not identify the lower-priced fare, or (2) whether the lower fare was, in fact, available either at the time the traveler selected his/her airline reservation or when the traveler tried to book it; or (3) whether the fare selected by the traveler was inconsistent with DoD travel regulations and policies. *E.g.*, Johnson Tr. at 58. Rather, all these documents allegedly show is that on four instances (out of the approximately **three million** travel transactions that occur yearly (*e.g.*, Johnson Tr. at 171) a CTO allegedly identified a lower fare than the one that had been selected by the traveler from a DTS "menu" that itself is not in evidence. Such remote testimony or documents, even if they could constitute admissible evidence, are hardly worth this Court's time.

**Carlson's Draft Proposed Order:**

Finally, we note for the record that Carlson has submitted a proposed order granting a request for a preliminary injunction. Carlson has not filed a motion for a preliminary injunction and Northrop Grumman believes that the Court was clear, in direct response to a clarification solicited by Northrop Grumman in this regard during in the course of the status conferences that established the framework for the July 26th hearing, that no request for provisional relief was pending or would be entertained by the Court in connection with the upcoming hearing. In any event, in the absence of a motion timely filed, no request for a preliminary injunction by Carlson would properly be before the Court at this time.

Northrop Grumman reserves the right to challenge the authenticity and relevance of the remainder of Carlson's exhibits and testimony from witnesses should Carlson fail to authenticate the documents, fail to provide a foundation for the testimony, and/or stray from topics relevant to the limited issues before this Court during the hearing.

DATED: July 19, 2006

Respectfully submitted,

*/s/ John W. Chierichella*

John W. Chierichella
Anne B. Perry
Sheppard, Mullin, Richter & Hampton
1300 I Street, NW, 11th Floor East
Washington, DC 20005
202-218-0000
202-218-0020, fax

**PROOF OF SERVICE**

I hereby certify, under penalty of perjury, that on July 19, 2006, I caused a true and correct copy of the foregoing NORTHROP GRUMMAN'S OBJECTIONS TO PLAINTIFF'S FINAL WITNESS AND EXHIBIT LIST to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ John W. Chierichella*