# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CW GOVERNMENT TRAVEL, INC., Plaintiff, | |
| v. | Case No. 03-1274C |
| THE UNITED STATES OF AMERICA, Defendant, | Judge George W. Miller |
| and | |
| NORTHROP GRUMMAN SPACE & MISSION SYSTEMS CORPORATION, Defendant-Intervenor. | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S FINAL EXHIBIT LIST

Pursuant to the Court's July 11, 2006 Order, Plaintiff, CW Government Travel, Inc. ("Carlson"), hereby submits its objections to the Final Exhibit List submitted by the Defendant, The United States of America (the "Government").

### DEFENDANT'S PROPOSED EXHIBIT # 10

Carlson objects to the use of this Exhibit on the grounds of prejudice. This Exhibit consists of estimated internal fees paid by various Department of Defense ("DoD") components for processing travel vouchers. The Government contends that this Exhibit depicts the cost savings that are being realized by the Government's use of the Defense Travel System (the "DTS") to process travel vouchers. The last section on page two of the Exhibit concludes that the Government will realize actual savings of $13,893,157 in 2006.

A review of the Exhibit indicates that $16,927,746 of the alleged savings in 2006 result from reductions in the internal fees charges by the Defense Finance and Accounting Service

("DFAS") to the Army for processing electronic vouchers and $3,827,232 of the alleged savings result from reductions in the fees charged by DFAS to "Other Defense Agencies." Thus, but for the alleged savings equal to $20,754,978 in reduced voucher fees charged by DFAS, the use of the DTS would result in a net loss of almost $7 million, according to this Exhibit. Thus, more than 100% of the alleged savings being claimed as a result of using the DTS merely represents reductions in the internal fees charged by DFAS to the Army and other Government agencies, and the Government treats such internal fee reductions as though they represented net cost reductions for the Government. In fact, these so-called savings merely represent a reduction in the transfer of certain types of funds from some components of the DoD to another component, DFAS.

Exhibit 10 was prepared by the DTS Program Management Office, not DFAS. Carlson contends that there are no net cost savings realized by the Government resulting from the use of the DTS for voucher processing unless and until DFAS actually reduces personnel and other overhead costs. If, as suspected, DFAS is simply recovering its personnel and overhead costs from other DoD funds, including other Army funds, to compensate for the reduction in internal travel voucher processing fees, there has not been an actual cost savings realized by the Government.

Carlson sought to depose Mr. Zack Gaddy, the Director of DFAS, for the express purpose of determining if there was any actual net reduction in costs realized by the DoD as a direct result of the use of the DTS for voucher processing. *See* Plaintiff's Witness and Exhibit List dated June 2, 2006. The denial of an opportunity to discover if there is any actual cost savings being realized by the Government that is equal to the estimated reduction in voucher fees

charged between DFAS and the Army depicted on Defendant's Exhibit 10 is extremely prejudicial to Plaintiff.

Dated: July 19, 2006

Respectfully submitted,

s/ Lars E. Anderson
Lars E. Anderson
Michael W. Robinson
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1600
Telecopier No.: (703) 760-1623 (Protected)
*Counsel for Plaintiff*

**CERTIFICATE OF FILING**

I hereby certify that on July 19, 2006, a copy of the foregoing PLAINTIFF'S OBJECTIONS TO DEFENDANT'S FINAL EXHIBIT LIST was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Lars E. Anderson
Lars E. Anderson

mc1docs/209984.01